Nancy G. Ross
*nross@mayerbrown.com*
Brian D. Netter
*bnetter@mayerbrown.com*
Laura Hammargren
*lhammargren@mayerbrown.com*
Samuel P. Myler
*smyler@mayerbrown.com*
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone:   312.782.0600
Facsimile:   312.701.7711

Dale J. Giali (SBN 150382)
*dgiali@mayerbrown.com*
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone:   213.229.9500
Facsimile:   213.625.0248

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON W. MARSHALL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION, et al.<br><br>Defendants. | Case No. 16-CV-6794 AB (JCx)<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:  Hon. André Birotte Jr.<br>Courtroom: 7B |

## EX PARTE APPLICATION FOR CONTINUANCE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that by submission to the Honorable André Birotte Jr. of the United States District Court for the Central District of California, 350 W. 1st Street, Courtroom 7B, Los Angeles, CA 90012, Defendants hereby apply *ex parte*, pursuant to Local Rule 7-19, for an order continuing the hearing on Plaintiffs' Motion for Class Certification, (dkt. #50), and extending the time for filings opposing papers and reply papers in accordance with Local Rule 7-11.

As explained in Defendants' Memorandum of Points and Authorities and the attached Declaration, there is good cause for the Court to grant Defendants' application for a continuance and doing so will not result in any prejudice to Plaintiffs.

Defendants are required to submit this application on an *ex parte* basis because the noticed hearing date on Plaintiffs' Motion for Class Certification of January 9, 2017 does not allow Defendants sufficient time to obtain a hearing prior to the current December 19, 2016 deadline for responding to Plaintiffs' motion for class certification.

The name, address, telephone number and e-mail address of counsel for Plaintiffs is as follows:

MICHAEL A. WOLFF (mwolff@uselaws.com)
SCHLICHTER, BOGARD & DENTON
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
*Counsel for Plaintiffs*

WILLIAM A. WHITE (wwhite@hillfarrer.com)
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147

1

Telephone: (213) 620-0460
Facsimile: (213) 620-4840

*Local Counsel for Plaintiffs*

On December 12, 2016, counsel for Defendants, Samuel P. Myler spoke with opposing counsel by phone to advise counsel of the substance and need for this proposed ex parte application. (Myler Decl. ¶ 2.)  Counsel for Plaintiffs have informed Mr. Myler that Plaintiffs object to the relief sought by Defendants' application. (*Id.*)


Dated:  December 12, 2016          MAYER BROWN LLP
                                   Nancy G. Ross
                                   Brian D. Netter
                                   Laura Hammargren
                                   Samuel P. Myler
                                   Dale J. Giali


                                   By: */s/ Samuel P. Myler*
                                       Samuel P. Myler

                                   *Attorneys for Defendants*

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Approximately two weeks after Defendants filed their motion to dismiss Plaintiffs' Complaint in this action, (dkt. #45), Plaintiffs filed a motion for class certification. (Dkt. #50)   Defendants' motion to dismiss is set to be heard on January 23, 2017;  Plaintiffs' motion for class certification is set to be heard on January 9, 2017.  In the interest of efficiency, Defendants request that the Court continue the hearing on Plaintiffs' motion until after the Court has heard, and addressed, Defendants' pending motion to dismiss.  Defendants also request that the Court extend the briefing on Plaintiffs' motion in accordance with Local Rule 7-11.

Under Federal Rule of Civil Procedure 6(b)(1), a district court may extend deadlines and continue hearings for "good cause."  The Ninth Circuit has held that Rule 6(b)'s "good cause" standard is "non-rigorous" and that "requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith of the party seeking relief or prejudice to the adverse party.'"  *Ahancian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (holding that district court abused its discretion when it denied party's ex parte application to continue hearing date and extend briefing schedule). Furthermore, courts have recognized that Federal Rule of Civil Procedure 23(c)(1)'s requirement that class certification be addressed at "an early practicable time" was intended to give district courts a significant degree of control over when motions for class certification should be heard.  *Wright v. Schock*, 742 F.2d 541, 543 (9th Cir. 1984) ("The key word of section (c)(1) in its final form is 'practicable,' a term that deliberately avoids a mechanical approach[.]"); *Danny B. ex rel. Elliot v. Raimondo*, 784 F.3d 825, 837 (1st Cir. 2015) ("The word 'practicable' imports some leeway in determining the timing of [a class

certification] decision.").   As applied to the facts of this case, these liberal standards weigh strongly in favor of granting Defendants' ex parte application.

*First*, it is not unusual for district courts to exercise their discretion under Rule 23(c)(1) and postpone the issue of class certification until after they have had the opportunity to rule on pending dispositive motions, including motions to dismiss.  *See, e.g.*, *Doe v. Unocal Corp.*, 963 F. Supp. 880, 898 (C.D. Cal. 1997) (vacating hearing date on motion for class certification pending resolution of defendants' motion to dismiss); *Sevin v. Parish of Jefferson*, No. 08-802, 2009 WL 68880, at *1 (E.D. La. Jan. 9, 2002); *Smith v. Network Solutions, Inc.*, 135 F. Supp. 2d 1159, 1165 (N.D. Ala. 2001) ("[I]t is appropriate to address the merits of Defendants' motion to dismiss or for summary judgment prior to addressing the issue of Plaintiff's motion for class certification, given the nature of the pending dispositive motion and the absence of prejudice to putative class members"). As these courts have logically reasoned, "[w]ithout knowing which of plaintiffs' claims will ultimately survive a motion to dismiss, it [is] difficult to  determine whether the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Sevin*, 2009 WL 68880, at *1.

These same practical problems are present in this case given that Defendants have a motion to dismiss pending in which they point out the defects of each of Plaintiffs' eight counts. The Court's ruling on Defendants' motion, which challenges both Plaintiffs' standing and the absence of viable claims upon which relief may be granted, could obviate the need for the Court to address class certification, or at a minimum alter the class certification analysis of any surviving claims. Granting Defendants' application for a continuance of Plaintiffs' motion for class certification eliminates the risk that the Court will unnecessarily expend time and resources on that subject.

*Second*, granting Defendants' application for a continuance allows Defendants to take discovery in order to determine, *inter alia*, whether Plaintiffs share common characteristics with the class they seek to represent and whether they are capable of fairly and adequately protecting the absent class members' interests. *See, e.g.*, *Clark v. Time Warner Cable*, No. CV 07-1797, 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007) ("[Rule 23(c)] recognizes that valid reasons may exist for deferring the certification hearing, such as the need for time to conduct limited investigation and/or discovery on issues of numerosity, commonality, typicality, adequate representation, and predominance."). As Defendants have explained in their motion to dismiss, it is not clear from the face of Plaintiffs' complaint whether any of them even invested in the Emerging Markets Fund, or retained Financial Engines, both which they seek to challenge in their complaint. (Mot. Dism. Br. at 7-9, dkt. #45-1.)   Discovery served upon Plaintiffs will also identify any conflicts of interest that could interfere with their role as class representatives.   Continuing Plaintiffs' scheduled class certification hearing ensures that the Court has all of the information it needs to conduct the "rigorous analysis" required by Rule 23(a). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)

*Third,* a continuance of the hearing date is necessary to ensure that Defendants have sufficient time to prepare and file their response to Plaintiffs' class certification motion.   The eight claims pleaded in Plaintiffs' 156 paragraph complaint are both complex and unwieldy.   In addition to the verbosity of their complaint, Plaintiffs have moved to certify an overly broad and poorly defined class comprised of all past, present and future plan participants and beneficiaries that were "affected by" the alleged conduct described in the Complaint.   (Mot. Class. Cert. at 2, dkt. #50.)   Analyzing the appropriateness of Plaintiffs' proposed class in light of Plaintiffs' myriad allegations requires more than the 10 day

3

response period set pursuant to the unique dictates of this district's local rules. *Ahancian*, 624 F.3d at 1259 (noting that the Central District of California's practice of setting a briefing schedule by counting backwards from the established hearing date is unique and can result in unusually "abbreviated timeline[s]"). Furthermore, the difficulty of responding to Plaintiffs' motion within this short time period is exacerbated by the approaching holidays.

The grounds Defendants have presented in support of their application for a continuance show that it is requested in good faith, is timely filed, and is the first requested extension of time to respond to Plaintiffs' motion. *Godinez v. Law Offices of Clark Green*, No. 16-00828-CJC, 2016 WL 4527512, at *1 (C.D. Cal Aug. 30, 2016) ("Courts 'generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused prior extensions.'") (quoting 1 *Moore's Federal Practice*, § 6.06[2] (3d ed.)). Moreover, Plaintiffs will not suffer any prejudice if Defendants' application is granted because this case is still in its nascent stages, neither party has served discovery, and the initial case management conference is not scheduled to take place until March 20, 2017. (Dkt. #46.)

For purposes of judicial economy and the reasons set forth above, Defendants request that the Court continue the hearing on Plaintiffs' motion for class certification to a date to be set, if necessary, approximately 90 days from the date the Court rules on Defendants' motion to dismiss.

4

1

2                                                  Respectfully submitted,

3

4    Dated:  December 12, 2016                     MAYER BROWN LLP
                                                    Nancy G. Ross
5                                                   Brian D. Netter
                                                    Laura Hammargren
6                                                   Samuel P. Myler
                                                    Dale J. Giali
7

8
                                                    By: */s/ Samuel P. Myler*
9                                                       Samuel P. Myler

10                                                  *Attorneys for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       5

EX PARTE APPLICATION FOR CONTINUANCE
Case No. 16-CV-6794 AB (JCx)

722551379