JEROME J. SCHLICHTER (SBN 054513)
jschlichter@uselaws.com
MICHAEL A. WOLFF (admitted *pro hac vice*)
mwolff@uselaws.com
SEAN E. SOYARS (admitted *pro hac vice*)
ssoyars@uselaws.com
STEPHEN M. HOEPLINGER (admitted *pro hac vice*)
shoeplinger@uselaws.com
ETHAN D. HATCH
ehatch@uselaws.com
SCHLICHTER, BOGARD & DENTON LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone:  (314) 621-6115
Facsimile:  (314) 621-5934
*Class Counsel for All Plaintiffs*

WILLIAM A. WHITE (SBN 121681)
wwhite@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile:  (213) 620-4840
*Local Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (Western Division)

| | |
|---|---|
| CLIFTON W. MARSHALL, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> NORTHROP GRUMMAN CORPORATION, et al., <br><br> *Defendants*. | Case No. 16-CV-6794 AB (JCx) <br><br> **JOINT RULE 26(f) REPORT** <br><br> Hon. André Birotte Jr. <br> Scheduling Conference: March 20, 2017, 10 a.m. <br> Courtroom 7B – 7th floor |

The parties respectfully submit the following Joint Report pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference. The parties, through counsel, conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure and the Local Rules, on February 24, 2017, and prepared the following report.

## A. STATEMENT OF THE CASE

Plaintiffs' Statement of the Case: Plaintiffs are retired and former employees of Northrop Grumman who participate in the Northrop Grumman Savings Plan ("the Plan"). The Plan is an individual account, defined contribution retirement plan under 29 U.S.C. §1002(34). The Plan has over $19 billion in assets and 103,000 participants as of year-end 2015.

Defendants are Northrop Grumman Corporation ("Northrop"), two fiduciary committees designated in the Plan document with authority and responsibility over Plan administration and investments (Administrative Committee and Investment Committee), and individuals currently known to Plaintiffs who served on the committees since 2009. The members of the committees are all executive officers or directors of Northrop.

The Amended Complaint [Doc. 70] asserts Defendants breached their fiduciary duties and committed prohibited transactions by: (1) unlawfully causing the Plan to distribute Plan assets to Northrop under the guise of "administrative fees" [Counts I, IV–V]; (2) causing the Plan to pay unreasonable fees to the Plan's recordkeeper (Hewitt Associates, "Hewitt") [Counts II, VI]; and (3) imprudently managing the Emerging Markets Equity Fund as an actively managed investment that underperformed for years despite paying higher fees and would have been better managed as a low-fee index fund [Counts III, VI]. Count VII contends that Northrop separately breached its fiduciary duty to monitor the performance of other fiduciaries for which it had oversight responsibility— including the Investment and Administrative Committees and their members—to ensure that the Plan was being

managed prudently and loyally. Count VIII seeks disgorgement and restitution from Northrop under §1132(a)(3) of any ill-gotten Plan assets and Northrop's profits earned on those assets, to the extent full relief is not obtained under §1132(a)(2) and §1109(a). Plaintiffs seek to represent a class of all participants and beneficiaries in the Plan since September 9, 2010 who were affected by the conduct described in the Amended Complaint.

Defendants' Response: This action is a sequel to *In re Northrop Grumman Corp. ERISA Litigation*, No. 2:06-cv-06213-AB-JC (C.D. Cal.) ("*Grabek*"), an ERISA case brought on behalf of a class of current and former participants in two 401(k) plans (including the Plan at issue here) sponsored by Northrop. The sole remaining claim in *Grabek* concerns the plans' reimbursement of Northrop for administrative services provided to the plans. Members of the *Grabek* class who participate in the plans have, through this action, asserted a similar claim for a later time period not covered by *Grabek*, together with two new claims regarding the Plan's recordkeeping expenses and investment in the Emerging Markets Equity Fund. Plaintiffs seek to represent a putative class of Plan participants and beneficiaries, the period for which begins on September 9, 2010, pursuant to the Court's opinion granting in part the Defendants' motion to dismiss.

Defendants deny that they engaged in any wrongful conduct and deny that they engaged in any breach of fiduciary duty or violated any provision of ERISA or any other law. Defendants also deny that Plaintiffs are entitled to any recovery, for reasons including that Plaintiffs had actual knowledge of the Plan's reimbursement to Northrop well before the applicable statute of limitations period, as evidenced by the *Grabek* action. At the appropriate time, Defendants intend to defend themselves vigorously on the merits of all claims.

In addition, as Defendants have discussed in other filings, Plaintiffs' class allegations are defective for a number of reasons. Most importantly, the filing of this action created an inherent conflict of interest for Plaintiffs' counsel, who

represent the *Grabek* class. "Courts have consistently held that counsel cannot simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding, even if there is a partial overlap among the plaintiffs or class members…." 1 McLaughlin on Class Actions § 4:39 (13th ed. Oct. 2016). Such an arrangement is impermissible and requires counsel's withdrawal from this matter if they intend to proceed in *Grabek*.

## B. SUBJECT MATTER JURISDICTION

The parties agree that the Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §1331. The action arises under 29 U.S.C. §1132(a)(2). *See* 29 U.S.C. §1132(e)(1).

## C. LEGAL ISSUES

Plaintiffs' Statement of Issues:

1. Did Defendants breach their fiduciary duty or engage in a prohibited transaction by causing the Plan to use Northrop to provide non-recordkeeping administrative services to the Plan and causing the Plan to pay Plan assets to Northrop, when Northrop provided no valuable services, or services of only limited value, to the Plan?

2. Did Defendants breach their fiduciary duty or engage in a prohibited transaction by causing the Plan to use Hewitt as the Plan's recordkeeper without properly monitoring Hewitt's compensation and ensuring that the Plan only paid reasonable fees for the services provided?

3. Did Defendants breach their fiduciary duty or engage in a prohibited transaction by causing the Plan to pay higher active investment management fees for the Emerging Markets Equity Fund, which underperformed lower-cost prudent alternatives, and failing to make a reasoned decision that maintaining the actively managed strategy was prudent and in the interest of Plan participants, particularly when

>Defendants changed the Plan's other investment options to a passive investment strategy?

**Defendants' Statement of Issues:** Defendants anticipate the following major legal issues, subject to addition based on information learned through further discovery and analysis:

1. Whether there is an inherent conflict of interest stemming from purported class counsel's dual representation of the *Grabek* class and this putative class action that precludes counsel from representing the purported class in this action if they intend to proceed in *Grabek*.
2. Whether Defendants breached their fiduciary duty or engaged in a prohibited transaction regarding the Plan's reimbursement to Northrop for necessary services provided to the Plan at reasonable expense.
3. Whether Defendants breached their fiduciary duty or engaged in a prohibited transaction in reimbursing Hewitt LLC or Financial Engines for the services those vendors provided to the Plan.
4. Whether Defendants breached their fiduciary duty or engaged in a prohibited transaction in their investment management of the Emerging Markets Equity Fund.
5. Whether Plaintiffs have stated a claim for breach of the duty to monitor where there was no underlying breach of a fiduciary duty by the fiduciaries being monitored.
6. Whether Plaintiffs' claims are barred by the applicable statute of limitations.
7. Whether Plaintiffs have standing to bring their claims.
8. Whether Plaintiffs' class allegations meet the requirements of Rule 23.
9. Whether Plaintiffs can state a claim where no injury can be demonstrated.
10. Whether, without admitting that the Amended Complaint states a

claim, Plaintiffs are not entitled to the equitable relief sought in the Amended Complaint because Plaintiffs have adequate remedies at law.

11. Whether to the extent Plaintiffs have been damaged, which Defendants deny, it is the result of the conduct of third parties or the Plan participants, for which conduct Defendants are not liable.

12. Whether Plaintiffs claims are barred to the extent that they did not sue the proper defendant and/or imposed liability on improper defendants based on actions taken by another entity or individual.

### D. PARTIES, EVIDENCE, ETC.

Plaintiffs state the witnesses and documents identified below are based on information known and reasonably available to Plaintiffs at this time.

**1. Plaintiffs' List of Parties**

- Plaintiff Clifton W. Marshall.
- Plaintiff Thomas W. Hall.
- Plaintiff Manuel A. Gonzalez.
- Plaintiff Ricky L. Hendrickson.
- Plaintiff Phillip B. Brooks.
- Plaintiff Harold Hylton.
- Defendant Northrop Grumman Corporation is the Plan sponsor under 29 U.S.C. §1002(16), employer of the Plan's other fiduciaries, and served as a fiduciary under 29 U.S.C. §1002(21)(A)(i) & (iii).
- Defendant Northrop Grumman Savings Plan Administrative Committee is the Plan Administrator and named fiduciary for the Plan under 29 U.S.C. §1102(a)(1).
- Defendant Northrop Grumman Savings Plan Investment Committee is the named fiduciary for the Plan under 29 U.S.C. §1102(a)(2).
- Defendant Denise Peppard has been Northrop's Corporate Vice

President and Chief Human Resources and Administrative Officer since 2011 and was a member of the Committees and named fiduciary under 29 U.S.C. §1102(a).

- Defendant Ian Ziskin was Northrop's Corporate Vice President and Chief Human Resources and Administrative Officer and was a member of the Committees until April 2010.

- Defendant Michael Hardesty has been Northrop's Corporate Vice President and Controller since 2013 and was a member of the Administrative Committee and named fiduciary under 29 U.S.C. §1102(a).

- Defendant Kenneth L. Bedingfield was Northrop's Corporate Vice President and Controller in 2011–2013 and was a member of the Administrative Committee and named fiduciary under 29 U.S.C. §1102(a). In 2015, Defendant Bedingfield assumed the responsibility of the Vice President, Trust Administration and Investments on the Committees.

- Defendant Kenneth N. Heintz was Northrop's Corporate Vice President and Controller in 2009–2011 and was a member of the Administrative Committee and named fiduciary under 29 U.S.C. §1102(a).

- Defendant Talha A. Zobair has been Northrop's Vice President, Taxation since 2014 and was a member of the Administrative Committee and named fiduciary under 29 U.S.C. §1102(a).

- Defendant Prabu Natarajan was Northrop's Vice President, Taxation in 2011–2014 and was a member of the Administrative Committee and named fiduciary under 29 U.S.C. §1102(a). Defendant Natarajan served as Northrop's Corporate Vice President and Treasurer in 2013–2014 and was a member of the Investment Committee and named

fiduciary under 29 U.S.C. §1102(a).

- Defendant Daniel Hickey was Northrop's Vice President, Compensation and Benefits in 2013–2016 and was a member of the Administrative Committee and named fiduciary under 29 U.S.C. §1102(a).

- Defendant Maria T. Norman has been Northrop's Corporate Director, Benefits Administration and Services and was a member of the Administrative Committee and named fiduciary under 29 U.S.C. §1102(a).

- Defendant Stephen C. Movius is and since 2014 has been Northrop's Corporate Vice President and Treasurer and was a member of the Investment Committee and named fiduciary under 29 U.S.C. §1102(a).

- Defendant Mark A. Caylor was Northrop's Corporate Vice President and Treasurer and was a member of the Investment Committee and named fiduciary under 29 U.S.C. §1102(a) in 2011–2012.

- Defendant Mark Rabinowitz was Northrop's Corporate Vice President and Treasurer and was a member of the Investment Committee and named fiduciary under 29 U.S.C. §1102(a) in 2009–2011.

- Defendant Silva Thomas is and at all times relevant has been Northrop's Corporate Director, Investments and Compliance and was a member of the Investment Committee and named fiduciary under 29 U.S.C. §1102(a).

<u>Defendants' Response to Plaintiffs' List of Parties</u>:  Defendants acknowledge that the above-named entities and individuals were named by Plaintiff in the Amended Complaint, but do not admit that all named defendants are proper defendants to certain or any of the claims in the Amended Complaint or that all named defendants have knowledge relevant to this action.  Defendants have set forth in their Answer to the Amended Complaint (Dkt. 75) certain inaccuracies in

Plaintiffs' allegations regarding the named defendants, and reserve the right to further clarify the roles of the named defendants and object to their inclusion in the lawsuit as defendants or witnesses as discovery commences. Defendants further object to Plaintiffs' failure to make individualized allegations regarding the named defendants actions and Plaintiffs' use of generalized allegations with respect to unidentified Doe defendants.

**2. Plaintiffs' List of Witnesses**

- The named Plaintiffs;
- The individually named Defendants and their delegates;
- Those individuals at Northrop Grumman responsible for services provided to the Plan. This specifically includes those individuals knowledgeable about the services provided to the Plan, revenue received by the Plan's service providers, including Northrop, and revenue paid to the Plan's service providers, including Northrop (from all sources).
- Those individuals at Hewitt responsible for the relationship with Northrop. This specifically includes those individuals knowledgeable about the services provided and revenue received from any and all sources for all of Hewitt's services to any Northrop-sponsored plan (e.g., defined contribution, defined benefit, health and welfare, and nonqualified).
- Those individuals at Financial Engines responsible for the relationship with Northrop. This specifically includes those individuals knowledgeable about the services provided, revenue received by Financial Engines for its services to the Plan, and revenue paid to Hewitt.
- Any consultant who advised or supported the Defendant fiduciaries in furtherance of their fiduciary duties.

- Any lawyer or law firm who advised or supported the Defendant fiduciaries in furtherance of their fiduciary duties.
- Other witnesses identified through discovery.
- Experts disclosed as required under the operative schedule.

<u>Defendants' Response to Plaintiffs' List of Witnesses</u>: Defendants state that they anticipate relevant witnesses will be identified as discovery proceeds, and Defendants intend to disclose and designate fact and expert witnesses as required by the procedural rules governing this proceeding and any orders by this Court. Defendants object to Plaintiffs' broad characterizations above but state that certain individuals in these categories are likely to be witnesses.

### 3. Plaintiffs' List of Key Documents

- Governing Plan documents, including administrative services agreements and trust agreements.
- Participant communications, including Summary Plan Descriptions, account statements, fund fact sheets or other information sent to participants related to the Plan.
- Documents evidencing the Plan fiduciaries' process, including meeting minutes and materials, delegations of authority, third-party consultant reports presented to the Committees, and documents reflecting the monitoring and oversight of those individuals making decisions on behalf of the Plan, among others.
- Documents regarding the Plan's investment options and their performance compared to relevant benchmarks and other prudent alternatives.
- Documents pertaining to the fees charged for administrative services provided to the Plan and the reasonable cost such services provided to the Plan.

- Documents referenced in any complaint in this case.
- Internal and external communications involving Plan fiduciaries and Northrop employees relating to the Plan.
- Documents regarding the services provided to other Northrop sponsored plans by Hewitt, including the fees charged.
- Documents pertaining to Defendants' knowledge and assessment of the market pricing for services provided to the Plan, including for those services performed by Northrop.
- Documents pertaining to Northrop's direct expenses for providing services to the Plan, as well as those reflecting Northrop's revenue and profitability derived from Plan services.

<u>Defendants' Response to Plaintiffs' List of Key Documents:</u>  Defendants state that they anticipate categories of key documents and evidence will be identified as discovery proceeds, and Defendants intend to disclose evidence to the Court as necessary and required for motions, hearings, and trial exhibits.  Without waiving any potential objections to Plaintiffs' discovery requests and subject to attorney-client privilege and work product doctrine limitations, Defendants acknowledge that several of the above categories of documents will likely be relevant in this action, including the governing Plan documents, evidence of the prudent processes that Plan fiduciaries followed related to the issues in Plaintiffs' claims, and the communications Plaintiffs and other participants received about the Plan.

**4. Corporate Party Identifications**

Defendants disclose that Northrop Grumman Corporation is a publicly-traded company.  Defendants further disclose that State Street Corporation, a publicly-traded investment management corporation, owns approximately 11% of the outstanding common stock of Northrop Grumman Corporation.  Northrop further states that Northrop Grumman Systems Corporation is a wholly-owned subsidiary of Northrop.  As reported in Northrop's consolidated financial statements, the

Company has additional subsidiaries, which considered in the aggregate or as a single subsidiary, do not constitute a significant subsidiary.

### E. DAMAGES

Plaintiffs' Position: Discovery and expert analysis will be necessary for a complete determination of damages and will be disclosed when required under the Court's scheduling order. The range of damages below represents estimates of losses to the Plan as a result of Defendants' alleged breaches and ERISA violations. Plaintiffs anticipate that damage calculations will be brought up to the date of trial using an appropriate measure, like the S&P 500 or the return of chosen benchmarks including current options in the Plan.

1. Prohibited and excessive payments to Northrop: Defendants' fiduciary breaches caused the Plan losses exceeding $9 million.
2. Prohibited and excessive payments to Hewitt: Defendants' fiduciary breaches caused the Plan losses exceeding $30 million.
3. Prohibited and improper retention of the actively managed Emerging Markets Equity Fund: Defendants' fiduciary breaches caused the Plan over $30 million in performance losses and over $12 million in unreasonable investment management fees.

Defendants' Position: Plaintiffs have suffered no injury and are entitled to no damages, whether pursuant to ERISA or otherwise. Defendants dispute any claimed entitlement to recovery by Plaintiffs of the claimed damages outlined above.

### F. INSURANCE

Defendants have reported this case to its primary and excess professional liability insurance carriers in several policy years. The carriers have responded either with a full reservation of rights or a denial of coverage.

### G. MOTIONS

After some discovery, particularly regarding the identity of those individuals

who acted as a fiduciary to the Plan or were delegees from a fiduciary, Plaintiffs will amend their complaint and replace the John Doe placeholders.

Defendants may bring a motion related to the conflict of interest for Plaintiffs' counsel before Plaintiffs' motion for class certification is filled.

### H. MANUAL FOR COMPLEX LITIGATION

The Parties are amenable to utilization of certain procedures in the Manual for Complex Litigation, as the Court deems appropriate.

### I. STATUS OF DISCOVERY

Plaintiffs have proposed an ESI stipulation and order that will govern the collection and production of documents in this case. Defendants received Plaintiffs' proposed ESI stipulation on Thursday, March 2, 2017, and as of the date of this filing are working diligently to review the ESI Stipulation and respond to Plaintiffs' counsel.

In preparation for the negotiation of custodians and data sources, Plaintiffs requested Defendants produce basic, core documents relating to the Plan, including the operative contract between Northrop and the Plan, and the minutes and materials from the fiduciary committee meetings. Defendants are considering this request.

Defendants expect that most of the information requested by the Plaintiffs will consist of confidential, proprietary or private material. Defendants believe that a protective order needs to be in place before any substantial discovery can proceed. Defendants are working diligently to craft a proposed protective order for consideration by the Plaintiffs and ultimately the Court.

### J. DISCOVERY PLAN

The parties anticipate that discovery will be required on each of the claims and defenses and on class certification and damages. The parties propose that fact and expert discovery be bifurcated. The parties further propose separate cutoffs for concluding fact discovery and expert witness discovery as set forth in Exhibit A

who acted as a fiduciary to the Plan or were delegees from a fiduciary, Plaintiffs will amend their complaint and replace the John Doe placeholders.

Defendants may bring a motion related to the conflict of interest for Plaintiffs' counsel before Plaintiffs' motion for class certification is filled.

### H. MANUAL FOR COMPLEX LITIGATION

The Parties are amenable to utilization of certain procedures in the Manual for Complex Litigation, as the Court deems appropriate.

### I. STATUS OF DISCOVERY

Plaintiffs have proposed an ESI stipulation and order that will govern the collection and production of documents in this case. Defendants received Plaintiffs' proposed ESI stipulation on Thursday, March 2, 2017, and as of the date of this filing are working diligently to review the ESI Stipulation and respond to Plaintiffs' counsel.

In preparation for the negotiation of custodians and data sources, Plaintiffs requested Defendants produce basic, core documents relating to the Plan, including the operative contract between Northrop and the Plan, and the minutes and materials from the fiduciary committee meetings. Defendants are considering this request.

Defendants expect that most of the information requested by the Plaintiffs will consist of confidential, proprietary or private material. Defendants believe that a protective order needs to be in place before any substantial discovery can proceed. Defendants are working diligently to craft a proposed protective order for consideration by the Plaintiffs and ultimately the Court.

### J. DISCOVERY PLAN

The parties anticipate that discovery will be required on each of the claims and defenses and on class certification and damages. The parties propose that fact and expert discovery be bifurcated. The parties further propose separate cutoffs for concluding fact discovery and expert witness discovery as set forth in Exhibit A

(attached).

The Parties agree that each side (Plaintiffs, on the one hand, and Defendants, on the other hand) should be limited to 25 interrogatories (as opposed, for example, to each named plaintiff being able to serve 25 interrogatories on each of the Defendants). The Parties further agree that each side should be limited to 60 document requests.

The Parties agree that depositions under Rule 30(a) will be limited to one day of seven hours unless otherwise authorized by the Court or stipulated by the Parties. Further, the Parties agree that if the same person is designated both in an individual and corporate (i.e., Rule 30(b)(6)) capacity, that deposition counts as one deposition.

In light of the number of individual and corporate Defendants and third-party depositions that will be needed, Plaintiffs propose that depositions be limited to 25 per side.

Defendants propose that the 10 fact deposition presumptive limit in Rule 30 of the Federal Rules of Civil Procedure should be adequate.

### K. **DISCOVERY CUT-OFF**

The parties agree that proposed fact discovery will be completed by May 1, 2018.

### L. **EXPERT DISCOVERY**

The Parties propose the following expert schedule:

   6/1/2018—Initial Expert Disclosure

   7/2/2018—Rebuttal Expert Disclosures

   8/1/2018—Expert Discovery Cut-off Date

### M. **DISPOSITIVE MOTIONS**

At this time, Plaintiffs do not intend to file a motion for summary judgment. Defendants intend to file a motion for summary judgment, the particular grounds for which they expect to develop during the course of further motion practice and

discovery in this matter.

## N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

No settlement discussions have occurred prior to this Joint Report. The parties agree that a settlement conference at this date is premature.

## O. TRIAL ESTIMATE

The parties estimate that the trial in this case will last 10 days. The parties disagree as to whether the trial will be by Jury (Plaintiffs' position) or by the Court (Defendants' position).

## P. TRIAL COUNSEL

Michael Wolff will be lead trial counsel for the Plaintiffs. Nancy Ross will be lead trial counsel for the Defendants.

## Q. INDEPENDENT OR EXPERT MASTER

The appointment of a special master under Rule 53 or an independent scientific expert will not be necessary for this case.

## R. TIMETABLE

The parties proposed schedule of pretrial and trial dates is attached as Exhibit A.

Dated: March 6, 2017                     Respectfully submitted,

By: /s/ Michael A. Wolff
Michael A. Wolff (*Pro Hac Vice*)
SCHLICHTER, BOGARD & DENTON
*Lead Counsel for Plaintiffs*

William A. White (SBN 121681)
HILL, FARRER & BURRILL LLP
*Local Counsel for Plaintiffs*

By: /s/ Nancy G. Ross (with consent)
Nancy G. Ross (*Pro Hac Vice*)
NRoss@mayerbrown.com
Brian D. Netter *(Pro Hac Vice)*
BNetter@mayerbrown.com
Laura Hammargren (*Pro Hac Vice*)
LHammargren@mayerbrown.com
Samuel P. Myler
smyler@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: 312.782.0600
Facsimile:   312.701.7711

Dale J. Giali (SBN 150382)
DGiali@mayerbrown.com
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone:   213.229.9500
Facsimile:   213.625.0248

*Attorneys for Defendants*