Nancy G. Ross (*Pro Hac Vice*)
  nross@mayerbrown.com
Brian D. Netter (*Pro Hac Vice*)
  bnetter@mayerbrown.com
Laura Hammargren (*Pro Hac Vice*)
  lhammargren@mayerbrown.com
Samuel P. Myler (*Pro Hac Vice*)
  smyler@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone:  312.782.0600
Facsimile:   312.701.7711

Dale J. Giali (SBN 150382)
  dgiali@mayerbrown.com
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone:  213.229.9500
Facsimile:   213.625.0248

*Attorneys for Defendants*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON W. MARSHALL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NORTHROP GRUMMAN CORPORATION, et al. <br><br> Defendants. | Case No. 16-CV-6794 AB (JCx) <br><br> **MODIFIED ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION** <br><br> [CHANGES MADE BY COURT] |

1

The Parties[1] HEREBY STIPULATE AND AGREE, by and through their undersigned counsel, that the following proposed Modified Order Governing the Treatment of Confidential Information (the "Order") should be entered by the Court in this case (the "Litigation").

This Order shall govern the handling of all documents, deposition testimony, and discovery responses, including all copies, excerpts and summaries thereof, provided during the course of the Litigation by the Parties to the Litigation or by non-parties, either voluntarily or as required in lawful discovery pursuant to the Federal Rules of Civil Procedure, except during a court hearing or at trial. Any use of Confidential material during a court hearing or at trial shall be governed by the orders of the presiding judge.

1.  SCOPE.

Documents and information designated "Confidential," as defined in section 2, obtained through this lawsuit shall be used only for the purposes of investigating, preparing for and conducting this Litigation, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose without the prior written consent of the Producing Party or their counsel. Notwithstanding the foregoing, nothing shall prevent either Party from providing any Confidential materials produced or adduced in this Litigation in response to a subpoena or lawful court order, in accordance with Section 10 herein.

---

[1] As used herein: "Party" or "Parties" refer to the Parties to this Litigation; "Producing Party" refers to the Party or non-party producing documents or information; "Receiving Party" refers to the Party to which documents or information are produced; "Designating Party" refers to the Party or party that has designated documents or materials Confidential; and "Challenging Party" refers to the Party challenging the designation of documents or materials Confidential.

2. DESCRIPTION OF PROTECTED MATERIALS.

A Producing Party may designate "Confidential" any non-public material produced in the Litigation the Producing Party believes in good faith contains (a) a trade secret or other confidential research, development, or commercial information, (b) personally identifying information (including dates of birth, addresses, social security numbers, phone numbers, account balances, and information otherwise protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Standards, 42 C.F.R. 164), or (c) information that the Producing Party is obligated not to disclose under a written agreement with a non-party.

3. PROTECTIVE ORDER REQUESTED BY THE PARTIES.

Upon entry of an Order by this Court, this Modified Order Governing the Treatment of Confidential Information (the "Order") shall govern the production and disclosure of Confidential materials and their contents pursuant to Paragraph 2 above throughout the entirety of this Litigation, except during a court hearing or at trial. As indicated above, any use of Confidential material during a court hearing or at trial shall be governed by the orders of the presiding judge.

    A. This Order shall not diminish or eliminate any privilege conferred pursuant to the Federal Rules of Civil Procedure, nor any statutory or other legal obligation or right of any Party.

    B. The Parties and their Counsel shall keep confidential and not use nor disseminate outside this Litigation any of the Confidential materials or their contents, as defined in Section 2, except as provided in this Order.

        (1) The Confidential materials and their content shall be used by the Parties for the sole purpose of furthering the Litigation, and for no other purpose;

3

(2) Materials designated "Confidential" shall only be provided to or shown to: (a) attorneys of the law firms listed on the pleadings in this Litigation ("Counsel of Record"), and to supporting personnel employed by or contracted by Counsel of Record, including paralegals, legal assistants, docket clerks, document management and photocopying services; (b) Parties to this Litigation; (c) relevant witnesses identified in discovery materials or lawfully subpoenaed by a Party; (d) retained or prospective experts and/or consultants retained or consulted by a Party or a Party's counsel in the course of this Litigation; (e) professional vendors, persons, or entities that provide support services during the course of the Litigation (such services include photocopying, preparing exhibits or demonstratives, storing or retrieving data in any form/medium, videotaping, translating); (f) mediators or other private Alternative Dispute Resolution (ADR) professional selected or retained by the Parties; (g) the Court and Court personnel; (h) the author or recipient of the document (not including a person who received the document in the course of the Litigation); and (i) the Secretaries of Labor and the Treasury or their departments, to the extent that such disclosure is required by law and is disclosed in accordance with Section 10.

Should a Party produce Confidential materials in the course of discovery in this Litigation, the materials shall be labeled "CONFIDENTIAL" on their face (in the lower left corner of the document, opposite identifying Bates numbers), unless express written consent is provided by all Parties. Nothing in this Order requires a Party to separately designate each page of a multi-page document, unless otherwise agreed to by the Parties.

(3) Copies, summaries, or extracts of Confidential materials shall be protected pursuant to this Order and shall be kept confidential and not used nor disseminated outside this Litigation. In the event copies, summaries, or extracts of

the Confidential materials are made by or on behalf of Counsel of Record, such items shall be designated and treated as Confidential materials.

(4) Consultants and/or experts may receive and/or review Confidential materials provided by Counsel of Record, provided that the consultants receive a copy of this Order and sign an acknowledgment of understanding of the provisions herein. In addition, all consultants and/or experts shall be advised that any portion of their written work that contains or discloses the contents or substance of Confidential materials is also subject to this Order.

(5) During depositions, Counsel of Record may question a witness about Confidential materials or their contents. Unless all Parties (and non-parties, if applicable) agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential until 30 days after the transcript is delivered to the parties. After that, the deposition testimony shall not be treated as Confidential unless the Producing Party has served a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated Confidential. Thereafter, only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential, unless otherwise ordered by the Court.

(6) In the event that Confidential materials are attached to, quoted in, or summarized in motions papers, pleadings, briefs, or other documents filed with the Court, the Confidential materials or their content shall be submitted for filing under seal pursuant to Local Rule 79-5. Copies of the filings containing Confidential information subject to this Order must be served on Counsel of

///

Record for the Parties in accordance with federal statutes, rules, and regulations and with the Local Rules of this Court, and treated as Confidential.

(7) Confidential materials offered into evidence at a public hearing or at trial shall no longer be treated as Confidential, unless the Producing Party first obtains a separate protective order or other relief from the Court specifically relating to the materials used during the hearing or trial. The Receiving Party must give the Producing Party at least seven (7) days notice, whether through an exhibit list or otherwise, if they intend to use Confidential materials at a public hearing or trial. Personally identifying information must be redacted from all documents used during depositions, during a public hearing, or at trial.

4. ADMISSION.

Neither this Order, nor its contents, nor any action taken in compliance with the Order shall operate as an admission by the Producing Party that specific materials are or are not admissible for evidentiary purposes.

5. UNAUTHORIZED DISCLOSURE.

An inadvertent failure to designate a document as Confidential materials does not, standing alone, waive the right to so designate the document. If a Party (or non-party) designates a document as Confidential material after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. If, however, a Receiving Party uses a document or information that has not been designated Confidential in a way that makes its contents public, the Producing Party may not thereafter designate the document or information Confidential.

///

///

6. **RETURN OR DESTRUCTION OF CONFIDENTIAL MATERIALS.**

Within sixty (60) days of final resolution of this Litigation, a Receiving Party must return all Confidential materials, including copies, to the Producing Party, or the Parties may elect to destroy the information, and all extracts or summaries of Confidential materials (except attorney work product). A Receiving Party must make a written Certification of such destruction, under penalty of perjury, and provide it to Counsel for the Producing Party within ten (10) business days of destruction. Notwithstanding this provision, counsel are entitled to retain an archival copy of all documents produced in this Litigation, including all pleadings, motion papers, trial, deposition, and hearing transcripts, deposition and trial exhibits, expert reports, attorney work product, and expert work product, even if such materials contain Confidential material. All Confidential materials retained by the Parties will continue to be treated as Confidential under this Order.

7. **CHALLENGES TO DESIGNATION AS CONFIDENTIAL MATERIALS.**

The designation of any materials or documents Confidential is subject to challenge by any Party. The following procedure shall apply to any such challenge.

A. Meet and Confer. The Challenging Party must act in good faith in challenging the designation of Confidential materials. The Challenging Party shall begin the process by serving the Designating Party with a notice of the materials the Challenging Party does not believe were properly designated Confidential. The Parties shall confer regarding the challenged designations within 7 days of the date of service of notice. If the Designating Party does not change its designation of the challenged materials, it must explain the basis for its belief the designation is proper. Unless another time period for conferral is agreed to by the parties, if the

///

Designating Party fails to confer within 7 days of the challenge, the challenged materials shall automatically lose their Confidential designation.

B. Judicial Intervention. If a Designating Party does not change the designation of Confidential materials following a challenge under Section 7.A herein, the Challenging Party may, within fourteen (14) business days, prepare and send to the Designating Party a Joint Stipulation in accordance with Local Rule 37-2. If the Designating Party does not provide the Challenging Party with its portion of the Joint Stipulation in accordance with Local Rule 37-2, the challenged materials shall automatically lose their Confidential Designation.

C. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential shall be in accordance with Local Rule 37-1–37-4. Nothing in this Order or any action or agreement of a Party (or non-party) under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

8. MODIFICATION.

The Court may modify the Order at any time, or consider any dispute that may arise under the Order upon motion of any Party.

9. DURATION.

Confidential materials shall remain protected pursuant to this Order throughout the Litigation unless terminated by Court Order or by stipulation executed by Counsel of Record. Counsel of Record shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential materials. The provisions of this Order shall continue to be binding after the termination of the Litigation unless so ordered by the Court.

///

///

10. **CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED.**

A. If a Receiving Party is served with a subpoena or a court order issued in other litigation or in connection with an ongoing investigation from a Federal or state government department or agency that would compel disclosure of any material or document designated in this Litigation as Confidential material, the Receiving Party must so notify the Producing Party, in writing, immediately and at least seven (7) days before the Party's response to the subpoena or order is due (unless the subpoena or court order does not allow the Receiving Party seven (7) days to respond). Such notification must include a copy of the subpoena or court order.

B. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Order.

C. The purpose of imposing these duties is to alert the Producing Party to the existence of this Order and to afford the Producing Party an opportunity to try to protect its Confidential material in the court (or from the Federal or state government or agency) from which the subpoena or order issued. The Producing Party shall bear the burden and the expense of seeking protection in that court or from that government department or agency of its Confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court or from a government department or agency. The obligations set forth in this Section remain in effect while the Party has in its possession, custody or control Confidential material produced in this Litigation.

///

11. WRITTEN NOTICE

For purposes of any written notice requirements as between the Parties under this Order, notice by email is sufficient.

Dated: July 14, 2017         Respectfully submitted,

By: /s/ Laura Hammargren
Nancy G. Ross (*Pro Hac Vice*)
Brian D. Netter (*Pro Hac Vice*)
Laura Hammargren (*Pro Hac Vice*)
Samuel P. Myler (*Pro Hac Vice*)
Dale J. Giali (SBN 150382)
MAYER BROWN LLP

*Attorneys for Defendants*

By: /s/ Stephen M. Hoeplinger
Stephen M. Hoeplinger (*Pro Hac Vice*)
SCHLICHTER, BOGARD & DENTON
*Lead Counsel for Plaintiffs*

William A. White (SBN 121681)
HILL, FARRER & BURRILL LLP
*Local Counsel for Plaintiffs*

Dated: August 3, 2017         IT IS SO ORDERED.


_____/s/_____
Honorable Jacqueline Chooljian
U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON W. MARSHALL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NORTHROP GRUMMAN CORPORATION, et al. <br><br> Defendants. | Case No. 16-CV-6794 AB (JCx) |

**ACKNOWLEDGMENT AND AGREEMENT TO ABIDE BY MODIFIED ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION**

I hereby certify under penalty of perjury and pursuant to 28 U.S.C. § 1746 as follows:

1. Confidential material is being provided to me pursuant to the terms and restrictions of the "Modified Order Governing the Treatment of Confidential Information," which was entered in the above-captioned case.

2. I have been given a copy of and have read that Order and agree to be bound by it.

3. I understand that all such Confidential information and copies, including, but not limited to, any notes or other materials relating or referring to such Confidential information shall be destroyed no later than sixty (60) days after the termination of this proceeding.

Date: _____

Printed name: _____

Signature: _____