1  JEROME J. SCHLICHTER (SBN 054513)
   jschlichter@uselaws.com
2  NELSON G. WOLFF (admitted *pro hac vice*)
   nwolff@uselaws.com
3  KURT C. STRUCKHOFF (admitted *pro hac vice*)
   kstruckhoff@uselaws.com
4  SEAN S. SOYARS (admitted *pro hac vice*)
   ssoyars@uselaws.com
5  SCHLICHTER, BOGARD & DENTON LLP
   100 South Fourth Street, Suite 1200
6  St. Louis, MO 63102
   Telephone:  (314) 621-6115
7  Facsimile:  (314) 621-5934
   *Counsel for Plaintiffs*
8
   WILLIAM A. WHITE (SBN 121681)
9  wwhite@hillfarrer.com
   HILL, FARRER & BURRILL LLP
10 One California Plaza, 37th Floor
   300 South Grand Avenue
11 Los Angeles, CA 90071-3147
   Telephone: (213) 620-0460
12 Facsimile:  (213) 620-4840
   *Local Counsel for Plaintiffs*
13
14            **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
15                      **(Western Division)**
16
   CLIFTON W. MARSHALL, et al.,          Case No. 16-CV-6794 AB (JCx)
17
                           *Plaintiffs,*  **DECL. OF KURT C. STRUCKHOFF
18                                         IN SUPPORT OF APPLICATION
    v.                                     FOR LEAVE TO FILE UNDER
19                                         SEAL [DOC. 169]**
   NORTHROP GRUMMAN
20 CORPORATION, et al.,                   Hon. André Birotte Jr.
21
                           *Defendants.*
22
23
24
25
26
27
28

I, Kurt C. Struckhoff, of lawful age, declare as follows:

1.    I am one of the attorneys in the law firm of Schlichter, Bogard & Denton LLP, which represents the Plaintiffs in this case. I am licensed to practice in the States of Missouri and Illinois, as well as numerous federal courts. I am admitted *pro hac vice* in the above-referenced matter. If called as a witness, I could and would competently testify to the facts set forth below as I know them to be true based upon my own personal knowledge or upon my review of the records and files maintained by the firm in the regular course of its representation of Plaintiffs in this case.

2.    In accordance with L.R. 79-5.2.2(b)(i), Plaintiffs submit this Declaration to maintain the expert report of Plaintiffs' expert Martin Schmidt under seal. Doc. 169-91 (Exhibit 109); Doc. 170-90 (same). This document was relied on by Defendants in connection with their Motion for Partial Summary Judgment and their Statement of Uncontroverted Facts. Defendants filed an Application to file this document under seal because it contains confidential information about the expert's clients and that of third parties and Defendants. Doc. 169; *see also* Doc. 170 at 8.

3.    Plaintiffs designated this report as confidential because it reflects information that has been designated by Defendants and third parties as confidential. The report also reflects data on Mr. Schmidt's clients, including recordkeeping pricing obtained by those clients with their recordkeepers. *See, e.g.,* Exhibit 109 (Exs. 3 – 5 attached to report). For the latter, Plaintiffs respectfully request that the Court maintain Mr. Schmidt's report under seal to protect this information.

4.    When clients retain Mr. Schmidt, they have a justified expectation that their financial and proprietary business information will be kept confidential. Disclosure of this information would violate these reasonable expectations of privacy. Although the identities of these clients are not disclosed, should the identity of these plans be discovered and linked with the specific financial data provided for

his clients, it would pose significant harm to both Mr. Schmidt's clients and his business. *See* Doc. 170-90 (Exhibit 109, ¶153). Public disclosure of this information could materially impact Mr. Schmidt's ability to attract new clients and retain existing clients. *See id.*

     5.   Given the sensitive nature of this information, Plaintiffs submit that there is good cause to maintain Mr. Schmidt's expert report (Exhibit 109) under seal. *See France Telecom S.A. v. Marvell Semiconductor Inc.,* No. 12-4967, 2014 WL 4965995, at 3 (N.D. Cal. Oct. 3, 2014)(granting application to seal confidential licensing agreements, pricing data and other technical information). Plaintiffs submit that the public interest in access to this information is minimal because this information is not necessary for the public to understand the issues presently in dispute.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 5, 2019.

                         /s/ Kurt C. Struckhoff
                         Kurt C. Struckhoff