UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-06794 AB (JCx) | Date: | February 12, 2019 |
|---|---|---|---|

Title: *Clifton W. Marshall, et al. v. Northrop Grumman Corporation, et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order Denying Defendants' Applications to Seal (Dkt. Nos. 169, 171)

     Defendants have filed two applications to seal: (1) Defendants' Application to File Documents Under Seal in Connection with the Statement of Uncontroverted Facts and Conclusions of Law (Dkt. No. 169) and (2) Defendants' Application for Leave to File Under Seal Confidential Discovery Documents and Memorandum of Points and Authorities in support of Defendants' Motion in Limine. (Dkt. No. 171.)

     In their first application, Defendants move to seal approximately ninety documents in their *entirety*, including their statement of uncontroverted facts and the declarations of Dennis Newberry and Michael Lyster. (Dkt. No. 169.) In their second application, Defendants move to seal expert reports of Steve Pomerantz and David Witz, confidential financial information related to Northrop Grumman Corporation and the Northrop Grumman Savings Plan, and certain deposition testimony that has been designated as confidential by Defendants, as well as an unredacted version of the memorandum of points and authorities in support of their motion in limine. (Dkt. No. 171.)

Requests to seal impose a substantial burden on the clerk's office and the Court. Items under seal must be omitted or redacted from Court orders, and hearings involving sealed documents may be similarly complicated. Most importantly, requests to seal interfere with the public's right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). While that right is not unlimited, there is a strong presumption in favor of granting the public access to court records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Thus, parties seeking to seal court documents must establish good cause or demonstrate compelling reasons for doing so. *Id.* at 1178; C.D. Cal. L.R. 79-5.2.1.

This Court takes seriously its duty to safeguard the public's right of access to judicial proceedings and will not approve the filing of documents under seal except where good cause is shown for a non-dispositive motion or a compelling reason is shown for a dispositive motion. The Court finds that Defendants have made no effort to redact confidential *portions* of documents, but instead move to seal documents wholesale. The Court does not express an opinion about all documents that Defendants move to seal. Instead, the Court notes that it is inappropriate to seal the statement of uncontroverted facts, declarations, and expert reports *in their entirety*. To the extent portions of other documents are not confidential, Defendants should redact only as necessary to preserve confidentiality.

Accordingly, the Court **DENIES** Defendants' applications to seal. (Dkt. Nos. 169-170.) Defendants are **ORDERED** to review the Court's local rules about filing applications under seal and submit an amended application to seal redacting only as necessary.

**IT IS SO ORDERED.**