1    Nancy G. Ross
     *nross@mayerbrown.com*
2    Brian D. Netter
     *bnetter@mayerbrown.com*
3    Samuel P. Myler
     *smyler@mayerbrown.com*
4    MAYER BROWN LLP
     71 South Wacker Drive
5    Chicago, IL 60606
     Telephone:   312.782.0600
6    Facsimile:   312.701.7711

7    *Attorneys for Defendants*

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CLIFTON W. MARSHALL, et al.,          Case No. 16-CV-6794 AB (JCx)

12              Plaintiffs,                 **DEFENDANTS' APPLICATION
                                            FOR LEAVE TO FILE
13        v.                                DOCUMENTS UNDER SEAL IN
                                            CONNECTION WITH
14   NORTHROP GRUMMAN                       DEFENDANTS' MOTION FOR
     CORPORATION, et al.,                   PARTIAL SUMMARY JUDGMENT
15
                Defendants.                 Date:    June 7, 2019
16                                          Time:    10:00 a.m.
                                            Judge:   Hon. André Birotte Jr.
17

18

19

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

Pursuant to the Court's Order Setting Deadline for Defendants' Application to Seal Materials (Dkt. 194) and to Local Rule 79-5.2.2(a), Defendants hereby apply for an order sealing certain materials submitted in support of various motions related to summary judgment, including Defendants' Motion for Partial Summary Judgment (Dkt. 168), Defendants' Evidentiary Objections to the reports and testimony of Plaintiffs' experts Steve Pomerantz and David Witz (Dkt. 167), Defendants' Evidentiary Objections to the reports and testimony of Plaintiffs' expert Martin Schmidt (Dkt. 196), Defendants' Reply in Support of Defendants' Motion for Partial Summary Judgment (Dkt. 199), and Plaintiffs' Opposition to Partial Summary Judgment (Dkt. 187).

A brief review of the relevant filings and court orders preceding this motion may be helpful for the Court. On February 1, 2019, Defendants filed Evidentiary Objections to the reports and testimony of Plaintiffs' experts Steve Pomerantz and David Witz, which included exhibits A through O. *See* Dkt. 167. On that same day, Defendants filed a Partial Motion for Summary Judgment, which included Exhibits 1 through 110. *See* Dkt. 168. All exhibits were filed under seal and the memorandums in support as well as the statement of facts were redacted, with support for the application to seal provided by declarations. *See* Dkt. 169-172. On February 12, 2019, the Court denied Defendants' application to seal these documents and permitted Defendants to file a revised sealing application. *See* Dkt. 182.

On March 29, 2019, Plaintiffs filed their Opposition to Partial Summary Judgment. *See* Dkt. 187. Plaintiffs, at Defendants' request, filed some of their Exhibits, which numbered P1 through P78, under seal. *See* Dkt. 189. On April 2, 2019, the parties filed a joint stipulation requesting permission for Defendants to "submit a single application/declaration to seal any materials filed in support or

1

opposition to their motion for summary judgment, or in support or opposition to their Daubert motion, on or before May 17, 2019," which the Court granted on April 8, 2019. Dkt. 193, 194.

After this order, Defendants filed their Reply in Support of Defendants' Motion for Partial Summary Judgment (Dkt. 199), which included Exhibits 111 through 119, and Evidentiary Objections to the reports and testimony of Plaintiffs' expert Martin Schmidt (Dkt. 196). Defendants provisionally filed all of these documents under seal. (Dkt. 199).

As permitted in the Court's Order, this application constitutes a single filing that covers all documents Defendants request to be filed under seal related to summary judgment that have not previously been granted to be filed under seal.[1] This application filing contains more narrowly targeted redactions and sealing requests and does not include all documents that Defendants previously requested to be filed under seal. The nature of the information being filed under seal include confidential contracts, negotiations, and RFPs with third party service providers, board minutes, pension plan performance data, deposition excerpts.

In support of this application, Defendants concurrently file the following documents pursuant to Local Rule 79-5.2.2(a): (1) a Declaration in Support of Defendants' Application for Leave to File Under Seal; (2) a proposed order; (3) proposed redactions for the memorandum in support of the motions as well as the statement of facts; and (4) an unredacted version of the documents proposed to be filed under seal with the proposed redactions (if any) highlighted. The declaration in support of this application and the proposed order both contain a chart of all documents Defendants are requesting to seal in their entirety or redact. In

---

[1] This application does not include documents related to Plaintiffs' Motion to Exclude/Disqualify Defendants' Expert Marcia Wagner (Dkt. 174), for which Defendants requested to seal excerpts from Wagner's expert rebuttal report and deposition excerpts (Dkt. 180) because the Court granted that request (Dkt. 181).

particular, the chart in the declaration provides individual justifications for each document requested to be filed under seal or redacted. It also shows what documents Defendants are not requesting to file under seal or redact that were previously filed under seal. Moreover, Defendants understand that third-party service providers of the Northrop Grumman Savings Plan who produced documents in this case or were involved in documents Defendants produced will be filing declarations that further highlight why certain documents should be sealed or redacted.

## II. ARGUMENT

Complicated motions can lead to complicated filings, but despite the large number of documents filed in relation to summary judgment, Defendants application to seal is generally limited to two types of information: confidential third-party information that Defendants are not permitted to disclose and confidential proprietary information that would harm Defendants if disclosed. These are the kinds of documents that courts regularly permit to be filed under seal.

In order to seal documents filed in conjunction with dispositive motions, defendants must show "compelling reasons" to file the document under seal. *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). In other words, Defendants must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law ... The request must be narrowly tailored to seek sealing only of sealable material...." Civil L.R. 79-5(b). However, "[t]here is an exception to this rule: a party seeking to file under seal documents related to motions that are no more than tangentially related to the merits of a case" must satisfy the 'good cause' standard from Federal Rule of Civil Procedure 26(c)(1)." *Cryer v. Franklin Templeton Res., Inc.*, 2017 WL 4023149, at *2 (N.D. Cal. July 26, 2017) (internal citations omitted).

The good cause standard, therefore, applies to both documents or portions of documents filed in conjunction with non-dispositive motions and those filed with dispositive motions that are only tangentially related to the merits of the case. *Id.* Under this standard, Defendants must make a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

### a.  Confidential Third-Party Information

Courts also "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *See Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015). Disclosure of such information can upset ongoing or potential business relationships with the third-party, particularly where such agreements contain a confidentiality provision reflecting the parties' intentions to keep the information confidential. *See Illumina, Inc. v. Ariosa Diagnostics, Inc.*, 2014 WL 12647739, at *1 (N.D. Cal. June 23, 2014) (finding compelling reasons to keep a document under seal when it "contains a confidentiality provision stating that the agreement, including its terms and conditions, is confidential" and accepting the argument that "public disclosure of this information could cause [the sealing applicant] competitive harm because it could be misused by potential customers and/or competitors in negotiations with Illumina or other suppliers"). Further, "an injury to a third party can constitute a 'compelling reason' that justifies the sealing of all or part of an exhibit." *Glob. BTG LLC v. Nat'l Air Cargo, Inc.*, 2012 WL 12882384, at *4 (C.D. Cal. Dec. 3, 2012); *see also G&C Auto Body Inc v. Geico Gen. Ins. Co.*, 2008 WL 687372, *2 (N.D. Cal. Mar. 11, 2008) (finding that there

4

were compelling reasons to redact portions of a document reflecting third parties' confidential financial information).

The same concerns justifying the sealing of confidential contracts with third parties also justify the sealing of other documents containing confidential third-party information, such as contract negotiations or proposals. *See, e.g., Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding that "to the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information"). For example, a court has found compelling reasons to seal "communications with a third-party cable provider. . . to the extent that the parties' request is narrowly tailored to protect information about confidential business processes, systems, testing, or engineering structures." *Reyna v. Arris Int'l PLC*, 2018 WL 1400513, at *3 (N.D. Cal. Mar. 20, 2018). In short, "commercially sensitive information of a third party" is a basis to seal documents. *Bite Tech, Inc. v. X2 Biosystems, Inc.*, 2013 WL 1399349, at *3 (W.D. Wash. Apr. 5, 2013).

### b.  Confidential Proprietary Information

The Supreme Court has held that the disclosure of business information that could harm the competitive standing of litigants satisfies the stricter compelling reasons standard for filing documents under seal. *See Nixon*, 435 U.S. at 598 (1978) (holding that "[s]ources of business information that might harm a litigant's competitive standing" can satisfy the compelling reasons standard). Thus, "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' [and] 'internal policies and strategies.'" *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017), *aff'd sub nom. Ctr. for Auto Safety v.*

*Chrysler Grp., LLC*, 747 F. App'x 463 (9th Cir. 2018) (quoting *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) and *Melaleuca Inc. v. Bartholomew*, 2012 WL 5931690, at *3 (D. Idaho Nov. 27, 2012), respectively). In ERISA cases, such business information can include "proprietary compensation formulas and strategic business goals." *Dorman v. Charles Schwab & Co. Inc.*, 2018 WL 467357, at *6 (N.D. Cal. Jan. 18, 2018) (granting request to seal a redacted version of the compensation plan).

While the party seeking to keep a record under seal has the burden "of showing that specific prejudice or harm will result if no protective order is granted," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003), in the case of confidential proprietary information, harm is often found when "competitors [] gain insight into [the sealing applicant's] business model and strategy." *In re Qualcomm Litig.*, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018). "Such insight could harm [the sealing applicant] in future negotiations with existing customers, third-parties, and other entities with whom they do business." *Id.* Other factors a court will consider is if the information "is not available to the public" and if disclosure of the information to competitors would harm the applicant's "competitive standing." *Id. See also In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 157-58 (N.D. Cal. 1992) (permitting pretrial documents containing confidential information to be filed under seal because disclosure "would put [the] company at a competitive disadvantage"); *Davenport v. The Wendy's Co.*, 2015 WL 4913232, at *2 (E.D. Cal. Aug. 17, 2015) ("courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").

Beyond pricing information, structural information, such as how a business is organized, can justify sealing documents. *See Davis v. Soc. Serv. Coordinators, Inc.*, 2012 WL 2376217, *1, (E.D. Cal. June 22, 2012) (granting motion to seal

6

documents reflecting business practices "which ha[ve] been developed by defendant over a number of years to efficiently run the business and provide the company with a competitive advantage in defendant's industry"). In particular, board materials are regularly sealed. *San Diego Comic Convention v. Dan Farr Prods.*, 2018 WL 2717880, at *2 (S.D. Cal. June 5, 2018) (sealing Board of Director minutes); *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, 2015 WL 11201172, at *3 (S.D. Cal. Oct. 28, 2015) (same).

### c. Tangentially Related Information

Defendants redacted information related to the performance of Northrop Grumman's Pension Plan, often seen in documents referred to as the "Defined Benefits" or "DB" plan. This information should be evaluated under the "good cause" standard because it is at best tangentially related to Plaintiffs' claims challenging the retention of the Emerging Markets Fund for the Northrop Grumman Savings Plan. Indeed, Plaintiffs make no claims related to the pension plan. Moreover, companies like Northrop compete for talent based on the benefits they offer, particularly through their pension plan, and disclosure of otherwise confidential, non-public information about the structure and the performance of the pension plan would harm Northrop."

## III.    CONCLUSION

For the foregoing reasons and in those stated in the attached Declaration of" Nancy Ross, Defendants respectfully request that the Court grant their Application to file under seal. Plaintiffs do not oppose this request, although they have reserved their right to challenge the sealing of particular documents or portions of documents after they have had an opportunity to review the documents subject to this application.

7

Dated: May 17, 2019

MAYER BROWN LLP
Nancy G. Ross
Brian D. Netter
Samuel P. Myler

By:   */s/ Nancy G. Ross*
      Nancy G. Ross

*Attorneys for Defendants*

8