| | |
|---|---|
| 1 | Nancy G. Ross |
|   | *nross@mayerbrown.com* |
| 2 | Brian D. Netter |
|   | *bnetter@mayerbrown.com* |
| 3 | Samuel P. Myler |
|   | *smyler@mayerbrown.com* |
| 4 | MAYER BROWN LLP |
|   | 71 South Wacker Drive |
| 5 | Chicago, IL 60606 |
|   | Telephone:   312.782.0600 |
| 6 | Facsimile:    312.701.7711 |

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON W. MARSHALL, et al., | Case No. 16-CV-6794 AB (JCx) |
| Plaintiffs, | **DECLARATION OF SAMUEL P. MYLER IN SUPPORT OF APPLICATION TO FILE DOCUMENT UNDER SEAL [ECF NO. 203]** |
| v. | |
| NORTHROP GRUMMAN CORPORATION, et al., | Judge:   Hon. André Birotte Jr. |
| Defendants. | |

I, Samuel P. Myler, declare and state as follows:

1. I am an attorney with the law firm of Mayer Brown LLP, attorneys of record for Defendants in the above-captioned matter. I submit this declaration in support of Plaintiffs' Application to Seal Exhibit 6 to Plaintiffs' Opposition to Defendants' Motion in Limine **(ECF No. 203)**.

2. On May 17, 2019, Defendants filed a combined application to seal various materials filed in support of and opposition to Defendants' motion for summary judgment and Defendants' evidentiary objections. *See* ECF Nos. 208-210.

3. While Defendants' May 17, 2019 application was intended to cover all materials filed in connection with Defendants' motion for summary judgment and evidentiary objections, it did not include a document Plaintiffs filed that same day as an exhibit (Exhibit 6) to Plaintiffs' Opposition to Defendants' Motion in Limine to Exclude Pomerantz and Witz. *See* ECF Nos. 202-204. Plaintiffs filed an application to seal the subject exhibit at Defendants' request. *See* ECF No. 203.

4. Exhibit 6 to Plaintiffs' Opposition to Defendants' Motion in Limine is a spreadsheet that contains confidential salary data for various Northrop Grumman employees. This document was produced during discovery in this litigation and was designated as confidential. The information set forth in the document is non-public, proprietary, and could harm Northrop Grumman's competitive standing and ability to recruit employees if it were disclosed.

5. District courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' [and] 'internal policies and strategies.'" *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017), *aff'd sub nom. Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463 (9th Cir. 2018) (quoting *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *6

(D. Nev. Apr. 29, 2011) and *Melaleuca Inc. v. Bartholomew*, 2012 WL 5931690, at *3 (D. Idaho Nov. 27, 2012), respectively).

6. In ERISA cases such as this one, confidential business information, including "proprietary compensation formulas and strategic business goals," is subject to sealing. *Dorman v. Charles Schwab & Co. Inc.*, 2018 WL 467357, at *6 (N.D. Cal. Jan. 18, 2018) (granting request to seal a redacted version of the compensation plan). The information contained in Exhibit 6 to Plaintiffs' opposition is proprietary compensation material that warrants sealing.

7. For the reasons set forth above, Defendants request that the Court grant Plaintiffs' Application to Seal Exhibit 6 to Plaintiffs' Opposition to Defendants' Motion in Limine **(ECF No. 203)** and maintain this document under seal.

Dated: May 24, 2019

MAYER BROWN LLP
Nancy G. Ross
Brian D. Netter
Samuel P. Myler

By: */s/ Samuel P. Myler*
　　　Samuel P. Myler

*Attorneys for Defendants*