JEROME J. SCHLICHTER (SBN 054513)
jschlichter@uselaws.com
NELSON G. WOLFF (admitted *pro hac vice*)
nwolff@uselaws.com
MICHAEL A. WOLFF (admitted *pro hac vice*)
mwolff@uselaws.com
KURT C. STRUCKHOFF (admitted *pro hac vice*)
kstruckhoff@uselaws.com
SCHLICHTER, BOGARD & DENTON LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
*Counsel for Plaintiffs*

WILLIAM A. WHITE (SBN 121681)
wwhite@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 620-4840
*Local Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (Western Division)

| | |
|---|---|
| CLIFTON W. MARSHALL, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION, et al.,<br><br>*Defendants*. | Case No. 16-CV-6794 AB (JCx)<br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION IN LIMINE, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. André Birotte Jr.<br><br>Date:<br>October 4, 2019, at 11:00 a.m.<br><br>Trial Date:<br> October 15, 2019, at 8:30 a.m. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 4, 2019, at 11:00 a.m. in the United States Courthouse for the Central District of California, Courtroom 7B, 350 West First Street, Los Angeles, California 90012, Plaintiffs will move, and hereby do move *in limine* that the Court exclude all testimony from Defendants' proposed expert witness Marcia Wagner in the form of legal conclusions and opinion about ultimate issues of law.

The parties conferred about this motion on August 16, 2019, but were unable to resolve their present dispute.

This motion is based on this Notice and the following Memorandum of Points and Authorities and the documents referred to therein.

**Memorandum of Points And Authorities in Support of Motion**

An expert witness may provide testimony in the form of an opinion only to help the court to understand the evidence or to determine a fact that is in issue. Fed.R.Evid. 702(a). An expert "cannot testify to a matter of law amounting to a legal conclusion." *United States v. Tamman*, 782 F.3d 543, 552–53 (9th Cir. 2015) (citing Fed.R. Evid. 702(a) and *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992)). An expert cannot provide an opinion on an ultimate issue of law. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). Merely reciting the facts and stating an opinion that those facts demonstrate lawful conduct is providing an improper legal conclusion. *Tamman*, 782 F.3d at 553.

Defendants have identified Marcia Wagner as an expert witness regarding Plaintiffs' claims that Defendants committed prohibited transactions and breach their duties of loyalty and prudence by allowing Northrop to provide services to the Plan and by delivering Plan assets to Northrop. Doc. 176-2. Wagner is an attorney. In fact, she is a partner with an attorney who represented Plan participants in *Grabek v Northrop Grumman Corp.*, No. 06-6213, in asserting that these actions in

fact violated ERISA's fiduciary duties and prohibited transaction provisions. Doc. 176-1 at 7 (1:10–18), 8–9 (2:19–3:12); *In re Northrop Grumman Corp. ERISA Litig.*, No. 06-6213, Doc. 688 (Pla. Claims and Contentions of Fact and Law). Wagner claims to be a national expert on the fiduciary requirements under ERISA. Doc. 176-2 at 2 (¶5) (ex parte). Wagner gives her opinion as to whether Plaintiffs' expert is qualified to provide his own opinion under Federal Rule of Evidence 702. *Id.* at 5 (¶16).

In her report, Wagner merely recites the facts purportedly shown by Northrop's documents (*id.* at 5–18), summarizes ERISA statutory provisions, DOL regulations, and DOL information letters and advisory opinions (*id.* at 19–16), and then states her opinions that Northrop complied with the law (*id.* at 27–34). For example, she asserts "the system of checks and balances used by Northrop enabled its chargebacks to the Plan to meet ERISA's three-part necessary and reasonable test" (*id.* at 4, ¶13), "As required by ERISA..." (*id.* at 5, ¶14), "Northrop met this requirement" (*id.* at 23, ¶67), "Northrop's actual practice during the Reimbursement Period succeeded in addressing all of the required issues for ... avoiding prohibited transactions" (*id.* at 29, ¶85). She even provides her opinion that "this system was allowed to stand notwithstanding two DOL investigations, which is evidence of its viability and practicality for fiduciary purposes." *Id.* at 36 (¶104).[1]

Wagner's report is little more than a legal brief, and, in the guise of an expert witness, Defendants are attempting to put a lawyer on the stand to provide her argument why judgment should be entered in favor of Defendants on these claims.

---

[1] This speculation by Wagner itself is inadmissible for a variety of reasons. Her opinion also contradicts the facts. DOL investigated these payments after the commencement of the *Grabek* litigation and ultimately reached a settlement with Northrop after the Plan fiduciaries had stopped paying Northrop for any putative services. If Northrop's "system" complied with the law, Northrop would not have terminated the system after DOL started investigating.

That is improper under Rule 702. The Court should preclude Wagner from providing any opinions about ultimate issues of law or legal conclusions.

Dated: August 23, 2019                Respectfully submitted,

By: /s/ Michael A. Wolff
Michael A. Wolff (*Pro Hac Vice*)
SCHLICHTER, BOGARD & DENTON LLP
*Counsel for Plaintiffs*