JEROME J. SCHLICHTER (SBN 054513)
jschlichter@uselaws.com
NELSON G. WOLFF (admitted *pro hac vice*)
nwolff@uselaws.com
MICHAEL A. WOLFF (admitted *pro hac vice*)
mwolff@uselaws.com
KURT C. STRUCKHOFF (admitted *pro hac vice*)
kstruckhoff@uselaws.com
SCHLICHTER, BOGARD & DENTON LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
*Lead Counsel for All Plaintiffs*

WILLIAM A. WHITE (SBN 121681)
wwhite@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 620-4840
*Local Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CLIFTON W. MARSHALL, et al.,

*Plaintiffs*,

v.

NORTHROP GRUMMAN CORPORATION, et al.,

*Defendants.*

Case No. 16-CV-6794 AB (JCx)

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CERTAIN FACT WITNESS TESTIMONY**

Date: October 4, 2019
Time: 11:00 a.m.
Courtroom 7B – 7th Floor

Hon. André Birotte Jr.

## BACKGROUND

In *In re Northrop Grumman Corp. ERISA Litigation*, No. 06-6213 AB (JCx) (*Grabek*), this Court conducted a partial trial of the claims of participants in the Northrop Grumman Savings Plan, the same Plan that is at issue here, over unlawful payments to Northrop. This case is related to *Grabek* because both cases concern allegations of prohibited transactions and fiduciary breach from the payment to Northrop of assets out of the same Plan. *See*, *e.g.*, *Grabek* Doc. 802 at 2:16–23. *Grabek* concerned the payments that occurred through May 11, 2009. *Id.*, Doc. 790-1 at 4–5 (3:24–4:11). This case concerns the payments that continued to be paid from September 9, 2010 through 2015. *Marshall* Doc. 1 at 13–15, Doc. 4, Doc. 130.

The Defendants in *Grabek* included the Plan Administrative Committee and certain members of that Committee. *Grabek* Doc. 733 at 3 (March 8, 2017).[1] The Defendants in this case include the same Administrative Committee, the Plan's Investment Committee, the members of each of those Committees during the time in question, and Northrop Grumman. *Marshall* Doc. 132 at 7–14. The Defendants in both cases have been represented by the same counsel.

On August 2, 2019, in accordance with the schedule agreed to by the parties, Plaintiffs provided Defendants their initial witness list and designation of deposition and trial testimony they intended to offer at trial. Doc. 272-3 at 4–6 (ex. C); Doc. 272-4 at 4–14 (ex. D). Plaintiffs designated the same Northrop executives and consultant who were witnesses in *Grabek*, including Dennis Wootan, Ryan Hamlin, Christopher Ranieri, Jeffrey Krynski, John Michael Hateley, Maria Norman, Rose Mary Abelson, and Andrew Ward. Doc. 272-3 at 5–6. Plaintiffs also provided Defendants their designations of the testimony of those witnesses, some of which included Rule 30(b)(6) testimony on behalf of the Administrative and

---

[1] Northrop Grumman and the Investment Committee were also parties, but were later dismissed. *Grabek* Doc. 359, Doc. 606 at 65.

Investment Committees. Doc. 272-4 at 11–14. The deposition designations are the same designations that Plaintiffs provided in *Grabek,* with limited exceptions. Declaration of Kurt Struckhoff, ¶ 2, ex. 1.

All of these witnesses and testimony provide background on the how the system was established whereby Northrop provided putative services to the Plan and received payments of Plan assets, which Plaintiffs contend was in fact just transferring of corporate expenses to the employees' retirement plan and in violation of the detailed procedures established by Administrative Services Agreements (ASAs) to avoid ERISA prohibited transactions that the Committees established upon advice of counsel during the time in question in *Grabek*, but did not follow during the time in question in *Grabek* or in *Marshall*, and did not terminate until the time at issue in *Marshall*. Wootan (a former Northrop executive) was the secretary of the Administrative Committee. Hamlin was and is Northrop's corporate director of investments. Ranieri was Northrop's Director of Benefits Accounting. Krynski was the agent of the consulting firm (Gildner, later TPI) that Northrop hired to provide an administrative cost benchmarking study. Hateley was Northrop's corporate vice president and member of the Administrative Committee. Norman was Northrop's Corporate Director of Benefits Strategy & Design. Abelson was a member of the Investment Committee. Ward was Northrop's Corporate Director of Investments. The defendants-fiduciaries in *Grabek* designated six of these individuals as their own trial witnesses. *Grabek* Doc. 683 at 5–7 (Hateley, Hamlin, Wootan, Krynski, Ranieri, Norman). Hatelely, Wootan, Hamlin, and Abelson were defendants in *Grabek*. Defendants concede Hamlin is a properly designated witness, because they intend to use him as a witness themselves at trial. *Marshall* Doc. 271 at 5 (2:27–28).

The establishment of procedures on advice of counsel to avoid ERISA prohibited transactions in the payment of Plan assets to Northrop and the failure to follow those procedures even though they were still in effect during the time at

issue in *Marshall* is clearly relevant to the *Marshall* Plaintiffs' claims that those payments were prohibited and in breach of Defendants' fiduciary duties. *See Marshall* Doc. 274 at 7–14.

Defendants are trying to keep that evidence out of this case. Their motion in limine provides no basis for doing so.

**I. There is no basis for excluding this testimony under Rule 37(c)(1).**

Defendants seek to bar the testimony of Ranieri, Krynski, Hateley, Abelson, and Ward at trial because these individuals (all Northrop executives) were not listed in Plaintiffs' Rule 26(a)(1)(A)(i) disclosures. Plaintiffs did not identify these witnesses in this case because Defendants already knew that these witnesses (most of whom are Northrop executives and Committee members) had information concerning the payment of Plan assets to Northrop that were at issue in *Grabek*, and which continued in this case. Redesignating these individuals in Rule 26(a)(1)(A)(i) disclosures in this case would have been superfluous because Defendants already knew these individuals had discoverable information. In fact, they were almost entirely Defendants' own witnesses in *Grabek* and four were defendants.

Even if the Court were to consider that a violation of Rule 26(a)(1)(A)(i), the Court cannot bar the use of those witnesses under Rule 37(c)(1) if the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In making that determination, the Court considers: (1) prejudice or surprise to Defendants; (2) Defendants' ability to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Muhammad v. Target Corp.*, No. 17-8977-CAS, 2019 WL 2122983, at *2 (C.D. Cal. May 13, 2019) (*quoting Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (*citing David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Those factors show that Plaintiffs' nondisclosure was substantially justified or harmless.

1. All of these witnesses are former Northrop executives who participated in the

administration of the Plan (or a consultant hired by Northrop to review administrative expenses) and were designated as trial witnesses in *Grabek*. Defendants knew these individuals participated in the pre-*Marshall* scheme to deliver Plan assets to Northrop as putative payments for administrative services, which scheme continued during the time at issue in *Marshall*, or in the case of Krynski informed Northrop of its excessive administrative expenses. Defendants cannot honestly claim they are surprised or prejudiced by the failure to identify these individuals in Plaintiffs' Rule 26(a)(1)(A)(i) disclosures.

Defendants knew Plaintiffs intended to use evidence from *Grabek* in this case, because the *Marshall* Plaintiffs intervened in *Grabek* to modify the protective order in that case to allow the *Marshall* Plaintiffs to use in their case documents produced in *Grabek*. *See Grabek* Doc. 802 (Order Granting Pla. Mot. To Intervene & Modify The Protective Order, Oct. 24, 2017). In fact, Defendants themselves have identified numerous *Grabek* documents as trial exhibits they intend to use in this case. *Marshall* Doc. 270 at 82–85 (exs. 837, 839–64). If Defendants contend that documents from the *Grabek* time period are relevant to the issues in *Marshall*, they cannot be surprised that their own executives and consultants who dealt with those documents and were identified as such in *Grabek* would be called as witnesses in *Marshall*. Defendants' same attorneys attended the depositions and trial that Plaintiffs want to use here. They did not need a Rule 26(a)(1)(A)(i) disclosure to discover these witnesses and the testimony they would provide in this case.

Defendants own case states that the purpose of the Rule 26(a)(1)(A)(i) disclosure is to provide the party-opponent "a reasonable opportunity to pursue discovery of these witnesses." *Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, No. 15-0595, 2016 WL 1394280, at *2 (S.D. Cal. Apr. 8, 2016). Defendants had that opportunity (and exploited that opportunity in *Grabek*) because they knew who these witnesses were and what these witnesses know about Northrop's unlawful payments. *See id.* at *3 (denying exclusion of undisclosed

witnesses who the defendant knew how to contact and learn what they might say regarding the issues in the case).

2. There is no prejudice for Defendants to cure. Defendants already had the deposition and trial transcripts of these witnesses long before this case was filed and Plaintiffs designated the portions of those transcripts they want to use on August 2, which were the same designations that the *Grabek* plaintiffs made. Defendants have better access to these witnesses than Plaintiffs to obtain any further information they might want. Defendants already had prepared these witnesses for deposition and trial in *Grabek*. There is no prejudice like that shown in *Biltmore*, in which the late designation of a witness to authenticate new documents would require the modification of both parties' expert witness reports and disrupt the trial setting. *Biltmore Assocs., L.L.C. as Trustee for Visitalk Creditors' Trust v. Thimmesch*, No. 02-2405, 2008 WL 11441978, at *3 (D. Ariz. Feb. 8, 2008).

3. Even if Plaintiffs are able to subpoena these witnesses for trial (Defendants refuse to produce them voluntarily), there is no likelihood of disruption of the trial, especially since Plaintiffs already designated these individuals as their trial witnesses. If Plaintiffs are not able to compel the witnesses' appearance, presenting the designated testimony of those witnesses will not disrupt the trial at all.

4. Plaintiffs did not act in bad faith or willfully. As indicated above, they did not designate these individuals in their Rule 26(a)(1)(A)(i) disclosures because Defendants already knew about these witnesses and these individuals and their deposition testimony were designated in *Grabek* (two of them testified at trial). Because listing these individuals as trial witnesses and designating their testimony for use at trial could not have surprised Defendants, Plaintiffs had nothing to gain by failing to identify these witnesses in their Rule 26(a)(1)(A)(i) disclosures.

Proof that Defendants fully expected documents and witnesses from *Grabek* to be used in *Marshall* regarding the same conduct that continued during a later period without the need for a Rule 26(a)(1)(A) disclosure is shown by the fact that

Defendants themselves designated numerous documents from *Grabek* as trial exhibits in *Marshall*. Doc. 270 at 82–85 (exs. 837, 839–64). Defendants did not identify any of those documents in their Rule 26(a)(1)(A)(ii) disclosures. Struckhoff Decl. ¶ 3, Ex. 2 at 5–6 (amended disclosures). Defendants thus concede that identifying *Grabek* documents and witnesses was not necessary under Rule 26(a)(1)(A).

For all of these reasons, Defendants motion to exclude the testimony of Ranieri, Krynski, Hateley, Abelson, and Ward under Rule 37(c)(1) is unfounded and should be rejected.

**II. There is no other basis for excluding this testimony.**

Defendants seek to exclude the designated portions of the deposition and trial testimony of Northrop's executives and consultant on the grounds that Plaintiffs violated an order in *Grabek* regarding the *Grabek* protective order, because these witnesses may be available at trial, and because the testimony is hearsay. None of these arguments have merit.

**A. The *Grabek* order did not require the designation of testimony and did not purport to restrict what could be used as evidence in *Marshall*.**

Defendants claim that use of *Grabek* testimony is "procedurally improper" because Plaintiffs did not identify these transcript portions in accordance with the Court's order in *Grabek* (Doc. 802). The Court in *Grabek* did not order the *Marshall* Plaintiffs to identify testimony as a condition to using that testimony in *Marshall*. Instead, the Court ordered Plaintiffs to identify only the *documents* produced in *Grabek* that were subject to the *Grabek* protective order. *Grabek* Doc. 802 at 1–3, 8:4–8 ("The Court ORDERS Plaintiff to advise Defendants of the *documents* it seeks within ninety (90) days of the issuance of this order. The parties shall attempt to resolve any disputes regarding the *documents* identified by meeting and conferring prior to bringing any such disputes to the Court's attention.") (emphasis added). Plaintiffs were not obligated by the Order to identify *Grabek*

*testimony* they intended to use at trial in *Marshall*.

The *Grabek* order did not and could not control what could be used as evidence at trial in *Marshall*. It, thus, was not an order to provide discovery under Rule 37(b)(2)(A)(ii). Defendants' reliance on the one-page page order in *PeerMusic, III, Ltd. v. LiveUniverse, Inc.*, No. 09-6160-GW, 2011 WL 684610, at *1 (C.D. Cal. Feb. 17, 2011), is inapt because the magistrate's report and recommendation which that order adopted concerned repeated failures by a party to comply with orders compelling discovery responses and sanctions. *PeerMusic*, No. 09-6160-GW (PLAx), Doc. 161 at 10:3–12:11, 18:9–13 (Jan. 26, 2011). That does not apply here.

**B. The availability of these witnesses has not yet been determined.**

Defendants claim that Wootan, Krynski, Hateley, Abelson, and Ranieri are all subject to subpoena and available at trial. (They do not, of course, offer to produce those witnesses themselves.) That is not true as to Hatelely and Abeslon. Struckhoff Decl. ¶ 5. A witness is unavailable if Plaintiffs have not been able, by process or other reasonable means, to procure the witness's attendance at trial. Fed. R. Evid. 804(a)(5)(A). Plaintiffs need only make a "good faith effort" to procure the witness's presence. *United States v. Olafson*, 213 F.3d 435, 441 (9th Cir. 2000) (*quoting United States v. Winn*, 767 F.2d 527, 530 (9th Cir. 1985)); *United States v. Vallejo*, 974 F.2d 1344 (9th Cir. 1992) (refusal to comply with subpoena deemed sufficient); *Murray v. Toyota Motor Distributors, Inc.*, 664 F.2d 1377, 1380 (9th Cir. 1982) (witness residing "beyond the reach of a subpoena from the district court" is unavailable). Plaintiffs are in the process of serving trial subpoenas on those witnesses. Struckhoff Decl. ¶ 4. Their availability has not yet been determined.

**C. The designated testimony is not excludable hearsay.**

Defendants' third argument is difficult to understand. They appear to argue that the designated testimony is inadmissible hearsay *only* as to the individual members of the Administrative and Investment Committees ("the individual Defendants"),

conceding it *is* admissible against the Administrative and Investment Committees and Northrop. They appear to contend that, although this evidence is admissible to prove the liability of the Committees, it would not be sufficient to prove the liability of the members of those Committees. *See* Doc. 271 at 11 (8:28). That does not make any sense and the lone district court case they cite does not support them.[2]

Defendants' hearsay arguments also are unfounded. The *Grabek* testimony is not hearsay if the witness is unavailable and if the testimony is "offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). The Defendants in *Grabek* and *Marshall* were and are represented by the same attorneys. The Plan's Administrative Committee is the same defendant in both cases. Those same attorneys attended the depositions and trials at which the testimony was transcribed and had full opportunity to address the proffered testimony through their own examination. They clearly had exactly the same motive in both cases: to disprove Plaintiffs' claim that the Plan fiduciaries unlawfully delivered Plan assets to Northrop as putative payment for administrative services.

The *Grabek* Defendants clearly are the predecessors in interest of the *Marshall* Defendants because both groups of Defendants are alleged to be the Plan fiduciaries responsible for the unlawful payments to Northrop, albeit at different times. "[T]he term 'predecessor in interest' does not invoke the common law concept of privity but rather sets out a more forgiving standard." *Volland-Golden v. City of Chicago*, 89 F. Supp. 3d 983, 987 (N.D. Ill. 2015) (citations omitted). The question is "whether the two parties had roughly commensurate stakes in the outcome of their

---

[2] *Hook v. Regents of Univ. of Cal.*, No. 05-356, 2007 WL 9705919, at *5 (D. N.M. Mar. 29, 2007), concerned summary judgment opposition affidavits that the court noted contained hearsay and other inadmissible statements, but did not specifically decide what was admissible against which defendant.

respective proceedings[.]" *Id.*

Here, the same fiduciaries of the same Plan, albeit different individuals at different times (the same Administrative Committee at all times) have nearly identical stakes in the outcome of their respective proceedings—proving that they qualified for a prohibited transaction exemption or did not breach their fiduciary duties by delivering Plan assets to Northrop. The difference in time period between the two fiduciary groups has no effect on their equally strong interest in disproving Plaintiffs' claims and proving their own affirmative defenses. The "underlying issues" and "context" of *Grabek* and *Marshall* are nearly identical, but for different time periods, and thus satisfy the predecessor in interest requirement. *Id.* at 988 (quoting *United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, J., concurring); *see also United States v. Duenas*, 691 F.3d 1070, 1087 (9th Cir. 2012) (quoting same); *Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452, 458 (N.D. Cal. 2008). The two cases have a "substantial identity of issues" and "the presence of an adversary with the same motive to cross-examine the deponent" or trial witness. *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982). The *Grabek* testimony clearly satisfies the requirements of Rule 804(b)(1).

The testimony also satisfies Federal Rule of Evidence 807(a). *United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998) (admitting videotaped testimony under residual exception); *United States v. Marchini*, 797 F.2d 759, 764 (9th Cir. 1986) (admitting grand jury testimony under former Rule 804(d)(5)); *Taylor v. Fairfield Resorts, Inc.*, No. 07-1602, 2009 WL 5195973, at *6 (D. Nev. Dec. 23, 2009) (employee's testimony admissible under Rule 807). Because the testimony was given under oath at deposition or trial (which Defendants' same attorneys attended with the same purpose of fighting similar claims), it has equivalent circumstantial guarantees of trustworthiness as live testimony. Fed. R. Evid. 807(a)(1). The testimony is offered as evidence of the material facts concerning the ASAs and the Plan fiduciaries' failure to comply with them, the nature and value of

the services Northrop provided, and the manner by which Northrop was paid Plan assets. Fed. R. Evid. 807(a)(2). The testimony of these witnesses who engaged in these transactions at the time they occurred is more probative on these points than any other evidence that Plaintiffs can obtain through reasonable efforts, because no one else knows these facts. Fed. R. Evid. 807(a)(3). Admitting this testimony will serve the purposes of the rules of evidence and the interests of justice because they are the same testimony that was being offered into evidence in *Grabek* and concern the same pattern of conduct at a later time, in *Marshall*.

In addition, this testimony is admissible at least against Northrop and the Committees regardless of witness availability because they are statements of Northrop executives in their official capacities or as representatives of the Committees, who were authorized by Northrop or the Committees to make those statements, and who at least the Administrative Committee and Defendants Hateley, Wootan, Hamlin, and Abelson manifested were truthful because they designated these individuals as their own witnesses in *Grabek*. Fed. R. Evid. 801(d)(2)(A)–(C); *Weil v. Citizens Telecom Servs. Co., LLC,* 922 F.3d 993, 999 (9th Cir. 2019); *Movie 1 & 2 v. United Artists Commc'ns, Inc*., 909 F.2d 1245, 1249–50 (9th Cir. 1990).

**CONCLUSION**

The Court should deny Defendants' motion.

September 13, 2019

Respectfully submitted,

By: /s/ Michael A. Wolff
Michael A. Wolff (*pro hac vice*)
SCHLICHTER, BOGARD & DENTON LLP
*Lead Counsel for Plaintiffs*