# CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Defendants (hereinafter the "parties").

## 1.   Article 1 - Recitals

1.1   On September 9, 2016,  Clifton Marshall, Thomas Hall, Manuel Gonzalez, Ricky Hendrickson, Phillip Brooks, and Harold Hylton filed a complaint in the United District Court for the Central District of California (Case No. 16-CV-06794) on behalf of the Northrop Grumman Savings Plan (the "Plan") alleging breach of fiduciary duty and prohibited transactions under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1132(a)(2) and seeking equitable relief under 29 U.S.C. § 1132(a)(3).   The operative complaint is the second amended complaint filed on November 3, 2017 against the following defendants: the Northrop Grumman Corporation ("Northrop"), the Northrop Grumman Savings Plan Administrative Committee, the Northrop Grumman Savings Plan Investment Committee, Denise Peppard, Michael Hardesty, Kenneth Bedingfield, Kenneth Heintz, Prabu Natarajan, Maria Norman, Mark Caylor, Mark Rabinowitz, Richard Boak, Debora Catsavas, Teri Herzog, Tiffany McConnell King, Christopher McGee, Gary McKenzie, Constance Soloway, Rajender Chandhok, Gloria Flach, James Myers, Sunil Navale, Eric Scholten, and Steven Spiegel (the "Complaint"). Doc. 132.  Specifically, the Complaint alleged the following claims: (1) Defendants breached their fiduciary duties and engaged in prohibited transactions by distributing Plan assets to Northrop as payment for administrative services and investment-related services it provided to the Plan; (2) Defendants breached their fiduciary duties in paying unreasonable recordkeeping fees to the Plan's recordkeeper; (3) Defendants breached their fiduciary duties in the management of the Plan's Emerging Markets Equity Fund investment option; (4) Defendants engaged in prohibited transactions in hiring and paying third-party service providers, including the Plan's recordkeeper; (5) Defendants failed to monitor their appointed fiduciaries and the groups to whom they delegated fiduciary tasks; and (6) for an equitable remedy for recovery of payments to Northrop made in breach of Defendants' fiduciary duties. On August 14, 2019, the Court granted in part Defendants' motion for summary judgment on the claims that certain Defendants breached their fiduciary duties and engaged in prohibited transactions with respect to the fees paid to the Plan's recordkeeper and those paid to the managers of the Plan's Emerging Markets Equity Fund investment option, and that Defendants failed to monitor their delegates and appointees. Doc. 264. Following the Court's summary judgment order, Plaintiffs' remaining claims alleged that certain Defendants violated ERISA 29 U.S.C. §§ 1104 and 1106 by distributing plan assets to Northrop and by not fully transitioning the Emerging Markets Equity Fund to passive management until 2014, and a claim for equitable relief against Northrop.  On October 4, 2019, the Court dismissed with prejudice Defendant Maria Norman because she was never served with process.

1.2   On November 2, 2017 [Doc. 130], upon motion by Plaintiffs, the Court certified Plaintiffs' lawsuit as a class action under Federal Rule of Civil Procedure 23(b)(1), appointed Plaintiffs' undersigned attorneys as Class Counsel, appointed Plaintiffs

Marshall, Hall, Gonzalez, Hendrickson, Brooks, and Hylton as Class Representatives, and defined the certified class as follows:

> All persons, excluding defendants and/or other individuals who are liable for the conduct described in the complaint, who are or were participants or beneficiaries of the Northrop Grumman Savings Plan at any time between September 9, 2010 and the date of judgment, and were affected by the conduct set forth in this Complaint.

1.3    The trial of Plaintiffs' remaining claims was scheduled to begin on October 15, 2019. On October 15, 2019, before trial commenced, the parties reached a tentative settlement of those claims. The terms of the parties' settlement are memorialized in this Settlement Agreement.

1.4    The Class Representatives and Class Counsel consider it desirable and in the Class Members' best interests that the claims against Defendants be settled on behalf of the Class Representatives and the Class upon the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in benefits to Class Representatives and the Class.

1.5    Defendants deny all liability for the claims made in the Class Action and maintain that they are without any fault or liability. This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event be construed as, or be deemed to be evidence of, an admission or concession on Defendants' part of any fault or liability whatsoever.

1.6    Defendants contend that the fees incurred by the Plan for administrative services performed by Northrop Grumman employees were, at all relevant times, prudent, reasonable, and commensurate with the services required given the Plan's size and complexity, and consistent with the prohibited transaction provisions set forth under ERISA and applicable regulations. Defendants further contend that the transition from active to passive management of the Emerging Markets Equity Fund was a reasoned and prudent decision based on a careful assessment of the strengths and weaknesses of each management type during the relevant time period.

1.7    The Settling Parties have concluded that it is desirable that the Class Action be finally settled upon the terms and conditions set forth in this Settlement Agreement.

1.8    Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

**2.    Article 2 - Definitions**

As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 11.20), unless otherwise defined, the following terms have the meanings specified below:

2.1    "Active Account" means an individual investment account in the Plan with a balance greater than $0 as of December 31, 2019.

Exhibit A

**2.2**   "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Class; (b) related tax expenses of the Settlement Fund (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the distribution of funds pursuant to the Plan of Allocation, including but not limited to the fees of the Plan's recordkeeper associated with implementing this Settlement Agreement, facilitating the distribution of funds pursuant to the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Independent Fiduciary, Settlement Administrator, and Escrow Agent; and (e) all fees, expenses, and costs associated with providing notices required by CAFA. Excluded from Administrative Expenses are Defendants' internal expenses and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

**2.3**   "Alternate Payee" means a person other than a Plan participant or Beneficiary who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order.

**2.4**   "Attorneys' Fees and Costs" means the amount awarded by the Court from the Gross Settlement Fund as compensation for the services provided by Class Counsel and to be provided in the future during the Settlement Period.

**2.5**   "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form that is postmarked before the Claims Deadline set by the Court in the Preliminary Order, or electronically submitted online no later than the Claims Deadline, whose Former Participant Claim Form is accepted by the Settlement Administrator.

**2.6**   "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan upon the death of a Plan participant, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, legally recognized domestic relations partner, or child who currently is entitled to a benefit.

**2.7**   "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§1711–1715.

**2.8**   "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

**2.9**   "Class" means the class certified by the Court defined as: All persons, excluding Defendants and/or other individuals who are liable for the conduct described in the Complaint, who are or were participants or beneficiaries of the Plan at any time between September 9, 2010 and the date of judgment, and were affected by the conduct set forth in the Complaint.

**2.10**   "Class Action" means *Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794 in the United States District Court for the Central District of California.

**2.11**   "Class Counsel" means Schlichter Bogard & Denton LLP, 100 South Fourth Street, Suite 1200, St. Louis, Missouri, 63102.

Exhibit A

**2.12**  "Class Members" means all individuals in the Class.

**2.13**  "Class Period" means the period from September 9, 2010 through the date of the Court's entry of the Final Order.

**2.14**  "Class Representatives' Compensation" means an amount to be determined by the Court, but not to exceed $25,000 for each Class Representative, which shall be paid from the Gross Settlement Amount.

**2.15**  "Confidentiality Order" means the Protective Order signed by the Court in the Class Action on August 3, 2017. Doc. 108.

**2.16**  "Court" means the United States District Court for the Central District of California.

**2.17**  "Court of Appeals" means the United States Court of Appeals for the Ninth Circuit.

**2.18**  "Current Participant" means a member of the Class who participated in the Plan during the Class Period and has an Active Account balance as of December 31, 2019.  This includes any Current Participant who dies before the allocation pursuant to the Plan of Allocation is credited to his or her account, as long as the decedent still has an Active Account at the time of crediting.

**2.19**  "Defendants" means the Northrop Grumman Corporation, the Northrop Grumman Savings Plan Administrative Committee, the Northrop Grumman Savings Plan Investment Committee, Denise Peppard, Michael Hardesty, Kenneth Bedingfield, Kenneth Heintz, Prabu Natarajan, Mark Caylor, Mark Rabinowitz, Richard Boak, Debora Catsavas, Teri Herzog, Tiffany McConnell King, Christopher McGee, Gary McKenzie, Constance Soloway, Rajender Chandhok, Gloria Flach, James Myers, Sunil Navale, Eric Scholten, and Steven Spiegel.

**2.20**  "Defense Counsel" means counsel for Defendants, including Nancy G. Ross and Brian D. Netter, Mayer Brown LLP, 71 South Wacker Drive, Chicago, Illinois 60606.

**2.21**  "Escrow Agent" means Commerce Bank, or another entity as agreed to by the Settling Parties.

**2.22**  "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from the Class to the Settlement Agreement, (b) Class Counsel's Petition for Attorneys' Fees and Costs and Class Representatives' Compensation, and (c) whether to finally approve the Settlement under Federal Rule of Civil Procedure 23.

**2.23**  "Final Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.  The date of judgment in the Class definition refers to the entry of this Final Order.

Exhibit A

**2.24** "Final" means with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted review proceeding, the period after which the Final Order becomes Final is thirty (30) calendar days after its entry.

**2.25** "Former Participant" means a member of the Class who participated in the Plan during the Class Period and as of December 31, 2019 did not have an Active Account.

**2.26** "Former Participant Claim Form" means the form described generally in Paragraph 3.4.2 and substantially in the form attached as Exhibit 1.

**2.27** "Gross Settlement Amount" means the sum of twelve million, three hundred and seventy-five thousand dollars ($12,375,000), contributed to the Qualified Settlement Fund pursuant to Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Class, Plaintiffs, and Class Counsel made on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement.

**2.28** "Independent Fiduciary" means Gallagher Fiduciary Advisors, LLC, an independent fiduciary, who will serve as a fiduciary to the Plan and who currently has no relationship to or interest in any of the Settling Parties and is mutually agreed to by the Settling Parties.

**2.29** "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel or Other Counsel as authorized by the court; (b) all Class Representatives' Compensation as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid; (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period; and (3) an amount estimated for adjustments of data or calculation errors.

**2.30** "Other Counsel" means any counsel other than Class Counsel acting on behalf of, or seeking to advance the interests of, Plaintiffs or the Class, including Hill Farrer and Burrill LLP, 300 South Grand Avenue, 37th Floor, Los Angeles, California 90071.

**2.31** "Plaintiffs" means the Class Representatives and the Class Members.

**2.32** "Plan" refers to the Northrop Grumman Savings Plan.

**2.33** "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6 below.

Exhibit A

**2.34** "Plan Fiduciary" means the current named fiduciary for administration of the Plan in the Plan document or its delegate.

**2.35** "Plan Sponsor" means Northrop Grumman Corporation.

**2.36** "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

**2.37** "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent pursuant to Article 5 hereof and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.38** "Released Parties" means (a) each Defendant, together with Maria Norman, (b) each such person or entity's past, present, and future parent corporation(s), (c) each such person or entity's past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and (d) with respect to (a) through (c) above, all of their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), administrators, service providers, subcontractors, officers, directors, partners, agents, managers, members, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, shareholders, accountants, auditors, advisors, consultants, trustees, associates, and all persons acting under, by, through, or in concert with any of them.

**2.39** "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether involving legal, equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, for actions or omissions that occurred during the Class Period only, that:

**2.39.1** Were asserted in the Class Action and any claims that might have been asserted in the Class Action, arising under ERISA, or any other local, state, or federal statute or law (or any rule or regulation associated therewith or promulgated thereunder) or the common law, that arise out of, relate to, or are based on any of the actions or omissions that occurred during the Class Period;

**2.39.2** Would be barred by the principles of res judicata or collateral estoppel had the claims asserted been fully litigated and resulted in a final judgment;

Exhibit A

**2.39.3**   Relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund pursuant to the Plan of Allocation (including allocations to the Plan or any member of the Class and payment of Attorneys' Fees, Class Representative Compensation, and expenses from the Qualified Settlement Fund);

**2.39.4**   Relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone;

**2.39.5**   Seek any remedy against Defendants' insurers;

**2.39.6**   Seek attorneys' fees and costs related to the Class Action in addition to the Attorneys' Fees and Costs specified in Paragraph 7.1; or

**2.39.7**   Constitute individual claims asserted or that could have been asserted by the Class Representatives or Members for alleged losses in their individual accounts during the Class Period.

**2.39.8**   "Released Claims" specifically excludes claims of individual denial of benefits under ERISA § 502(a)(1)(B) other than claims for benefits under the Plan during the Class Period, wages, labor or employment claims of any type, including but not limited to employment discrimination or wrongful termination, or any workers' compensation claim.

**2.40**   "Settlement" refers to the agreement embodied in this Settlement Agreement and its Exhibits and pursuant to the Final Order.

**2.41**   "Settlement Administrator" means an independent contractor to be retained by Class Counsel.

**2.42**   "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.43**   "Settlement Effective Date" means the date on which the Final Order has become Final, provided that by such date the Settlement has not been terminated pursuant to Article 10.

**2.44**   "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be mailed by first class mail to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibits 3 and 4. The Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition(s) of Class Counsel and/or Other Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Compensation. The Settlement Notice shall inform Former Participants of the Claims Deadline by which they must file a completed

Exhibit A

Former Participant Claim Form to be eligible for a distribution pursuant to the Plan of Allocation.

**2.45** "Settlement Period" means the period of time that begins on the Settlement Effective Date and ends three years after the Settlement Effective Date.

**2.46** "Settlement Website" means the Internet site established pursuant to Paragraph 11.3.

**2.47** "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves and each of the Class Members.

**3.** **Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

**3.1** The Independent Fiduciary shall be retained by the Plan Fiduciary, on behalf of the Plan, to determine independently whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

    **3.1.1** The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination, for the purpose of the Plan Fiduciary's reliance on PTE 2003-39.

    **3.1.2** All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

    **3.1.3** The Plan Fiduciary, Defense Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review the Settlement Agreement.  The Independent Fiduciary shall notify the Plan Fiduciary of its determination in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

    **3.1.4** Within fifteen (15) business days of receipt of the notification from the Independent Fiduciary, the Plan Fiduciary shall (a) review the determination by the Independent Fiduciary, (b) conclude whether the Independent Fiduciary has made the determinations required by the PTE 2003-39, and (c) notify Class Counsel and Defense Counsel in writing of its conclusion in that regard.

**3.2** The Settling Parties shall file with the Court a motion seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Order in substantially the form attached to the motion as Exhibit 2.  The Preliminary Order to be presented to the Court shall, among other things:

Exhibit A

**3.2.1**    Approve the text of the Settlement Notice, to be provided to Class Members identified by the Settlement Administrator, and the Former Participant Claim Form, to be provided to Former Participants, to notify them of the Fairness Hearing and that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed notice;

**3.2.2**    Cause the Settlement Administrator to mail by first class mail the Settlement Notice to each Class Member identified by the Settlement Administrator and the Former Participant Claim Form to each Former Participant identified by the Settlement Administrator based upon the data provided by the Plan's recordkeeper;

**3.2.3**    Determine under Federal Rule of Civil Procedure 23(c)(2), that the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States, and any other applicable law;

**3.2.4**    Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan;

**3.2.5**    Set the Fairness Hearing for a date no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Order, and (iii) the Court should approve the application(s) for Attorneys' Fees and Costs, Class Representatives' Compensation, and Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

**3.2.6**    Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) days before the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear at least thirty (30) days before the scheduled Fairness Hearing;

**3.2.7**    Provide that the Settling Parties may, but are not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) days of the discovery request being served on the objector;

**3.2.8**    Provide that any party may file a response to an objection by a Class Member at least ten (10) days before the Fairness Hearing;

**3.2.9**    Set a deadline of no later than ten (10) calendar days before the Fairness Hearing by which a Former Participant Claim Form must be postmarked for delivery to the Settlement Administrator in order to be considered for a distribution pursuant to the Plan of Allocation; and

**3.2.10**    Provide that the Fairness Hearing may, without further direct notice to the Class, other than by notice to Class Counsel, be adjourned or continued by order of the Court.

**3.3**    Defense Counsel, in coordination with the Plan Fiduciary, shall use its best efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including the Plan's recordkeeper, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount.

**3.3.1**    The Settlement Administrator shall be bound by (a) the terms of the non-disclosure agreement to be executed by and among the Settlement Administrator and Defendants and (b) the claim security protocol required by the Settling Parties.

**3.3.2**    The Settlement Administrator shall use the data provided in response to its requests for readily accessible data solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

**3.3.3**    The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided under Paragraph 3.3 to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**3.4**    By the date and in the manner set by the Court in the Preliminary Order, and unless otherwise set forth below, the Settlement Administrator shall:

**3.4.1**    Cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 3 and

Exhibit A

4 or a form subsequently agreed to by the Settling Parties and the Court. The Settlement Notice shall be sent by first-class mail, postage prepaid or by electronic means, to the last known address, or e-mail address if sent electronically, of each Class Member provided by the Plan Fiduciary, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan Fiduciary. Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

3.4.2   Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed or sent by electronic means to the Former Participants.

3.4.3   Prepare and provide CAFA notices to the Attorney General of the United States, the Secretary of the Department of Labor, and the Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. §1715, within ten (10) calendar days of Class Representatives' filing of the Settlement Agreement and proposed Preliminary Order. Subject to Court approval, the costs of such notice shall be paid from the Qualified Settlement Fund and shall be considered Administrative Expenses.

## 4.   Article 4 – Final Settlement Approval

4.1   No later than ten (10) business days before the Fairness Hearing, Class Counsel and Defense Counsel shall submit to the Court a mutually agreed upon motion for entry of the Final Order (Exhibit 5), which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement. The Final Order as proposed by the Settling Parties shall provide for the following, among other things as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

4.1.1   Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class, and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

4.1.2   A determination under Federal Rule of Civil Procedure 23(c)(2) that the Settlement Notice constitutes the best notice practicable under the circumstances, and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

4.1.3   Except for retention of jurisdiction to enforce the terms of the Settlement Agreement, dismissal with prejudice of the Class Action and all Released

Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

**4.1.4**   That each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (ii) barred from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

**4.1.5**   That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (ii) barred from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any member of the Class on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any member of the Class on behalf of the Plan now knows or believes to be true with respect to the Class Action and the Released Claims;

**4.1.6**   That each Class Member releases Defendants, Defense Counsel, Class Counsel, the Released Parties, and the Plan for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.7**   That all applicable CAFA requirements have been satisfied;

**4.1.8**   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court;

Exhibit A

4.1.9    That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

4.1.10    That, with respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Fiduciary pursuant to the applicable law and governing Plan terms;

4.1.11    That the Plan Fiduciary shall not have any liability with respect to any questions it resolves regarding distributions beyond that provided for in applicable law and governing Plan terms; and

4.1.12    That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

4.2    The Final Order shall provide that upon its entry all Class Members and the Plan shall be bound by the Settlement Agreement and by the Final Order.

**5.    Article 5 – Establishment of Qualified Settlement Fund**

5.1    No later than five (5) business days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income

13

earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

**5.3**   Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to:  (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

**5.4**   Within ten (10) business days after (a) the Preliminary Order is entered, or (b) the escrow account described in Paragraph 5.1 is established, whichever occurs later, Defendants, or their representatives or insurers, will deposit one million, five hundred thousand dollars ($1,500,000) into the Qualified Settlement Fund (the "Initial Funding"). However, Defendants, and their representatives or insurers, are not obligated to deposit the Initial Funding until the Escrow Agent provides to Defendants the escrow account name, IRS W-9 Form, and all necessary wiring instructions.

**5.5**   Within ten (10) business days after the Final Order is entered, the Defendants, or their representatives or insurers, will deposit ten million, eight hundred and seventy five thousand dollars ($10,875,000) into the Qualified Settlement Fund (the "Final Funding"). However, Defendants, and their representatives or insurers, are not obligated to deposit the Final Funding until the Escrow Agent provides to Defendants the escrow account name, IRS W-9 Form, and all necessary wiring instructions.

**5.6**   The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Qualified Settlement Fund shall be borne by the Qualified Settlement Fund.

Exhibit A

5.7     The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion thereof except as provided in this Settlement Agreement, in an order of the Court, or a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

5.8     Within one-hundred twenty (120) calendar days after the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and costs shall be paid to Class Counsel or Other Counsel within five (5) business days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid within five (5) business days after the Settlement Effective Date; (c) third, any Class Representatives' Compensation ordered by the Court shall be paid within five (5) business days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, the Net Settlement Amount will be distributed pursuant to the Plan of Allocation with best efforts of the Settlement Administrator to do so as quickly as possible, and at the latest, within one-hundred twenty (120) calendar days after the Settlement Effective Date. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, such account shall be held by the Escrow Agent.

5.9     The Escrow Agent, or the Settlement Administrator on its behalf, shall be solely responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting and withholding obligations, if any, for amounts distributed from it. Defendants, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

5.10    No later than February 15 of the year following the calendar year in which Defendants, their insurers, or representatives make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article 5, Defendants, their insurers, or representatives shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. §1.468B-3(e)(2), which may be a combined statement under Treas. Reg. §1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants, their insurers, or representatives make a transfer to the Qualified Settlement Fund.

## 6.    Article 6 – Plan of Allocation

6.1     After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Authorized Former Participants and to the Defined Contribution Plans Master Trust for allocation to the accounts of

Exhibit A

Current Participants in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.2 To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or an Authorized Former Participant or the Beneficiary or Alternate Payee of such a person. Current Participants shall receive their settlement payments as earnings credited to their Plan accounts as described in this Article 6 unless, as of the date of the settlement payments, they no longer have an account in the Plan. Authorized Former Participants shall receive their settlement payments in the form of checks as described in this Article 6.

6.3 Beneficiaries will receive checks as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. Alternate Payees will receive checks if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 pursuant to the terms of the applicable Qualified Domestic Relations Order. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.4 Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

6.4.1 The Settlement Administrator shall obtain from the Plan recordkeeper the quarter-ending account balances and quarter-ending account balances invested in the Plan's Emerging Markets Equity Fund for each Class Member for the period September 30, 2010 through December 31, 2014. The Settlement Administrator shall also obtain the quarter-ending account balances for each Class Member as of December 31, 2019.

6.4.2 The Settlement Administrator shall obtain, in writing, an agreement among the Plan Fiduciary, Class Counsel, and the Settlement Administrator on the Net Settlement Amount, and the amount apportioned to the Class.

6.4.3 The Net Settlement Amount shall be divided into two portions: (1) the Administrative Fee Portion ("Fee Portion") shall be eighty percent (80%) of the Net Settlement Amount; and (2) the Emerging Markets Equity Fund Portion ("EM Fund Portion") shall be twenty percent (20%) of the Net Settlement Amount.

6.4.4 The Fee Portion will be allocated among Class Members as follows: a percentage of Fee Portion that is the product of the sum of the participant's quarter-ending total account balances for each quarter from September 30, 2010 through December 31, 2013 divided by the sum of the quarter-ending net asset value of the Plan for each quarter during that period.

**6.4.5** The EM Fund Portion will be allocated among Class Members as follows: a percentage of the EM Fund Portion that is the product of the sum of the participant's quarter-ending account balances invested in the EM Fund for each quarter from December 31, 2010 through December 31, 2014 divided by the sum of the quarter-ending net asset value of the EM Fund for each quarter during that period.

No amount shall be distributed to a Class Member that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. All such amounts shall be retained in the Qualified Settlement Fund for distribution under Paragraph 6.13.

**6.4.6** For each Current Participant and Authorized Former Participant (and their Beneficiaries and Alternate Payees), the Settlement Administrator will calculate the total amount due to each such person in accordance with Paragraph 6.4.3 – 6.4.5.

**6.4.7** The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required distributions to Authorized Former Participants; and (b) instructing the Plan Fiduciary as to the amounts to be allocated to accounts of Current Participants and calculating the total amount to deposit in the Plan to fulfill this instruction.

**6.4.8** In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.4.9** Unless the Settling Parties agree in writing, the total amount of all checks to be written by the Settlement Administrator plus the total amount of all allocations that the Plan Fiduciary is instructed to make to Current Participants' accounts may not exceed the Net Settlement Amount. Nothing in this Paragraph 6.4.9 is intended to modify the requirements of Paragraph 6.8 below.

**6.5** Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment. The Settlement Administrator shall complete all payment calculations for all Current Participants and Authorized Former Participants within thirty (30) business days after the Settlement Effective Date. Within two (2) business days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide the Plan Fiduciary with an Excel spreadsheet containing the name, Social Security number, and the amount of the settlement payment for each of the Current Participants. Thereafter, within ten (10) business days' written notice to the Plan Fiduciary, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Defined Contribution Plans Master Trust of the aggregate amount of all settlement payments payable to Current Participants. The Plan Fiduciary shall direct the Plan's recordkeeper to credit the

Exhibit A

individual account of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant. The settlement payment for each Current Participant will be invested in accordance with such Current Participant's investment elections then on file. If there is no investment election on file for any Current Participant, then such Current Participant shall be deemed to have directed such payment to be invested in the Plan's "Qualified Default Investment Alternative," as defined in 29 C.F.R. §2550.404c-5. The settlement payment will be reflected in the Current Participant's Plan account as additional earnings. The Plan's recordkeeper shall process all Current Participant transactions within thirty (30) calendar days of receiving direction from the Plan Fiduciary for any Current Participant. The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Current Participants' accounts in accordance with this Article 6.

6.6     If, as of the date when distributions pursuant to this Settlement Agreement are made, a Current Participant no longer has an Active Account, he or she will be treated as an Authorized Former Participant for purposes of the settlement distribution only and will receive his or her payment from the Settlement Administrator in one settlement check as described in Paragraph 6.7. A Current Participant who no longer has an Active Account on the date of his or her Settlement distribution need not complete a Former Participant Claim Form. Settlement payments that cannot be made by the Plan's recordkeeper within thirty (30) calendar days of receiving direction from the Plan Fiduciary because the Class Member no longer has an Active Account shall be returned by the recordkeeper to the Settlement Administrator for distribution within ten (10) calendar days thereafter.

6.7     For each Authorized Former Participant, the Settlement Administrator will issue a single check from the Qualified Settlement Fund and mail it to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means. The Settlement Administrator shall advise Authorized Former Participants that any distribution pursuant to the Settlement is rollover eligible and of their right to rollover such an amount. The Settlement Administrator shall follow proper rollover instructions provided by an Authorized Former Participant. The Settlement Administrator shall: (i) calculate and withhold any applicable taxes from settlement payments to Authorized Former Participants; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Authorized Former Participants.

6.8     This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms first to the Independent Fiduciary for its review and approval and second to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval.

If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) business days of the date that the modification was implemented.

The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

**6.9**   Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defense Counsel, and the Plan Fiduciary one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

**6.10**   The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, the Plan Fiduciary, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be considered to be wages by the Settling Parties.

**6.11**   Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Plan Fiduciary, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Plan Fiduciary, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**6.12**   All checks issued pursuant to this Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered

Exhibit A

or are not cashed before their expiration date shall revert to the Qualified Settlement Fund for distribution under Paragraph 6.13.

6.13    No sooner than thirty (30) calendar days following the end of the Settlement Period, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs and taxes, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants. In no event shall any part of the Settlement Fund be used to reimburse any Defendant or otherwise offset settlement related costs incurred by any Defendant, except as to Administrative Expenses as defined in Paragraph 2.2.

## 7.    Article 7 – Attorneys' Fees and Costs

7.1    Class Counsel intends to seek to recover their attorneys' fees, with the amount sought not to exceed $4,125,000.  Class counsel also intends to seek litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, with the amount sought not to exceed $450,000, which amounts Class Counsel shall seek to be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Compensation, in an amount not to exceed $25,000 per Class Representative.

7.2    Class Counsel intends to file a motion for an award of Attorneys' Fees and Costs at least thirty (30) days before the deadline set in the Preliminary Order for objections to the proposed settlement, which may be supplemented thereafter.  Defendants reserve the right during the settlement process to object to or comment on Class Counsel's fees.

## 8.    Article 8 – Release and Covenant Not to Sue

8.1    As of the Settlement Effective Date, the Plan and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of themselves and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1) shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel and/or Other Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

8.2    As of the Settlement Effective Date, the Class Members on behalf of themselves and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including an IRS determination letter proceeding, a Department of Labor proceeding, or a proceeding before any state insurance department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released

20

Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement pursuant to the procedures set forth in this Settlement Agreement.

**8.3**     Each Class Member and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon the entry of the Final Order, the Class Members are conclusively deemed to, and by operation of the Final Order shall settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Members with respect to the Released Claims shall, upon the entry of the Final Order, waive any and all provisions, rights, and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

## 9.     Article 9 – Representations and Warranties

**9.1**     The Settling Parties represent:

**9.1.1**     That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among their counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**9.1.2**     That they assume the risk of mistake as to facts or law;

**9.1.3**     That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**9.1.4**     That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**9.1.5**     That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**9.2**     Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the

authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**10.     Article 10 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination**

10.1     The Settling Parties agree that an Independent Fiduciary must determine that the Settlement meets the requirements of PTE 2003-39. The Settling Parties shall agree on the selection of the Independent Fiduciary.

10.2     The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

    10.2.1     Pursuant to Paragraph 3.1, (a) the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or (b) the Plan Fiduciaries reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and in the case of (a) or (b), (c) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39 such that (a) and (b) no longer apply;

    10.2.2     The Preliminary Order and the Final Order are not entered by the Court in the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

    10.2.3     This Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

    10.2.4     The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

10.3     If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants, their representatives, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 10.4.

10.4     It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's or Other Counsel's request(s) for Attorneys' Fees and Costs and/or Class Representatives' Compensation.

Exhibit A

**10.5**   In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Defendants, on the other hand.

**10.6**   CAFA notice will be served timely on the appropriate officials by the Settlement Administrator as provided in Paragraph 3.4.3.

**11.   Article 11 – General Provisions**

**11.1**   The Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, the Settling Parties' tax and accounting advisors, and for purposes of recovery of insurance, provided in each case that they secure written or oral agreements with such persons or entities that such information shall not be further disclosed.

**11.2**   The Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential the terms of the Settlement Agreement until the filing of the motion for preliminary approval of the Settlement Agreement, as discussed in Paragraph 3.2.  This provision shall not be construed to prohibit Class Counsel or Defense Counsel from discussing the terms of the Settlement Agreement with the Settlement Administrator or Independent Fiduciary (or a potential independent fiduciary) prior to the date on which the motion for preliminary approval is filed.

**11.3**   Class Counsel shall establish a Settlement Website on which it will post the following documents or links to the following documents on or following the date of the Preliminary Order: Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Former Participants Claim Form, Class Representatives' Motion for Attorneys' Fees and Costs and Award of Compensation to Class Representatives, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information"). No other information or documents will be posted on the Settlement Website unless agreed to by the Settling Parties in writing. Class Counsel will take down the Settlement Website no later than one year after the Settlement Effective Date or thirty (30) calendar days after the receipt of the affidavit(s) referenced in Paragraph 6.9, whichever is earlier.

**11.4**   The undersigned counsel, on behalf of themselves and the Settling Parties, agree to cooperate fully with each other in seeking Court approvals of the Preliminary Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement at least five (5) business days in advance of filing.

Exhibit A

11.5    This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of Defendants of any wrongdoing, fault, or liability whatsoever by any of Defendants, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and Defendants expressly deny and disclaim any such wrongdoing, fault, or liability, and deny each and every claim asserted in the Class Action. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.

11.6    Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Qualified Settlement Fund; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

11.7    Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Class Counsel shall provide the monitoring necessary to assure compliance with the Settlement Agreement and any action to enforce the Settlement Agreement during the Settlement Period without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

11.8    This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, California law.

11.9    Class Counsel, Defense Counsel, and the Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

    11.9.1    If Class Counsel, Defense Counsel, or a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, the party

raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

**11.9.2**   Within twenty (20) days after receiving the notice described in Paragraph 11.9.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

**11.9.3**   For a period of not more than twenty (20) days following mailing of the response described in Paragraph 11.9.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

**11.9.4**   If the dispute is not resolved during the period described in Paragraph 11.9.3, either party may request that the Court resolve the dispute;

**11.9.5**   In connection with any disputes concerning compliance with the Settlement Agreement, the Settling Parties agree that each party shall bear its own fees and costs unless the Court orders otherwise.

**11.10**   The Settling Parties agree that the Court has personal jurisdiction over the Class and Defendants under ERISA and shall maintain that jurisdiction for purposes of resolving any disputes concerning compliance with this Settlement Agreement. Any requests for the Court's assistance to resolve any such disputes may be submitted to the Court and/or asserted in response to any claim asserting a violation of the Settlement Agreement.

**11.11**   The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**11.12**   Each party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

**11.13**   The headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they

Exhibit A

shall not be limiting but shall be deemed to be followed by the words "without limitation."

11.14   Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

11.15   This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

11.16   The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

11.17   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

11.18   The provisions of this Settlement Agreement are not severable.

11.19   All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

11.20   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant Claim Form; Exhibit 2 – Preliminary Order; Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 4 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; and Exhibit 5 – Final Order.

11.21   No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement

Exhibit A

Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

11.22    Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier:

IF TO THE CLASS REPRESENTATIVES:

Jerome J. Schlichter (jschlichter@uselaws.com)
Michael A. Wolff (mwolff@uselaws.com)
Kurt C. Struckhoff (kstruckhoff@uselaws.com)

SCHLICHTER BOGARD & DENTON
100 South Fourth St., Suite 1200
St. Louis, Missouri 63102
Tel: (314) 621-6115
Fax: (314) 621-5934

IF TO DEFENDANTS:

Nancy G. Ross (nross@mayerbrown.com)
Brian D. Netter (bnetter@mayerbrown.com)

MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600
Fax: (312) 701-7711

Exhibit A

ON BEHALF OF PLAINTIFFS, Clifton Marshall, Thomas Hall, Manuel Gonzalez, Ricky
Hendrickson, Phillip Brooks, and Harold Hylton, Individually and as Representatives of the
Class.

Dated: 1/13/20

SCHLICHTER BOGARD & DENTON LLP

Jerome J. Schlichter (SBN 054513)
Michael A. Wolff
Kurt C. Struckhoff
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934

Attorneys for Plaintiffs and Class Representatives

28

Exhibit A

ON BEHALF OF DEFENDANTS, Northrop Grumman Corporation, the Northrop Grumman Savings Plan Administrative Committee, the Northrop Grumman Savings Plan Investment Committee, Denise Peppard, Michael Hardesty, Kenneth Bedingfield, Kenneth Heintz, Prabu Natarajan, Mark Caylor, Mark Rabinowitz, Richard Boak, Debora Catsavas, Teri Herzog, Tiffany McConnell King, Christopher McGee, Gary McKenzie, Constance Soloway, Rajender Chandhok, Gloria Flach, James Myers, Sunil Navale, Eric Scholten, and Steven Spiegel.

Dated: _____1/13/20_____

MAYER BROWN LLP

_____
Nancy G. Ross
Brian D. Netter
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600
Fax: (312) 701-7711

Attorneys for Defendants

Exhibit A

**The Northrop Grumman Settlement Administrator**
**[Address**
**City, State, Zip]**
**www.2019northrop401kSettlement.com**

## FORMER PARTICIPANT CLAIM FORM

ABC1234567890                                            Claim Number: 1111111

**\*ABC1234567890\***
JOHN Q CLASS MEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries, alternate payees or attorneys-in-fact of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who did not have a plan account with a balance greater than $0 as of December 31, 2019.

This form must be completed, signed and filed electronically through the claims portal at www.2019northrop401ksettlement.com by XXXXXXX or mailed with a postmark date no later than XXXXXXXXX to the Settlement Administrator in order for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment**. Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1.  Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2.  Mail your completed Former Participant Claim Form postmarked no later than XXXXXXXX to the Settlement Administrator at the following address:

    **The Northrop Grumman Settlement Administrator**
    **[Address**
    **City, State, Zip]**

    If you prefer to file your claim electronically, you may use the claims portal on the website www.2019nothrop401ksettlement.com.

    It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3.  Other Reminders:

    •   You must provide date of birth, signature and a completed Substitute IRS Form W-9, which is attached as Part 5 to this form.

    •   If you desire to do a rollover and you do not complete in full the rollover information in Part 4 Payment Election of the Settlement Distribution Form, payment will be made to the Former Participant.

    •   If you change your address after sending in your Former Participant Claim Form, please send your new address to the Settlement Administrator.

    •   **Timing Of Payments To Eligible Settlement Class Members**. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than the second half of 2020 due to the need to process and verify information for all Settlement Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4.  **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at XXX-XXX-XXXX. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, Settlement administration, and claim processing is available on the lawsuit website, www.2019northrop401ksettlement.com.

Exhibit 1

You are eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement of *Clifton Marshall, et al. v. Northrop Grumman Corp., et al*, Case No. 16-6794 (C.D. Cal.). That settlement provides allocation of monies to the individual accounts of Settlement Class Members who had plan accounts with a positive balance in the Northrop Grumman Savings Plan ("Plan") as of December 31, 2019 ("Current Participants"). Settlement Class Members who are entitled to a distribution but who did not have a plan account with a positive balance as of December 31, 2019 ("Former Participants") will receive their allocation in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form postmarked no later than XXXXXXX to the Settlement Administrator. For more information about the Settlement, please see www.2019northrop401ksettlement.com, or call XXX-XXX-XXXX.

Because you are a Former Participant (or beneficiary of a Former Participant) in the Plan, you must decide whether you want your payment (1) sent payable to you directly or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make that choice, please complete and mail this Former Participant Claim Form that is postmarked no later than XXXXXX to the Settlement Administrator. If you do not indicate a payment election, your payment will be sent payable to you directly.

## PART 2: PARTICIPANT INFORMATION

First Name        Middle   Last Name

Mailing Address

City      State    Zip Code

Home Phone        Work Phone or Cell Phone

Participant's Social Security Number      Participant's Date of Birth

                          M M     D D     Y Y Y Y

Email Address

☐ Check here if you were a Former Participant, but did not receive this Claim Form in the mail. This may be because you were a participant in the Plan only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (IF APPLICABLE)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name        Middle   Last Name

Your Social Security Number or Tax ID Number      Your Date of Birth

                          M M     D D     Y Y Y Y

Your Mailing Address

City      State    Zip Code

Exhibit 1

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete Rollover Information Section Below:

☐ Government 457(b)          ☐ 401(a)/401(k)          ☐ 403(b)

☐ Direct Rollover to a Traditional IRA          ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                                                 State      Zip Code

Account Number                                                        Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

M M          D D          Y Y Y Y

**Participant Signature**

**Date Signed** (*Required*)

<u>Note</u>: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: www.2019northrop401ksettlement.com, OR CALL XXX-XXX-XXXX**

Exhibit 1

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

10

11

12

13

14

15

CLIFTON W. MARSHALL, et al.,

                      *Plaintiffs*,

 v.

NORTHROP GRUMMAN
CORPORATION, et al.,

                      *Defendants.*

Case No. 16-CV-6794 AB (JCx)

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

Date: January 31, 2020
Time: 10:00 a.m.
Courtroom 7B – 7th Floor

Hon. André Birotte Jr.

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 2

1    This litigation involves claims for alleged breaches of fiduciary duty and

2    prohibited transactions in violation of the Employee Retirement Income Security

3    Act of 1974 (ERISA), as amended, 29 U.S.C. §1001 *et seq.*, with respect to the

4    Northrop Grumman Savings Plan.

5         The parties seek preliminary approval of a settlement of these claims against

6    Defendants Northrop Grumman Corporation, Northrop Grumman Savings Plan

7    Administrative Committee, Northrop Grumman Savings Plan Investment

8    Committee, Denise Peppard, Michael Hardesty, Kenneth L. Bedingfield, Kenneth

9    N. Heintz, Prabu Natarajan, Mark A. Caylor, Mark Rabinowitz, Richard Boak,

10   Debora Catsavas, Teri Herzog, Tiffany McConnell King, Christopher McGee, Gary

11   McKenzie, Constance Soloway, Rajender Chandhok, Gloria Flach, James M.

12   Myers, Sunil Navale, Eric Scholten, and Steven Spiegel. The terms of the

13   settlement are set out in a Class Action Settlement Agreement dated January 13,

14   2020 (the "Settlement Agreement") (Doc. _____), executed by the parties and their

15   counsel.  Jerome J. Schlichter, Michael A. Wolff, and Kurt C. Struckhoff from the

16   law firm of Schlichter Bogard & Denton, LLP have been appointed as Class

17   Counsel. Nancy G. Ross and Brian D. Netter from the law firm of Mayer Brown

18   LLP represent Defendants.

19        The Court has considered the proposed Settlement Agreement. For purposes of

20   this Order, if not defined herein, capitalized terms have the Definitions in the

21   Settlement Agreement, which is incorporated herein by reference. Having reviewed

22   the Settlement Agreement, the motion papers, and conducted a hearing in open

23   court on January 31, 2020, it is **ORDERED** as follows:

24        1.    **Preliminary Findings Regarding Proposed Settlement**: The Court

25   preliminarily finds that:

26             A.    The proposed settlement resulted from extensive arm's-length

27   negotiations;

28

---

CASE NO. 16-CV-6794 AB (JCx)          -1-          [PROPOSED] ORDER GRANTING
                                                    PRELIMINARY APPROVAL OF SETTLEMENT

Exhibit 2

B.     The Settlement Agreement was executed only after Class Counsel had conducted extensive pre-settlement motion practice and discovery, and after negotiations, including in-person mediation sessions and numerous teleconference mediation sessions and extensive telephonic and email communications with a skilled mediator, and only after Class Counsel was set to begin trial;

C.     Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

D.     The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

2.     **Fairness Hearing**: A hearing is scheduled at the United States District Court for the Central District of California, Judge André Birotte Jr. presiding, at _____a.m. on _____, 2020, (the "Fairness Hearing") to determine, among other issues:

A.     Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

B.     Whether the notice, publication notice and notice methodology were performed as directed by this Court;

C.     Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;

D.     Whether the motion for compensation to Class Representatives should be approved; and

E.     Whether the Administrative Expenses specified in the Settlement Agreement and requested by the parties should be approved for payment from the Settlement Fund.

Exhibit 2

3.     **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the parties in the Settlement Agreement and is hereby established and shall be known as the *Marshall, et al. v. Northrop Grumman, et al.* Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations §1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $12,375,000 and any interest earned thereon. The Settlement Fund shall be administered as follows:

A.     The Settlement Fund is established exclusively for the purposes of: (a) making distributions to eligible claimants in accordance with the claims process described in the Settlement Agreement; (b) making distributions to Class Representatives and Class Members as specified in the Settlement Agreement; (c) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (d) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court in this action; and (e) paying employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

B.     Within the time periods set forth in the Settlement Agreement, Defendants, their insurers or representatives shall cause $12,375,000 to be deposited into the Settlement Fund.

C.     The Settlement Fund shall be a single qualified settlement fund within the meaning of Treasury Regulation §1.468B-1 *et seq*. Defendants, their insurers or representatives shall timely furnish a statement to the Settlement

Exhibit 2

1   Administrator that complies with Treasury Regulation §1.468B-3(e)(2) (a

2   "§1.468B-3 Statement"), which may be a combined statement under Treasury

3   Regulation §1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their

4   federal income tax returns filed for the taxable year in which Defendants, their

5   insurers or representatives make a transfer to the Settlement Fund.

6         D.    Defendants, their insurers or representatives shall have no

7   withholding, reporting or tax reporting responsibilities with regard to the Settlement

8   Fund or its distribution, except as otherwise specifically identified herein.

9   Defendants, their insurers or representatives shall have no liability, obligation, or

10   responsibility for administration of the Settlement Fund or the disbursement of any

11   monies from the Settlement Fund except for: (1) the obligation to cause the

12   Settlement Amount to be deposited into the Settlement Fund; and (2) the agreement

13   to cooperate in providing information that is necessary for settlement administration

14   set forth in the Settlement Agreement.

15         E.    The oversight of the Settlement Fund is the responsibility of the

16   Settlement Administrator. The status and powers of the Settlement Administrator

17   are as defined by this Order and as approved in the Settlement Agreement.

18         F.    The Settlement Amount caused to be deposited by Defendants

19   into the Settlement Fund in accordance with the Settlement Agreement, and all

20   income generated by that Amount, shall be *in custodia legis* and immune from

21   attachment, execution, assignment, hypothecation, transfer or similar process by

22   any person. Once the Settlement Fund vests, it is irrevocable during its term and

23   Defendants have divested themselves of all right, title or interest, whether legal or

24   equitable, in the Settlement Fund, if any; provided, however, in the event the

25   Settlement Agreement is not approved by the Court or the Settlement set forth in

26   the Settlement Agreement is terminated or fails to become effective in accordance

27   with its terms (or, if following approval by this Court, such approval is reversed or

28

modified), the parties shall be restored to their respective positions in this Case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this Case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity that funded the Settlement Fund. Further provided that, if the Settlement Agreement is terminated after Defendants, their insurers or representatives have deposited the Settlement Funds, but prior to the entry of an order granting Final Approval of the Settlement, the funds in the Settlement Fund shall be disposed of as set forth in the Settlement Agreement.

G.     The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

H.     The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

I.     The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

Exhibit 2

J.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

K.      The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

L.      The Settlement Administrator and Defendants shall provide to and exchange with each other such information as shall be reasonably necessary to file notices, reports and returns and to make timely determinations of withholding obligations.

M.      The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in

Exhibit 2

general supervising the administration of the Settlement Agreement in accordance
with its terms and this Order.

N.     The Settlement Administrator shall keep detailed and accurate
accounts of all investments, receipts, disbursements and other transactions of the
Settlement Fund. All accounts, books and records relating to the Settlement Fund
shall be open for reasonable inspection by such persons or entities as the Court
orders. Included in the Settlement Administrator's records shall be complete
information regarding actions taken with respect to the award of any payments to
any person; the nature and status of any payment from the Settlement Fund and
other information which the Settlement Administrator considers relevant to
showing that the Settlement Fund is being administered, and awards are being
made, in accordance with the purposes of the Settlement Agreement, this Order,
and any future orders that the Court may find it necessary to issue.

O.     The Settlement Administrator will establish protective
conditions concerning the disclosure of information maintained by the Settlement
Administrator if publication of such information would violate any law, including
rights to privacy. Any person entitled to such information and who is denied access
to the Settlement Fund's records may submit a request to the Court for such
information. However, the Settlement Administrator shall supply such information
to any claimant as may be reasonably necessary to allow him or her to accurately
determine his or her federal, state and local tax liabilities. Such information shall be
supplied in the form and manner prescribed by relevant law.

P.     This Order will bind any successor Settlement Administrator.
The successor Settlement Administrator(s) shall have, without further act on the
part of anyone, all the duties, powers, functions, immunities, and discretion granted
to the original Settlement Administrator. Any Settlement Administrator(s) who is
replaced (by reason other than death) shall execute all instruments, and do all acts,

Exhibit 2

1   that may be necessary or that may be ordered or requested in writing by the Court

2   or by any successor Settlement Administrator(s), to transfer administrative powers

3   over the Settlement Fund to the successor Settlement Administrator(s). The

4   appointment of a successor Settlement Administrator(s), if any, shall not under any

5   circumstances require any Defendant to make any further payment of any nature

6   into the Settlement Fund or otherwise.

7       4.   **Class Notice**: The Settling Parties have presented to the Court proposed

8   forms of Class Notice, which are appended hereto as Exhibit 1 and Exhibit 2,

9   respectively.

10           A.    The Court finds that the proposed forms and the website

11   referenced in the Class Notice fairly and adequately:

12              i.    Describe the terms and effect of the Settlement

13   Agreement and of the Settlement;

14             ii.    Notify the Class concerning the proposed Plan of

15   Allocation;

16            iii.    Notify the Class that Class Counsel will seek

17   compensation from the Settlement Fund for the Class Representatives,

18   Attorneys' Fees and Costs;

19            iv.    Notify the Class that Administrative Expenses related to

20   the implementation of the Settlement will be paid from the Settlement

21   Fund;

22            v.    Notify the Class of the time and place of the Fairness

23   Hearing; and

24            vi.    Describe how the recipients of the Class Notice may

25   object to any of the relief requested and the rights of the parties to

26   discovery concerning such objections.

27           B.    The Settling Parties have proposed the following manner of

28

Exhibit 2

communicating the notice to members of the Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator shall by no later than sixty (60) days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by electronic mail to all Class Members for whom the Settlement Administrator is provided a current email address and mailed, by first-class mail, postage prepaid, to the last known address of all Class Members for whom there is no current email address and for whom can be identified through commercially reasonable means. Defendants shall cooperate with the Settlement Administrator by providing, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers of members of the Class. The names, addresses, email addresses (to the extent available), and Social Security numbers or other unique identifiers obtained in accordance with this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

        C.    For any Class Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number to attempt to determine the current address of the Class Member and shall mail notice to that address.

        D.    At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

        E.    The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to cause the Class Notice to be published on the website identified in the Class Notice.

    5.    **Objections to Settlement**: Any member of the Class who wishes to

object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must file an Objection in the manner set out in this Order.

A.     A Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

> Clerk of the Court
> United States District Court for the Central District of California
> 350 West First Street
> Los Angeles, CA 90012
>
> SCHLICHTER BOGARD & DENTON, LLP
> Attn: Northrop Grumman 401(k) Settlement
> 100 S. 4th Street, Suite 1200
> St. Louis, MO 63102
>
> MAYER BROWN LLP
> Attn: Nancy G. Ross
> 71 S. Wacker Drive
> Chicago, IL 60606

B.     The objector, or his, her, or its counsel (if any), must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

Exhibit 2

C.     If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

D.     Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E.     Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) days of the request being served on the objector.

F.     Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than ten (10) days before the Fairness Hearing.

6.     **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 5 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) days before the date of

Exhibit 2

the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

7.    **Claim Form Deadline**: All valid claim forms must be received by the Settlement Administrator with a postmark date or submitted online no later than _____.

8.    **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

9.    **Effect of Termination of Settlement on this Order**: This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

10.    **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Class Representative, or the Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have.

11.    **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Class, other than by notice to Class Counsel and Defense Counsel, and any Class Member wishing to appear should check the Court's docket three (3) days before the scheduled date of the Fairness Hearing.

Exhibit 2

**IT IS SO ORDERED.**

DATED: _____, 2020

_____

André Birotte Jr.
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFTON W. MARSHALL, et al., | Case No. 16-cv-6794 AB (JCx) |
| *Plaintiffs*, | |
| v. | Judge André Birotte Jr. |
| NORTHROP GRUMMAN CORPORATION, et al., | |
| *Defendants*. | |

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**Your legal rights might be affected if you are a member of the following class:**

All persons, excluding Defendants and/or other individuals who are liable for the conduct described in the complaint, who are or were participants or beneficiaries of the Northrop Grumman Savings Plan (the "Plan") at any time between September 9, 2010 and the date of judgment, and were affected by the conduct set forth in the Complaint.

The Class Period is defined as September 9, 2010 through the date of entry of the Final Order approving the settlement. The date of judgment in the Class definition refers to the entry of the Final Order. For purposes of this Notice, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plan against Northrop Grumman Corporation, Northrop Grumman Savings Plan Administrative Committee, Northrop Grumman Savings Plan Investment Committee, Denise Peppard, Michael Hardesty, Kenneth L. Bedingfield, Kenneth N. Heintz, Prabu Natarajan, Mark A. Caylor, Mark Rabinowitz, Richard Boak, Debora Catsavas, Teri Herzog, Tiffany McConnell King, Christopher McGee, Gary McKenzie, Constance Soloway, Rajender Chandhok, Gloria Flach, James M. Myers, Sunil Navale, Eric Scholten, and Steven Spiegel ("Defendants"), alleging violations of the Employee Retirement Income Security Act ("ERISA"). of the Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period with a balance greater than $0 as of December 31, 2019 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of December 31, 2019 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated January 13, 2020. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.2019northrop401ksettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on XXXXXX, 2020,

Exhibit 3

at XXXXX a.m., before Judge André Birotte Jr. in Courtroom 7B, United States Courthouse, 350 West First Street, Los Angeles, CA 90012.

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 5 of this Settlement Notice.

- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.2019northrop401ksettlement.com.

> **According to the Plan's records, you are a Current Participant. If you believe that you meet the definition of a Former Participant, please contact the Settlement Administrator. Current Participants include both participants currently employed at Northrop Grumman Corp. and participants who are no longer employed by Northrop Grumman Corp. but continue to have an account balance in the Plan.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT** | Our records indicate that you are a Current Participant. If, however, you are a "Former Participant" who participated in the Plan during the Class Period and on December 31, 2019 did not have a balance greater than $0, or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form that is postmarked by XXXXXX, or completed online and filed electronically through the website www.2019northrop401ksettlement.com, to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked by XXXXXXXX, or submitted electronically by XXXXXX, you will forfeit your share of the Net Settlement Amount. We have not included a claim form in your notice because Current Participants do not need to submit a claim form, and our records indicate that you are a Current Participant. However, if you believe you are a Former Participant, a claim form may be obtained by accessing www.2019northrop401ksettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN XXXXX, 2020)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON XXXXX** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by XXXXX, 2020. |

**The Class Action**

The case is called *Clifton Marshall, et al. v. Northrop Grumman Corp., et al*, Case No. 16-6794 (the "Class Action"). It has been pending since September 2016. The Court supervising the case is the United States District Court for the Central District of California. The individuals who brought this suit are called Class Representatives, and the entities they sued are called Defendants. The Class Representatives are current and former participants in the Plan. The Defendants are Northrop Grumman Corporation, Northrop Grumman Savings Plan Administrative Committee, Northrop Grumman Savings Plan Investment Committee, Denise Peppard, Michael Hardesty, Kenneth L. Bedingfield, Kenneth N. Heintz, Prabu Natarajan, Mark A. Caylor, Mark Rabinowitz, Richard Boak, Debora Catsavas, Teri Herzog, Tiffany McConnell King, Christopher McGee, Gary McKenzie, Constance Soloway, Rajender Chandhok, Gloria Flach, James M. Myers, Sunil Navale, Eric Scholten, and Steven Spiegel. The Class Representatives' claims are described below, and additional information about them is available at www.2019northrop401ksettlement.com.

Exhibit 3

**The Settlement**

After three years of litigation, the parties reached a settlement on XXXXX. Class Counsel filed this action on September 9, 2016. This action is related to a prior class action called *In re Northrop Grumman Corporation ERISA Litigation,* Case No. 06-6213 (C.D. Cal.) involving similar claims and allegations against some of the same defendants. This case was also settled in June 2017. Since the filing of the action, Class Counsel devoted substantial time and effort to support their underlying claims. The parties participated in two separate mediations and engaged in extensive settlement discussions over a period of seven months with the assistance of a private mediator. For those claims that were not dismissed during pretrial proceedings, they were scheduled for trial on October 15, 2019. On the first day of trial, the parties reached a tentative settlement on the claims.

As part of the Settlement, a Qualified Settlement Fund of $12,375,000 will be established to resolve the Class Action. The Net Settlement Amount is $12,375,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

**Statement Of Attorneys' Fees and Costs Sought in the Class Action**

Class Counsel devoted thousands of hours bringing this action, pursuing it for more than three years, and have successfully cleared numerous obstacles since filing this action. Class Counsel defeated Defendants' two motions to dismiss and their motion for summary judgment on certain claims, and also obtained class certification over Defendants' opposition. In doing so, they advanced substantial costs for expert witnesses, document review, depositions, and other costs necessary to pursue the case. In total, Class Counsel have reviewed and analyzed over 350,000 of pages of documents produced in this litigation. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending before the District Court. Class Counsel also has agreed to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $4,125,000 in addition to no more than $450,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each for six Class Representatives who took on the risk of litigation, sat for depositions, responded to discovery, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, reviewing settlement negotiations, preparing for depositions, attending trial, and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.2019northrop401ksettlement.com.

| 1. | **Why Did I Receive This Settlement Notice?** |
|---|---|

The Court caused this Settlement Notice to be sent to you because Northrop Grumman's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

Exhibit 3

## 2.   What Is The Class Action About?

In the Class Action, Class Representatives claim that, during the Class Period, Defendants breached their fiduciary duties and engaged in prohibited transactions by distributing Plan assets to Northrop Grumman as payment for administrative services and investment-related services it provided to the Plan.  Plaintiffs also claim that Defendants breached their fiduciary duties by maintaining active managers in the Plan's Emerging Markets Equity Fund.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plan have suffered any harm or damage for which Defendants could or should be held responsible.

## 3.   Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, after more than three years of litigation, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel and multiple all-day sessions with a private mediator. The Settlement only was reached on the first date of trial in this case. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are experienced in this kind of matter, believe that the Settlement is best for all Class Members.

## 4.   What Does The Settlement Provide?

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

All Class Members and anyone claiming through them will fully release the Plan as well as Defendants and their "Released Parties" from "Released Claims."  The Released Parties include: (a) each Defendant, together with Maria Norman, (b) each such person or entity's past, present, and future parent corporation(s), (c) each such person or entity's past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and (d) with respect to (a) through (c) above, all of their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), administrators, service providers, subcontractors, officers, directors, partners, agents, managers, members, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, shareholders, accountants, auditors, advisors, consultants, trustees, associates, and all persons acting under, by, through, or in concert with any of them.

The Released Claims include all claims that were asserted or might have been asserted in the Class Action or would be barred by the principle of res judicata had the claims asserted been fully litigated and resulted in final judgment; claims against Defendants' insurers; and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.2019northrop401ksettlement.com. Generally, the release means that Class Members will not have the right to sue the Defendants, the Plan, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.2019northrop401ksettlement.com.

Exhibit 3

### 5.   How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper, or, if on December 31, 2019, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked or submitted electronically by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Net Settlement Amount shall be divided into two portions: (1) the Administrative Fee Portion ("Fee Portion") shall be eighty percent (80%) of the Net Settlement Amount; and (2) the Emerging Markets Equity Fund Portion ("EM Fund Portion") shall be twenty percent (20%) of the Net Settlement Amount. The Fee Portion will be allocated among Class Members as follows: a percentage of Fee Portion that is the product of the sum of the participant's quarter-ending total account balances for each quarter from September 30, 2010 through December 31, 2013 divided by the sum of the quarter-ending net asset value of the Plan for each quarter during that period. The EM Fund Portion will be allocated among Class Members as follows: a percentage of the EM Fund Portion that is the product of the sum of the participant's quarter-ending account balances invested in the EM Fund for each quarter from December 31, 2010 through December 31, 2014 divided by the sum of the quarter-ending net asset value of the EM Fund for each quarter during that period.

No amount shall be distributed to a Class Member that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www.2019northrop401ksettlement.com.

There are over 102,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

### 6.   How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to Northrop Grumman's records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement.**

### 7.   When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution will likely not occur before late 2020.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

### 8.   Can I Get Out Of The Settlement?

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

### 9.   Do I Have A Lawyer In The Case?

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

Exhibit 3

**10.  How Will The Lawyers Be Paid?**

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $4,125,000 in fees and $450,000 in costs. The Court will determine what fees and costs will be approved.

**11.  How Do I Tell The Court If I Don't Like The Settlement?**

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Clifton Marshall, et al. v. Northrop Grumman Corp., et al,* Case No. 16-6794. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than XXXXXX, 2020. The Court's address is Clerk of the Court, United States District Court, Central District of California, 350 West First Street, Los Angeles, CA 90012. Your written objection also must be mailed to the lawyers listed below, **no later than XXXXXX, 2020.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON | Nancy G. Ross |
| Attn: Northrop Grumman 401(k) Settlement | MAYER BROWN LLP |
| 100 S. Fourth St., Suite 1200 | 71 S. Wacker Drive |
| St. Louis, MO 63102 | Chicago, IL 60606 |
| 2019northrop401ksettlement@uselaws.com | nross@mayerbrown.com |
| Tel: (314) 621-6115 | Tel: (312) 701-8788 |
| Fax: (314) 621-5934 | Fax: (312) 706-8273 |

**12.  When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold a Fairness Hearing at XXX p.m. on XXXX, 2020, at the United States District Court for the Central District of California, Courtroom 7B, 350 West First Street, Los Angeles, CA 90012.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

**13.  Do I Have To Attend The Fairness Hearing?**

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

**14.  May I Speak At The Fairness Hearing?**

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Clifton Marshall, et al. v. Northrop Grumman Corp., et al,* Case No. 16-6794." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than XXXXX, 2020**.

Exhibit 3

| **15.  What Happens If I Do Nothing At All?** |
|---|

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY.

| **16.  How Do I Get More Information?** |
|---|

If you have general questions regarding the Settlement, you can visit this website: www.2019northrop401ksettlement.com, call 1-XXX-XXXX, or write to the Settlement Administrator at Northrop Grumman 401(k) Settlement Administrator, _____.

Exhibit 3

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFTON W. MARSHALL, et al., | Case No. 16-cv-6794 AB (JCx) |
| *Plaintiffs*, | |
| v. | Judge André Birotte Jr. |
| NORTHROP GRUMMAN CORPORATION, et al., | |
| *Defendants*. | |

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**Your legal rights might be affected if you are a member of the following class:**

All persons, excluding Defendants and/or other individuals who are liable for the conduct described in the complaint, who are or were participants or beneficiaries of the Northrop Grumman Savings Plan (the "Plan") at any time between September 9, 2010 and the date of judgment, and were affected by the conduct set forth in the Complaint.

The Class Period is defined as September 9, 2010 through the date of entry of the Final Order approving the settlement. The date of judgment in the Class definition refers to the entry of the Final Order. For purposes of this Notice, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plan against Northrop Grumman Corporation, Northrop Grumman Savings Plan Administrative Committee, Northrop Grumman Savings Plan Investment Committee, Denise Peppard, Michael Hardesty, Kenneth L. Bedingfield, Kenneth N. Heintz, Prabu Natarajan, Mark A. Caylor, Mark Rabinowitz, Richard Boak, Debora Catsavas, Teri Herzog, Tiffany McConnell King, Christopher McGee, Gary McKenzie, Constance Soloway, Rajender Chandhok, Gloria Flach, James M. Myers, Sunil Navale, Eric Scholten, and Steven Spiegel ("Defendants"), alleging violations of the Employee Retirement Income Security Act ("ERISA"). of the Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period with a balance greater than $0 as of December 31, 2019 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of December 31, 2019 ("Former Participants") and who have submitted a completed, satisfactory Former Participant Claim Form that is postmarked by XXXXX  will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated January 13, 2020. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.2019northrop401ksettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on XXXXXX, 2020,

Exhibit 4

at XXXXX a.m., before Judge André Birotte Jr. in Courtroom 7B, United States Courthouse, 350 West First Street, Los Angeles, CA 90012.

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 5 of this Settlement Notice.

- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.2019northrop401ksettlement.com.

> **According to the Plan's records, you are a Former Participant. If you believe instead that you meet the definition of a Current Participant, please contact the Settlement Administrator. Former Participants are individuals who no longer had an account balance greater than $0 as of December 31, 2019.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A FORMER PARTICIPANT. YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY XXXX TO PARTICIPATE IN THE SETTLEMENT** | The Plan's records indicate that you are a Former Participant. You must return a Former Participant Claim Form that is postmarked by XXXXXX, or completed online and filed electronically through the website www.2019northrop401ksettlement.com, in order to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked by XXXXXX, or submitted electronically by XXXXXX, you will forfeit your share of the Net Settlement Amount. A claim form also can be obtained by accessing www.2019northrop401ksettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN XXXXX, 2020)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON XXXXX** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by XXXXX, 2020. |

### The Class Action

The case is called *Clifton Marshall, et al. v. Northrop Grumman Corp., et al*, Case No. 16-6794 (the "Class Action"). It has been pending since September 2016. The Court supervising the case is the United States District Court for the Central District of California. The individuals who brought this suit are called Class Representatives, and the entities they sued are called Defendants. The Class Representatives are current and former participants in the Plan. The Defendants are Northrop Grumman Corporation, Northrop Grumman Savings Plan Administrative Committee, Northrop Grumman Savings Plan Investment Committee, Denise Peppard, Michael Hardesty, Kenneth L. Bedingfield, Kenneth N. Heintz, Prabu Natarajan, Mark A. Caylor, Mark Rabinowitz, Richard Boak, Debora Catsavas, Teri Herzog, Tiffany McConnell King, Christopher McGee, Gary McKenzie, Constance Soloway, Rajender Chandhok, Gloria Flach, James M. Myers, Sunil Navale, Eric Scholten, and Steven Spiegel. The Class Representatives' claims are described below, and additional information about them is available at www.2019northrop401ksettlement.com.

### The Settlement

After three years of litigation, the parties reached a settlement on XXXXX. Class Counsel filed this action on September 9, 2016. This action is related to a prior class action called *In re Northrop Grumman Corporation ERISA Litigation,* Case No. 06-6213 (C.D. Cal.) involving similar claims and allegations against some of the same defendants. This case was also settled in June 2017. Since the filing of the action, Class Counsel devoted substantial time and effort to support their underlying claims. The parties participated in two separate mediations and engaged in extensive settlement discussions over a period of seven months with the assistance of a private

Exhibit 4

mediator. For those claims that were not dismissed during pretrial proceedings, they were scheduled for trial on October 15, 2019. On the first day of trial, the parties reached a tentative settlement on the claims.

As part of the Settlement, a Qualified Settlement Fund of $12,375,000 will be established to resolve the Class Action. The Net Settlement Amount is $12,375,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

### Statement Of Attorneys' Fees and Costs Sought in the Class Action

Class Counsel devoted thousands of hours bringing this action, pursuing it for more than three years, and have successfully cleared numerous obstacles since filing this action. Class Counsel defeated Defendants' two motions to dismiss and their motion for summary judgment on certain claims, and also obtained class certification over Defendants' opposition. In doing so, they advanced substantial costs for expert witnesses, document review, depositions, and other costs necessary to pursue the case. In total, Class Counsel have reviewed and analyzed over 350,000 of pages of documents produced in this litigation. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending before the District Court. Class Counsel also has agreed to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $4,125,000 in addition to no more than $450,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each for six Class Representatives who took on the risk of litigation, sat for depositions, responded to discovery, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, reviewing settlement negotiations, preparing for depositions, attending trial, and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.2019northrop401ksettlement.com.

### 1.   Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because Northrop Grumman's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

### 2.   What Is The Class Action About?

In the Class Action, Class Representatives claim that, during the Class Period, Defendants breached their fiduciary duties and engaged in prohibited transactions by distributing Plan assets to Northrop Grumman as payment for administrative services and investment-related services it provided to the Plan.  Plaintiffs also claim

Exhibit 4

that Defendants breached their fiduciary duties by maintaining active managers in the Plan's Emerging Markets Equity Fund.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plan have suffered any harm or damage for which Defendants could or should be held responsible.

## 3.   Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, after more than three years of litigation, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel and multiple all-day sessions with a private mediator. The Settlement only was reached on the first date of trial in this case. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are experienced in this kind of matter, believe that the Settlement is best for all Class Members.

## 4.   What Does The Settlement Provide?

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

All Class Members and anyone claiming through them will fully release the Plan as well as Defendants and their "Released Parties" from "Released Claims."  The Released Parties include: (a) each Defendant, together with Maria Norman, (b) each such person or entity's past, present, and future parent corporation(s), (c) each such person or entity's past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and (d) with respect to (a) through (c) above, all of their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), administrators, service providers, subcontractors, officers, directors, partners, agents, managers, members, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, shareholders, accountants, auditors, advisors, consultants, trustees, associates, and all persons acting under, by, through, or in concert with any of them.

The Released Claims include all claims that were asserted or might have been asserted in the Class Action or would be barred by the principle of res judicata had the claims asserted been fully litigated and resulted in final judgment; claims against Defendants' insurers; and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.2019northrop401ksettlement.com. Generally, the release means that Class Members will not have the right to sue the Defendants, the Plan, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.2019northrop401ksettlement.com.

## 5.   How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper, or, if on December 31, 2019, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

Exhibit 4

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked or submitted electronically by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Net Settlement Amount shall be divided into two portions: (1) the Administrative Fee Portion ("Fee Portion") shall be eighty percent (80%) of the Net Settlement Amount; and (2) the Emerging Markets Equity Fund Portion ("EM Fund Portion") shall be twenty percent (20%) of the Net Settlement Amount. The Fee Portion will be allocated among Class Members as follows: a percentage of Fee Portion that is the product of the sum of the participant's quarter-ending total account balances for each quarter from September 30, 2010 through December 31, 2013 divided by the sum of the quarter-ending net asset value of the Plan for each quarter during that period. The EM Fund Portion will be allocated among Class Members as follows: a percentage of the EM Fund Portion that is the product of the sum of the participant's quarter-ending account balances invested in the EM Fund for each quarter from December 31, 2010 through December 31, 2014 divided by the sum of the quarter-ending net asset value of the EM Fund for each quarter during that period.

No amount shall be distributed to a Class Member that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www.2019northrop401ksettlement.com.

There are over 102,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

## 6.   How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to Northrop Grumman's records, you are a Former Participant. Therefore, you need to return your Claim Form or submit your claim online to receive your share of the Settlement.**

## 7.   When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution will likely not occur before late 2020.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

## 8.   Can I Get Out Of The Settlement?

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

## 9.   Do I Have A Lawyer In The Case?

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10.  How Will The Lawyers Be Paid?

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and

Exhibit 4

Costs to not more than $4,125,000 in fees and $450,000 in costs. The Court will determine what fees and costs will be approved.

## 11.  How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Clifton Marshall, et al. v. Northrop Grumman Corp., et al,* Case No. 16-6794. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than XXXXXX, 2020. The Court's address is Clerk of the Court, United States District Court, Central District of California, 350 West First Street, Los Angeles, CA 90012. Your written objection also must be mailed to the lawyers listed below, **no later than XXXXXX, 2020.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Northrop Grumman 401(k) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>2019northrop401ksettlement@uselaws.com<br>Tel: (314) 621-6115<br>Fax: (314) 621-5934 | Nancy G. Ross<br>MAYER BROWN LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>nross@mayerbrown.com<br>Tel: (312) 701-8788<br>Fax: (312) 706-8273 |

## 12.  When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at XXX p.m. on XXXX, 2020, at the United States District Court for the Central District of California, Courtroom 7B, 350 West First Street, Los Angeles, CA 90012.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

## 13.  Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

## 14.  May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Clifton Marshall, et al. v. Northrop Grumman Corp., et al,* Case No. 16-6794." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than XXXXX, 2020**.

## 15.  What Happens If I Do Nothing At All?

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

Exhibit 4

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY.

**16.  How Do I Get More Information?**

If you have general questions regarding the Settlement, you can visit this website: www.2019northrop401ksettlement.com, call 1-XXX-XXXX, or write to the Settlement Administrator at Northrop Grumman 401(k) Settlement Administrator, _____.

Exhibit 4

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9    CLIFTON W. MARSHALL, et al.,          Case No. 16-CV-6794 AB (JCx)

10                          *Plaintiffs*,      **[PROPOSED] ORDER GRANTING**
                                            **FINAL APPROVAL OF**
11    v.                                    **SETTLEMENT**

12    NORTHROP GRUMMAN
      CORPORATION, et al.,                  Date:
13                                          Time:
                          *Defendants*.      Courtroom 7B – 7th Floor
14

15                                          Hon. André Birotte Jr.

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 5

Upon consideration of the Settling Parties' Joint Motion for Final Approval of the Settlement of this action (the "Class Action") in accordance with the terms of a Class Action Settlement Agreement dated January 13, 2020, (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1.     For purposes of this Final Order and Judgment, all capitalized terms used herein have the Definitions in the Settlement Agreement, which is incorporated herein by reference.

2.     In accordance with the Court's Orders, and as determined by this Court previously, notice was timely distributed by first-class or electronic mail to all Class Members who could be identified with reasonable effort, and notice was published on the website maintained by Class Counsel. In addition, in accordance with the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3.     The form and methods of notifying the Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, any other applicable law, and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notices of the fairness hearing and the rights of all Class Members have been provided to all people, powers and entities entitled to notice.

4.     All requirements of the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*, have been met.

5.     Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.     Each and every Objection to the Settlement is overruled with prejudice.

Exhibit 5

7.      The motion for final approval of the Settlement Agreement (Doc. ___) is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Northrop Grumman Savings Plan (the "Plan") and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8.      The operative complaint and all claims asserted at any point in the litigation, whether by Class Representatives on their own behalf or on behalf of the Class, or derivatively to secure relief for the Plan, are hereby dismissed with prejudice and without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

9.      The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns agents and attorneys) on behalf of themselves and on behalf of the Plan, hereby fully, finally, and forever settle, release, relinquish, waive and discharge Defendants, the Plan, and all Released Parties from the Released Claims, regardless of whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class members qualify for a distribution under the terms of the Settlement Agreement, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections to the Settlement Agreement or claims for distribution of such Class Members have been approved or allowed. However, nothing herein releases claims of any Released Party or the Plan against any other Released Party for claims for, or arising out of, insurance coverage against their insurers.

10.    The Class Members and the Plan acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not

Exhibit 5

limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of or substantially related to, any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11.     Class Counsel, the Class Representatives, the Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants, the Plan and the Released Parties or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member and the Plan has hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims, and each Class Representative.

12.     The Class Representatives, Class Members and the Plan hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law

Exhibit 5

1  or any State or territory within the United States or any foreign country, or any

2  principle of common law, which is similar, comparable or equivalent in substance

3  to Section 1542 of the California Civil Code.

4        13.     The Court finds that it has subject matter jurisdiction over the claims

5  herein and personal jurisdiction over Class Members herein under with the

6  provisions of ERISA, and expressly retains that jurisdiction for purposes of

7  enforcing this Final Order and the Settlement Agreement. Any motion to enforce

8  paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including

9  by way of injunction, may be filed in this Court, and the provisions of the

10  Settlement Agreement and/or this Final Order may also be asserted by way of an

11  affirmative defense or counterclaim in response to any action that is asserted to

12  violate the Settlement Agreement.

13        14.     Each Class Member shall hold harmless Defendants, Defense Counsel,

14  the Released Parties, and the Plan for any claims, liabilities, attorneys' fees and

15  expenses arising from the allocation of the Gross Settlement Amount or Net

16  Settlement Amount and for all tax liability and associated penalties and interest as

17  well as related attorneys' fees and expenses.

18        15.     The Settlement Administrator shall have final authority to determine

19  the share of the Net Settlement Amount to be allocated to each Current Participant

20  and each Authorized Former Participant.

21        16.     The Settlement Administrator has the sole and exclusive discretion to

22  determine, with respect to payments or distributions to Authorized Former

23  Participants, all questions not addressed in or resolved by the Settlement

24  Agreement, including whether a Former Participant Claim Form should be accepted

25  by the Settlement Administrator in the first instance.

26        17.     With respect to any matters that arise concerning distributions to

27  Current Participants (after allocation decisions have been made by the Settlement

28

Exhibit 5

Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Fiduciary under the applicable law and governing Plan terms.  The Plan Fiduciary shall not have any liability with respect to any questions it resolves regarding distributions beyond that provided for in applicable law and governing Plan terms.

18.    Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members, as provided by Paragraph 4.1.12 of the Settlement Agreement, the Settlement Administrator shall prepare and provide to Class Counsel, and Defense Counsel and the Plan Fiduciary a list of each person who was issued a settlement payment and the amount of such payment.

Upon entry of this Order, all Class Members and the Plan shall be bound by the Settlement Agreement and by this Final Order.

**IT IS SO ORDERED.**

DATED: _____, 2020

_____
André Birotte Jr.
United States District Court Judge

Exhibit 5