## AMENDMENT TO
## CLASS ACTION SETTLEMENT AGREEMENT

This is an amendment to a Class Action Settlement Agreement executed on January 13, 2020 and filed in *Marshall v. Northrop Grumman Corporation*, No. 16-cv-6794-AB-JC in the United States District Court for the Central District of California on January 13, 2020 as Document 321-1 ("Settlement Agreement"). This amendment is made under §11.14 of the Settlement Agreement. All capitalized terms herein have the same meaning as in the Settlement Agreement.

**1. Section 2.39 of the Settlement Agreement is hereby deleted and replaced by the following:**

2.39    "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual or representative capacity whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen that occurred prior to or during the Class Period only, that:

2.39.1    Are based on the facts alleged in the operative complaint of the Class Action, specifically, that the Defendants (1) distributed the Saving Plan's assets to Defendant Northrop Grumman Corporation as payment for services it provided to the Savings Plan, (2) paid unreasonable recordkeeping fees to the Saving Plan's recordkeeper, and (3) used an active-management strategy for the Savings Plan's Emerging Markets Equity Fund and failed to consider whether to fully convert the Emerging Markets Equity Fund to passive management.;

2.39.2    Would be barred by the principles of res judicata or collateral estoppel had the claims asserted in the operative complaint of the Class Action been fully litigated and resulted in a final judgment;

2.39.3    Relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund pursuant to the Plan of Allocation (including allocations to the Plan or any member of the Class and payment of Attorneys' Fees, Class Representative Compensation, and expenses from the Qualified Settlement Fund);

2.39.4    Relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone;

2.39.5    Seek any remedy against Defendants' insurers;

2.39.6    Seek attorneys' fees and costs related to the Class Action in addition to the Attorneys' Fees and Costs specified in Paragraph 7.1; or

2.39.7    Constitute individual claims asserted or that could have been asserted by the Class Representatives or Members for alleged losses in their individual accounts prior

Exhibit 1

to or during the Class Period based on the facts alleged in the operative complaint in the Class Action.

2.39.8 "Released Claims" specifically excludes claims of individual denial of benefits under ERISA § 502(a)(1)(B) other than claims for benefits under the Plan prior to or during the Class Period based on the facts alleged in the operative complaint in the Class Action.

2.39.9 "Released Claims" specifically excludes any claim asserted in *Carlson v. Northrop Grumman Corporation*, No. 13-2635 in the United States District Court for the Northern District of Illinois.

**2. Article 8 of the Settlement Agreement is amended to add the following section 8.4:**

8.4    All of the Released Claims and releases and covenants not to sue stated in the preceding sections 8.1–8.3 as well as in section 2.39 are limited to claims based on the identical factual predicate of the operative complaint in the Class Action.

**3. Exhibit 5 to the Settlement Agreement (referred to in §§2.23, 4.1, and 11.20),  is hereby deleted and replace by the Exhibit 5 attached hereto**

**4.   All other provisions of the Settlement Agreement remain in effect.**

Exhibit 1

ON BEHALF OF PLAINTIFFS, Clifton Marshall, Thomas Hall, Manuel Gonzalez, Ricky Hendrickson, Phillip Brooks, and Harold Hylton, Individually and as Representatives of the Class.

Dated:  7/8/2020

SCHLICHTER BOGARD & DENTON LLP

Jerome J. Schlichter (SBN 054513)
Michael A. Wolff
Kurt C. Struckhoff
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934

Attorneys for Plaintiffs and Class Representatives

Exhibit 1

ON BEHALF OF DEFENDANTS, Northrop Grumman Corporation, the Northrop Grumman
Savings Plan Administrative Committee, the Northrop Grumman Savings Plan Investment
Committee, Denise Peppard, Michael Hardesty, Kenneth Bedingfield, Kenneth Heintz, Prabu
Natarajan, Mark Caylor, Mark Rabinowitz, Richard Boak, Debora Catsavas, Teri Herzog,
Tiffany McConnell King, Christopher McGee, Gary McKenzie, Constance Soloway, Rajender
Chandhok, Gloria Flach, James Myers, Sunil Navale, Eric Scholten, and Steven Spiegel.

Dated: July 8, 2020

MAYER BROWN LLP

/s/ Nancy G. Ross

Nancy G. Ross
Brian D. Netter
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600
Fax: (312) 701-7711

Attorneys for Defendants

4

Exhibit 1

APPROVED BY Gallagher Fiduciary Advisors, LLC, as the independent fiduciary of the Northrop Grumman Corporation Savings Plan (the "Plan") in connection with the Settlement Agreement (the "Settlement Agreement") in Marshall et al. v. Northrop Grumman Corporation et al., 2:16-cv-6794 (C.D. Cal.).

GALLAGHER FIDUCIARY ADVISORS, LLC

By: _____
Darin R. Hoffner
Area Senior Vice President and Area Counsel

Exhibit 1

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

CLIFTON W. MARSHALL, et al.,

Case No. 16-CV-6794 AB (JCx)

10

*Plaintiffs,*

11

v.

12

NORTHROP GRUMMAN
CORPORATION, et al.,

13

*Defendants.*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF
SETTLEMENT**

Date: August 20, 2020
Time: 9:00 a.m.
Courtroom 7B – 7th Floor

Hon. André Birotte Jr.

Exhibit 5

Exhibit 1

Upon consideration of the Settling Parties' Joint Motion For Final Approval Of Class Settlement of this action (the "Class Action") in accordance with the terms of a Class Action Settlement Agreement dated January 13, 2020 (Dkt. No. 321-1), as amended by the Amendment To Class Action Settlement Agreement dated July 8, 2020 (Dkt. No. ___) (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1.    For purposes of this Final Order and Judgment, all capitalized terms used herein have the Definitions in the Settlement Agreement, which is incorporated herein by reference.

2.    In accordance with the Court's Orders, and as determined by this Court previously, notice was timely distributed by first-class or electronic mail to all Class Members who could be identified with reasonable effort, and notice was published on the website maintained by Class Counsel. In addition, in accordance with the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3.    The form and methods of notifying the Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, any other applicable law, and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notices of the fairness hearing and the rights of all Class Members have been provided to all people, powers and entities entitled to notice.

4.    All requirements of the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*, have been met.

5.    Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

Exhibit 5

Exhibit 1

6.     The Amendment To Class Action Settlement Agreement resolves the objections of Alan Carlson, Peter DeLuca and Robert Stolte (Dkt. No. 333) and those objections are overruled with prejudice.

7.     The remaining objections to the Settlement are overruled with prejudice.

8.     The motion for final approval of the Settlement Agreement as amended (Dkt. No. ___) is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Northrop Grumman Savings Plan (the "Plan") and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

9.     The operative complaint and all claims asserted at any point in the litigation, whether by Class Representatives on their own behalf or on behalf of the Class, or derivatively to secure relief for the Plan, are hereby dismissed with prejudice and without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

10.     The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns agents and attorneys) on behalf of themselves and on behalf of the Plan, hereby fully, finally, and forever settle, release, relinquish, waive and discharge Defendants, the Plan, and all Released Parties from the Released Claims, regardless of whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class members qualify for a distribution under the terms of the Settlement Agreement, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections to the Settlement Agreement or claims for distribution of such Class Members have been approved or allowed. However, nothing herein releases claims

Exhibit 5

Exhibit 1

of any Released Party or the Plan against any other Released Party for claims for, or arising out of, insurance coverage against their insurers.

11.    The Class Members and the Plan acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim for any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

12.    Class Counsel, the Class Representatives, the Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants, the Plan and the Released Parties or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member and the Plan has hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims, and each Class Representative.

13.    As to the Released Claims, the Class Representatives, Class Members and the Plan hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to

---

CASE NO. 16-CV-6794 AB (JCX)                -3-                [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

Exhibit 5

Exhibit 1

exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

14.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein under with the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

15.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

16.     The Settlement Administrator has the sole and exclusive discretion to determine, with respect to payments or distributions to Authorized Former Participants, all questions not addressed in or resolved by the Settlement Agreement, including whether a Former Participant Claim Form should be accepted by the Settlement Administrator in the first instance.

17.     With respect to any matters that arise concerning distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement

Exhibit 5

Exhibit 1

1  Agreement shall be resolved by the Plan Fiduciary under the applicable law and

2  governing Plan terms.  The Plan Fiduciary shall not have any liability with respect

3  to any questions it resolves regarding distributions beyond that provided for in

4  applicable law and governing Plan terms.

5      18.    Within twenty-one (21) calendar days following the issuance of all

6  settlement payments to Class Members, as provided by Paragraph 4.1.12 of the

7  Settlement Agreement, the Settlement Administrator shall prepare and provide to

8  Class Counsel, and Defense Counsel and the Plan Fiduciary a list of each person

9  who was issued a settlement payment and the amount of such payment.

10     Upon entry of this Order, all Class Members and the Plan shall be bound by the

11  Settlement Agreement and by this Final Order.

12

13     **IT IS SO ORDERED.**

14  DATED: _____, 2020

15

16  _____

17  André Birotte Jr.
    United States District Court Judge

18

19

20

21

22

23

24

25

26

27

28

Exhibit 5

Exhibit 1