1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CLIFTON W. MARSHALL, et al.,

       *Plaintiffs*,

 v.

NORTHROP GRUMMAN
CORPORATION, et al.,

       *Defendants.*

Case No. 16-CV-6794 AB (JCx)

**ORDER GRANTING IN PART
PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES,
AND INCENTIVE AWARDS FOR
CLASS REPRESENTATIVES**

Hon. André Birotte Jr.

**INTRODUCTION**

Before the Court is Plaintiffs' motion for attorneys' fees, reimbursement of expenses, and incentive awards for class representatives. Defendants do not oppose the motion. The Court heard oral argument on this motion on August 20, 2020. The Court will enter a separate order approving the settlement. This Order addresses the attorney fee request, reimbursement of expenses, and the lead Plaintiffs' incentive awards.

After more than three years of hard-fought litigation, the parties reached a settlement in the amount of $12,375,000 to resolve all remaining claims. The settlement provides substantial relief on behalf of over 160,000 current and former participants of the Northrop Grumman Savings Plan. Class Counsel (Schlichter Bogard & Denton, LLP) requests an award of attorneys' fees in the amount of one

third of the settlement fund (or $4,125,000), reimbursement of litigation expenses of $390,587, and $25,000 as incentive awards to each of the six Class representatives.

Class Counsel, Schlichter, Bogard & Denton, obtained an exceptional result on behalf of the Class after years of litigation. Their request for a one-third fee of the common fund is fair and reasonable compensation for their pioneering and persevering efforts on behalf of the Class. Their request for reimbursement of out-of-pocket litigation expenses also is reasonable based on the types of expenses incurred in cases of this complexity and magnitude. Finally, incentive awards for each of the Class representatives are justified by their efforts and risks they assumed in this case. For the reasons explained below, the motion is **GRANTED IN PART**.

## BACKGROUND

This settlement concludes the over thirteen years of extensive litigation between the parties. The litigation began in September 2006 with the filing of a substantially related case—*In re Northrop Grumman Corp. ERISA Litig.,* No. 06-6213 (C.D. Cal.) (*"Grabek"*)—that resulted in a settlement of $16,750,000 in October 2017. *Grabek*, Final Order and Judgment, Doc. 804 (filed Oct. 24, 2017). With the settlement in this case, Class Counsel has recovered almost $30 million for class members based on allegations that the Northrop 401(k) plan fiduciaries breached their fiduciary duties and committed prohibited transactions when administering the Plan. Since the parties are familiar with the background of this case, the Court confines its discussion to the facts relevant to the instant Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards to Class representatives.

## LEGAL STANDARD

It is well established that class counsel is entitled to an award of reasonable attorney fees and reimbursement of litigation expenses from the common fund they

created for the benefit of a class. <u>Fed. R. Civ. P. 23(h)</u>; *Staton v. Boeing Co.*, <u>327 F.3d 938, 967</u> (9th Cir. 2003) ("Under the 'common fund doctrine', 'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'") (*quoting Boeing Co. v. Van Gemert*, <u>444 U.S. 472, 478</u> (1980)). The purpose of the "common fund" doctrine is to avoid unjust enrichment, requiring "those who benefit from the creation of the fund [to] share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, <u>19 F.3d 1291, 1300</u> (9th Cir. 1994) (*"WPPSS"*). The district court has discretion over the amount of attorney fees to award. *Vizcaino v. Microsoft Corp.*, <u>290 F.3d 1043, 1048</u> (9th Cir. 2002).

The district court may use the percentage-of-the-fund method to determine a reasonable attorney fee. *Stanger v. China Elec. Motor, Inc.*, <u>812 F.3d 734, 738</u> (9th Cir. 2016); *In re Online DVD-Rental Antitrust Litig.*, <u>779 F.3d 934, 953</u> (9th Cir. 2015). Although the Ninth Circuit has established 25% as the benchmark attorney fee in common fund cases, that benchmark is "a starting point for analysis" because it "may be inappropriate in some cases." *Vizcaino*, <u>290 F.3d at 1048</u>. The factors that inform the district court whether to adjust the benchmark percentage include: "(1) the result obtained for the class; (2) the effort expended by counsel; (3) counsel's experience; (4) the skill of counsel; (5) the complexity of the issues; (6) the risks of non-payment assumed by counsel; (7) the reaction of the class; and (8) comparison with counsel's lodestar." *In re Northrop Grumman Corp. ERISA Litig.*, No. 06-6213, <u>2017 WL 9614818</u>, at *2 (C.D. Cal. Oct. 24, 2017) ("*Grabek*") (*citing In re Quintus Sec. Litig.,* <u>148 F. Supp. 2d 967, 973</u>–74 (N.D. Cal. 2001), among others). A one-third percentage has been applied to the gross settlement amount to calculate the fee award. *Powers v. Eichen*, <u>229 F.3d 1249, 1258</u> (9th Cir. 2000); *Grabek*, <u>2017 WL 9614818</u>, at *6; *Emmons v. Quest Diagnostics Clinical Labs.,*

*Inc.*, No. 13-474-DAD, 2017 WL 749018, at *8 (C.D. Cal. Feb. 24, 2017).

**DISCUSSION**

Having considered the papers submitted in support of the motion, and for good

cause having been shown, the Court **GRANTS IN PART** Plaintiffs' motion.

**I.    Attorney Fees**

**A.    The Exceptional Result Obtained for the Class**

Courts have consistently recognized that the result achieved is a major factor

to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436,

103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("the most critical factor is the degree of

success obtained"); *In re Heritage Bond Litig.*, No. 02-ML-1475-DT, 2005 WL

1594403, at *19 (C.D. Cal. June 10, 2005) (a "significant factor"); *Deaver v.

Compass Bank*, No. 13-222, 2015 WL 8526982, at *11 (N.D. Cal. Dec. 11, 2015)

("the most critical factor").

The Court finds that the $12.375 million settlement fund obtained by

Schlichter, Bogard & Denton is an exceptional result for the Class. The settlement

fund represents approximately 29% of Plaintiffs' claimed damages at trial. Doc.

284-1 at 65 (¶¶ 344–345). Moreover, excluding prejudgment interest, Schlichter,

Bogard & Denton contends that the amount is over 600% higher than what

Defendants viewed as their maximum exposure on Plaintiffs' unlawful

reimbursement claim. Doc. 289-1 at 69 (¶¶ 200–201). They assert this percentage is

representative of what Defendants arguably viewed as their exposure in this case

because Defendants vigorously disputed they had any exposure on Plaintiffs' claim

that Defendants imprudently retained the Plan's Emerging Markets Equity Fund

("EM Fund").  *Id.* at 59–67 (¶¶ 173–194).

The settlement fund, as a percentage of recovery, is greater than recoveries in

other cases where attorney fees of one third of the common fund were awarded. *See

Emmons*, 2017 WL 749018, at *5 ($2.35 million settlement; 27.6% of claimed

damages of $8.5 million); *Cheng Jiangchen v. Rentech, Inc.*, No. 17-1490-GW, 2019 WL 5173771, at *7 (C.D. Cal. Oct. 10, 2019) ($2.05 million settlement; 10% of maximum damages of $20 million); *Deaver*, 2015 WL 8526982, at *7 ($500,000 settlement; 14.2% of $3,512,000 in "potential liability"); *see also In re Med. X-Ray Film Antitrust Litig.*, No. 93-5904, 1998 WL 661515, at *7–8 (E.D.N.Y. Aug. 7, 1998) (settlement of 17% of claimed damages); *In re Crazy Eddie Sec. Litig.*, 824 F.Supp. 320, 326 (E.D. N.Y. 1993) (settlement of 10% of claimed damages); *In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 431, 434 (E.D. Pa. 2001) (settlement of 15% of damages); *In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 489–490 (E.D. Pa. 2003) (settlement of 15% of the maximum recovery).

Accordingly, the Court concludes that the exceptional result achieved in this action justifies an attorney fee award of one-third of the settlement fund.

## B.    The Effort Expended by Schlichter, Bogard & Denton

The Court finds that Class Counsel expended tremendous effort on behalf of the Class in prosecuting this action. Schlichter, Bogard & Denton devoted over 8,600 hours of attorney, paralegal, and law clerk time over the three years this action has been pending. O'Gorman Decl. ¶ 4.

The effort necessary to prosecute this action is shown by the fact that this action was aggressively litigated at all stages. Schlichter, Bogard & Denton drafted three complaints. Docs. 1, 70, 132. Before the litigation, they devoted substantial time and resources by investigating the alleged unlawful reimbursement practices from *Grabek* that continued during the class period and the other claims that Plaintiffs pursued in this litigation. Schlichter Decl. ¶ 27. They successfully defeated two motions to dismiss, obtained class certification over strong objection, defeated a motion for partial summary judgment, and survived Defendants' lengthy *Daubert* challenges to Plaintiffs' experts who would testify at trial. Docs. 68, 146, 264, 308, 310. Schlichter, Bogard & Denton reviewed and analyzed approximately 353,000

pages of documents, and took and defended 20 depositions of fact and expert witnesses. Struckhoff Decl. ¶¶ 6, 8–9; Docs. 167-03, 167-04, 168-113 (expert deposition excerpts). They also participated in two unsuccessful mediations, after which the case proceeded to trial. Doc. 306. The case only settled on the very brink of trial, approximately fourteen minutes before trial was scheduled to begin. Doc. 315. Because this case was litigated to trial, Schlichter, Bogard & Denton fully prepared for trial, which required them to devote enormous efforts and resources to this matter. *E.g.,* Docs. 269, 281, 282, 284-1, 304.

Several courts have awarded attorney fees of one third of a common fund under similar circumstances, and with less time involved. *Boyd v. Bank of Am. Corp.*, No. 13-561-DOC, 2014 WL 6473804, at *10 (C.D. Cal. Nov. 18, 2014) (counsel spent over 3,000 hours litigation the case); *Fernandez v. Victoria Secret Stores, LLC*, No. 06-04149-MMM, 2008 WL 8150856, at *16 (C.D. Cal. July 21, 2008) (counsel invested thousands of hours in the case); *Garcia,* 2012 WL 5364575, at *8 (counsel spent 3,700 hours on the matter); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 150 (E.D. Pa. 2000) (counsel spent 3,900 hours on the litigation over two years of litigation); *Corel*, 293 F. Supp. 2d at 496–97 (counsel spent 6,800 hours spent litigating the case).

Accordingly, because Schlichter, Bogard & Denton exerted great effort on behalf of the Class in litigating this action, the Court concludes that an award of one third of the settlement fund in attorney fees is justified.

### C.    The Experience of Schlichter, Bogard & Denton

The experience of class counsel is relevant in determining the appropriate attorney fee award. *Grabek*, 2017 WL 9614818, at *4; *Heritage Bond,* 2005 WL 1594403, at *20. A fee award of one third of the settlement fund is justified where class counsel "has significant experience in the particular type of litigation at issue[.]" *Deaver*, 2015 WL 8526982, at *11 (citation omitted). Moreover, a one-

third fee is appropriate where "[c]ounsel litigated effectively, and their experience
was essential for obtaining the result." *Boyd*, 2014 WL 6473804, at *10.

The Court finds that Schlichter, Bogard & Denton is exceptionally skilled
having achieved unparalleled success in actually pioneering complex ERISA 401(k)
excessive fee litigation, such as this case and *Grabek*. The Court agrees with other
district courts that Schlichter, Bogard & Denton are attorneys of the "highest
caliber". *Kelly v. Johns Hopkins Univ.*, No. 16-2835, 2020 WL 434473, at *4 (D.
Md. Jan. 28, 2020); *see also Beesley v. Int'l Paper Co.,* No. 06-703, 2014 WL
375432, at *2 (S.D. Ill. Jan. 31, 2014) (the firm's diligence and perseverance
"reflect the finest attributes of a private attorney general"). This Court agrees that,
in creating the field of 401(k) excessive fee litigation, when neither the Department
of Labor or any private law firm had ever filed such a case, Schlichter Bogard &
Denton functioned as a private attorney general. The firm handled the first ever trial
of such case. It also successfully petitioned the United States Supreme Court to hear
its first ERISA fiduciary breach case regarding excessive fees in 401(k) plans, and
obtained a unanimous 9-0 decision holding that an ERISA fiduciary has a
continuing duty to monitor plan investments and remove imprudent ones. *Tibble v.
Edison Int'l*, 135 S.Ct. 1823, 1828–29 (2015).

Schlichter, Bogard & Denton also has "educated plan administrators, the
Department of Labor, the courts and retirement plan participants" about this
complex area of the law. *Tussey v. ABB, Inc.,* No. 06-4305, 2015 WL 8485265, at
*2 (W.D. Mo. Dec. 9, 2015). Their efforts have contributed to fee savings achieved
by employees and retirees by over $2 billion. *Nolte v. Cigna Corp.,* No. 07-2046,
2013 WL 12242015, at *3 (C.D. Ill Oct. 15, 2013). The firm has had a
"humongous" impact on 401(k) fees. Linda Stern, *Stern Advice: How 401(k)
Lawsuits Are Bolstering Your Retirement Plan*, REUTERS (Nov. 5, 2013) [*Grabek*,
Doc. 783-10]. This Court agrees that Schlichter, Bogard & Denton has educated

plan fiduciaries, the DOL, and plan participants about the importance of 401(k) fees, their efforts have led to enormous fee savings for plan participants, and the firm has had a "humongous" impact on the 401(k) industry.

Over the past thirteen years, Schlichter, Bogard & Denton has zealously represented employees and retirees of Northrop Grumman while taking on enormous financial risks. Their experience and expertise in ERISA fiduciary breach litigation has greatly benefitted Class members. The Court finds that the firm's reputation as "experts" in this field is well deserved. *See Tussey v. ABB, Inc*., No. 06-4305, 2012 WL 5386033, at *3 (W.D. Mo. Nov. 2, 2012) ("Plaintiffs' attorneys are clearly experts in ERISA litigation.").

Accordingly, the Court concludes that Schlichter, Bogard & Denton's specialized and vast experience representing plaintiffs in ERISA class actions justifies an award of one third of the settlement fund in attorney fees.

### D. The Skill of Schlichter, Bogard & Denton and Complexity of this Case

"Courts have recognized that the novelty, difficulty and complexity of the issues involved are significant factors in determining a fee award." *Heritage Bond*, 2005 WL 1594403, at *20 (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)). As this Court has recognized in the related *Grabek* action, "ERISA 401(k) fiduciary breach class actions involve complex questions of law and have not been widely litigated to this point." *Grabek*, 2017 WL 9614818, at *4. "[G]iven the transient nature of standing ERISA law," these cases "require[] highly skilled counsel who could understand the complexity of the law and adapt case law accordingly." *Downey Surgical Clinic, Inc. v. OptumInsight, Inc.*, No. 09-5457-PSG, 2016 WL 5938722, at *10 (C.D. Cal. May 16, 2016).

This case involved complex claims of prohibited transactions under 29 U.S.C. § 1106 for which there are no reported cases directly on point. It thus

required Class Counsel to rely on detailed and complex regulations (29 C.F.R. §§ 2550.408b-2, 2550.408c-2) and DOL advisory opinions. *See* Doc. 284-1 at 42–53 (¶¶ 239–291). The case also involved an imprudent investment claim related to Defendants' retention of the actively managed EM Fund. This claim required a fact-intensive inquiry focusing on the methods Defendants employed to investigate the merits and structure of the EM Fund. *See* Doc. 264 at 14–19. The summary judgment record and the parties' proposed findings of fact and conclusions of law confirm the complexity of the factual and legal issues involved. *See* Doc. 284-1 (355 paragraphs); Doc. 289-1 (214 paragraphs).

Given the novel and complex nature of this area of law, the Court finds that Schlichter, Bogard & Denton's specialized experience and knowledge resulted in the skillful prosecution of this action. Therefore, the Court concludes that a fee award of one third of the settlement fund is justified.

### E.   The Financial Risks Assumed by Schlichter, Bogard & Denton

The risks assumed by class counsel, "particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award." *Grabek*, 2017 WL 9614818, at \*4. These risks must be considered. *Vizcaino*, 290 F.3d at 1048. "Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose." *WPPSS,* 19 F.3d at 1299. The risk of non-payment after years of hard-fought litigation "weighs substantially in favor" of a one-third fee. *Campbell v. Best Buy Stores, L.P.*, No. 12-7794-JAK, 2016 WL 6662719, at \*8 (C.D. Cal. Apr. 5, 2016); *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) ("where recovery is uncertain, an award of one-third of the common fund as attorneys' fees has been found to be appropriate").

The Court finds that Schlichter, Bogard & Denton assumed great financial risk by litigating this complex action for years. The firm represented the plaintiffs completely on a contingency basis and carried substantial litigation costs. They invested thousands of attorney and staff hours in the case with no guarantee that they would be compensated for their time or reimbursed for the expenses they incurred.

These financial risks were compounded by the fact that recovery was uncertain. Several of ERISA excessive fee cases filed by the firm were dismissed and the dismissals were upheld by Courts of Appeal. *See, e.g., Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009); *Loomis v. Exelon Corp.*, 658 F.3d 667 (7th Cir. 2011); *Renfro v. Unisys Corp.*, 671 F.3d 314 (3d Cir. 2011); *Divane v. Northwestern Univ.*, No. 16-8157, 2018 WL 2388118 (N.D. Ill. May 25, 2018), *affirmed,* No. 18-2569, Doc. 55 (7th Cir. Mar. 25, 2020). In other cases, district courts granted summary judgment against the plaintiffs in whole or part. *Kanawi v. Bechtel Corp.*, 590 F. Supp. 2d 1213 (N.D. Cal. 2008); *Taylor v. United Techs. Corp.*, No. 06-3194, 2009 WL 535779 (D. Conn. Mar. 3, 2009), *aff'd,* 354 Fed. Appx. 525 (2d Cir. 2009); *George v. Kraft Foods Global, Inc.*, 684 F. Supp. 2d 992 (N.D. Ill. 2010), *rev'd in part,* 641 F.3d 786 (7th Cir. 2011); *Tibble v. Edison Int'l,* 639 F. Supp. 2d 1074 (C.D. Cal. 2009), *aff'd,* 729 F.3d 1110 (9th Cir. 2013), *vacated,* 135 S. Ct. 1823 (2015), *aff'd on remand,* 820 F.3d 1041 (9th Cir. 2016); *Cunningham v. Cornell Univ.*, 16-6525, 2019 WL 4735876 (S.D. N.Y. Sep. 27, 2019).

Even though Plaintiffs proceeded to trial on two claims, "trials of class actions are inherently risky and unpredictable propositions." *Cervantez v. Celestica Corp.*, No. 07-729-VAP, 2010 WL 2712267, at *3 (C.D. Cal. July 6, 2010). The settlement in this case also was not easily obtained. It only occurred after years of litigation, two unsuccessful mediations, and just minutes before the trial was

1  scheduled to start.

2      Accordingly, the Court concludes that the great risk assumed by Schlichter,

3  Board & Denton justifies an award of one third of the settlement fund in attorney

4  fees.

5      **F.    The Reaction of the Class**

6      "The presence or absence of objections from the class is also a factor in

7  determining the proper fee award." *Grabek,* 2017 WL 9614818, at *5 (citations

8  omitted).

9      On or about April 6, 2020, the settlement administrator sent notices to over

10  167,000 Class members by first-class mail or e-mail for whom the settlement

11  administrator had current e-mail addresses. Struckhoff Decl. ¶ 11; Doc. 326 at 9–10

12  (¶ 4(B)). The settlement agreement and class notices were posted on the settlement

13  website maintained by counsel. Doc. 326 at 9 (¶ 4); O'Gorman Decl. ¶ 6. The

14  court-approved notices apprised Class members that Schlichter, Bogard & Denton

15  would seek up to one third of the settlement fund (or $4,125,000) in attorney fees

16  and no more than $450,000 as reimbursement for litigation expenses. *Cf.* Doc. 321-

17  1 at 49, 56 (notices). The notices also informed Class members of their right to

18  object to counsel's fee request and the deadline to submit any objections. *Id.* at 48,

19  55.

20      The Court finds that notice to the Class was adequate. Because very few

21  Class members have objected to the requested attorney fees and reimbursement of

22  litigation expenses, the Court concludes that an attorney fee award of one third of

23  the settlement fund is justified.

24      **G.    Comparison with Schlichter, Bogard & Denton's lodestar**

25      Courts often compare the requested attorney fees to class counsel's lodestar to

26  provide a "check on the reasonableness of the percentage award." *Vizcaino*, 290

27  F.3d at 1050. Under the lodestar method, the court "must start by determining how

28

many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Fair and reasonable compensation to class counsel "requires charging current rates for all work done during the litigation, or by using historical rates enhanced by an interest factor." *WPPSS,* 19 F.3d at 1305. Using historical rates "inadequately compensate[s] [a] firm for the delay in receiving its fees." *Id.* As such, "[a]ttorneys in common fund cases must be compensated for any delay in payment." *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1010 (9th Cir. 2002); *Bouman v. Block*, 940 F.2d 1211 (9th Cir. 1991) (affirming use of current hourly rate "to compensate for the delay in receiving payment") (citation omitted). Class counsel need only submit documentation appropriate to meet the burden establishing an entitlement to an award, not to satisfy "green-eyeshade accountants." *Fox v. Vice,* 131 S.Ct. 2205, 2216 (2011).

Complex ERISA cases, such as this, "involve a national standard, and attorneys practicing ERISA law in the Ninth Circuit tend to practice in different districts." *Mogck v. Unum Life Ins. Co. of Am.*, 289 F. Supp. 2d 1181, 1191 (S.D. Cal. 2003). As other district courts have concluded, the Court finds that the relevant hourly rate for Class Counsel's work is the "nationwide market rate". *Kelly*, 2020 WL 434473, at *6; *Clark v. Duke*, No. 16-1044, 2019 WL 2579201, at *2 (M.D. N.C. June 24, 2019); *Sims v. BB&T Corp.,* No. 15-1705, 2019 WL 1993519, at *2 (M.D. N.C. May 6, 2019); *Kruger v. Novant Health, Inc.*, No. 14-208, 2016 WL 6769066, at *4 (M.D. N.C. Sept. 29, 2016); *Beesley*, 2014 WL 375432, at *3; *Abbott v. Lockheed Martin Corp.,* No. 06-701, 2015 WL 4398475, at *2 (S.D. Ill. July 17, 2015); *Tussey,* 2015 WL 8485265, at *7.

Class Counsel has spent 7,497 attorney hours and 1,118.40 non-attorney hours litigating this case. O'Gorman Decl. ¶ 4. The time and labor expended in this

case is consistent with other ERISA fiduciary breach class actions handled by Class Counsel. *Clark,* 2019 WL 2579201, at *3; *Sims,* 2019 WL 1993519, at *2; *Bell v. Pension Comm. Of ATH Holding Co., LLC*, No. 15-2062, 2019 WL 4193376, at *5 (S.D. Ind. Sept. 4, 2019); *Spano v. Boeing Co.*, No. 06-743, 2016 WL 3791123, at *2 (S.D. Ill. Mar. 31, 2016); *Abbott*, 2015 WL 4398475, at *2; *Krueger v. Ameriprise Fin., Inc.*, No. 11-2781, 2015 WL 4246879, at *2 (D. Minn. July 13, 2015).

Schlichter, Bogard & Denton has submitted the following hourly rates: for attorneys with at least 25 years of experience, $1,060 per hour; for attorneys with 15–24 years of experience, $900 per hour; for attorneys with 5–14 years of experience, $650 per hour; for attorneys with 2–4 years of experience, $490 per hour; and for paralegals and law clerks, $330 per hour. These rates were approved for Schlichter, Bogard & Denton as recently as January 28, 2020 in similar ERISA litigation. *Kelly*, 2020 WL 434473, at *6. They also were approved by several other district courts. *Bell*, 2019 WL 4193376, at *5; *Cassell v. Vanderbilt Univ.*, No. 16-2086, Doc. 174 at 3 (M.D. Tenn. Oct. 22, 2019); *Clark,* 2019 WL 2579201, at *4; *Sims,* 2019 WL 1993519, at *4; *Ramsey v. Philips N.A.,* No. 18-1099, Doc. 27 at 8 (S.D. Ill. Oct. 15, 2018).

These rates have been independently verified by a recognized expert in attorney fee litigation who opined that Schlichter, Bogard & Denton's requested rates were reasonable based on rates charged by national attorneys of equivalent experience, skill, and expertise in complex class action litigation. *Ramsey*, Doc. 27 at 9 (*citing* Declaration of Sanford Rosen [Doc. 21-3 ¶52]). "In light of the close similarities between the fiduciary breach claims in these cases and this one, Class Counsel being the same, and the recency of the decisions," the Court concludes that the same rates are reasonable for Schlichter, Bogard & Denton. *Kelly*, 2020 WL 434473, at *7; *Clark,* 2019 WL 2579201, at *4.

1  Using the current approved rates for Schlichter, Bogard & Denton, the

2  lodestar is $6,038,535. Struckhoff Decl. ¶ 17. This amount is much more than the

3  requested attorney fee of $4,125,000. The Court notes that if counsel had requested

4  their lodestar fees, their "fee request under that method would have been

5  presumptively reasonable." *Grabek*, 2017 WL 9614818, at \*6 (*citing Fischel,* 307

6  F.3d at 1007). Moreover, under the percentage-of-the-fund method, district courts

7  have awarded a one-third fee "when counsel's lodestar was *less* than the fee

8  award." *Id.* (*citing* cases).

9  The reasonableness of Schlichter, Bogard & Denton's fee request is further

10  shown when applying rates previously approved over *seven* years ago. In *Grabek,*

11  this Court found that a blended rate for attorney and paralegal time of $514.60 per

12  hour approved in *Tussey v. ABB, Inc.,* 746 F.3d 327, 340–41 (8th Cir. 2014) was

13  reasonable for Schlichter, Bogard & Denton's work. *Grabek*, 2017 WL 9614818, at

14  \*5.[1] This was because much higher rates were approved for Class Counsel since

15  *Tussey. Id.* at \*5 & n.2. Even applying the blended rate, Schlichter, Bogard &

16  Denton's lodestar is $4,433,484, also more than their attorney fee request.

17  Struckhoff Decl. ¶ 18.

18  In determining a reasonable attorney fee in class action common fund cases,

19  the lodestar figure is routinely enhanced by a multiplier to compensate class

20  counsel for the risk of non-payment by litigating the case on a contingency basis.

21  *WPPSS,* 19 F.3d at 1299–1300 ("It is an established practice in the private legal

22  market to reward attorneys for taking the risk of non-payment by paying them a

23  premium over their normal hourly rates for winning contingency cases") (citation

24  omitted); *Vizcaino*, 290 F.3d at 1051 ("courts have routinely enhanced the lodestar

25  to reflect the risk of non-payment in common fund cases").

26  The Ninth Circuit has approved a lodestar multiplier of up to 6.85. *Steiner v.*

27

28  [1] The district court approved this rate in 2012. *Tussey,* 2012 WL 5386033, at \*4.

1   *Am. Broadcasting Co., Inc.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming

2   multiplier of 6.85 and citing cases with comparable or higher multipliers); *Vizcaino*,

3   290 F.3d at 1051–52 & Appendix (affirming multiplier of 3.65 and reporting

4   multipliers of up to 19.6). In other ERISA fiduciary breach actions handled by

5   Class Counsel, a risk multiplier greater than 3 has been approved. *Kruger*, 2016

6   WL 6769066, at *5 (multiplier of 3.69); *Gordan v. Mass. Mut. Life Ins. Co.*, No.

7   13-30184, 2016 WL 11272044, at *3 (D. Mass. Nov. 3, 2016) (multiplier of 3.66).

8        The factors justifying a risk multiplier to Schlichter, Bogard & Denton's

9   lodestar are present here. Like *Grabek*, Class Counsel "expended substantial effort

10  on behalf of the class in an unusually complex and difficult case to prosecute", and

11  they "assumed great risk of non-payment" by litigating this case on a contingency

12  fee basis. *Grabek*, 2017 WL 9614818, at *6. Because Schlichter, Bogard & Denton

13  is requesting less than their lodestar and without a risk multiplier at all, the Court

14  finds that their fee request for one third of the common fund is reasonable.

15       **H.    Comparison to Fee Awards in Similar Class Action Settlements**

16       In determining a reasonable attorney fee award, courts often consider fee

17  awards in similar cases. *Vizcaino,* 290 F.3d at 1049–50; *Vasquez v. Coast Valley

18  Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (Wanger, J.); *Boyd,* 2014 WL

19  6473804, at *10; *Deaver*, 2015 WL 8526982, at *12. An attorney fee of one third

20  of the settlement fund is routinely found to be reasonable in class actions.

21  "Nationally, the average percentage of the fund award in class actions is

22  approximately one-third." *Multi-Ethnic Immigrant Workers Org. Network v. City of

23  Los Angeles*, No. 07-3072-AHM, 2009 WL 9100391, at *4 (C.D. Cal. June 24,

24  2009); *see also Romero v. Producers Dairy Foods, Inc.*, No. 05-484, 2007 WL

25  3492841, at *4 (E.D. Cal. Nov. 14, 2007) ("fee awards in class actions average

26  around one-third of the recovery") (*quoting* Newberg on Class Actions § 14.6

27  (4th ed. 2007)). "An award of one third is within the range of percentages which

28

Case No. 16-cv-6794 AB (JCx)          -14-          Mot. for Attys' Fees, Reimbursement of
Expenses, and Incentive awards for Class
Reps.

courts have considered reasonable in other class action lawsuits." *Boyd,* 2014 WL 6473804, at \*10; *Barbosa*, 297 F.R.D. at 450 (one-third fee commensurate with other class actions).

A one-third fee also consistent with awards in similar ERISA fiduciary breach class actions handled by Schlichter, Bogard & Denton. In *Grabek,* this Court previously awarded the firm a one-third fee from the common fund. *Grabek*, 2017 WL 9614818, at \*2–4. In 17 other ERISA fiduciary breach settlements, Schlichter, Bogard & Denton was awarded attorney fees of one third of the settlement fund. *Kelly*, 2020 WL 434473, at \*3; *Cassell*, Doc. 174 at 2 (¶ 5); *Tussey v. ABB, Inc*., No. 06-4305, 2019 WL 3859763, at \*4, \*6 (W.D. Mo. Aug. 16, 2019); *Clark*, 2019 WL 2579201, at \*3; *Sims*, 2019 WL 1993519, at \*2; *Ramsey*, Doc. 27 at 5–6; *Bell v. Pension Comm. Of ATH Holding Co., LLC*, No. 15-2062, 2019 WL 4193376, at \*3 (S.D. Ind. Sept. 4, 2019); *Gordan*, 2016 WL 11272044, at \*2; *Kruger*, 2016 WL 6769066, at \*1, \*5; *Spano*, 2016 WL 3791123, at \*2; *Abbott*, 2015 WL 4398475, at \*2; *Krueger*, 2015 WL 4246879, at \*1, \*3; *Beesley*, 2014 WL 375432, at \*2–3; *Nolte*, 2013 WL 12242015, at \*2–3; *George v. Kraft Foods Global, Inc*., Nos. 08-3899, 07-1713, 2012 WL 13089487, at \*2–3 (N.D. Ill. June 26, 2012); *Will v. Gen. Dynamics Corp*., No. 06-698, 2010 WL 4818174, at \*3 (S.D. Ill. Nov. 22, 2010); *Martin v. Caterpillar Inc*., No. 07-1009, 2010 WL 11614985, at \*1, 3–4 (C.D. Ill. Sept. 10, 2010).

The Ninth Circuit and other district courts within this Circuit have awarded attorney fees of one third of the common fund. *In re Pacific Enters. Sec. Litig*., 47 F.3d 373, 379 (9th Cir. 1995) (one-third fee from a \$12 million common fund); *Morris v. Lifescan, Inc*., 54 F. App'x 663, 664 (9th Cir. 2003) (one-third fee of \$14.8 settlement fund); *Heritage Bond*, 2005 WL 1594403, at \*19 (one-third fee from \$27.8 million common fund); *Fernandez,* 2008 WL 8150856, at \*16 (34% fee of \$8.5 million common fund); *Boyd*, 2014 WL 6473804, at \*9–10 (one-third fee

on $5.8 million common fund); *Cheng*, 2019 WL 5173771, at *7 (one-third fee of $2 million settlement);  *cf. Norris*, 2017 WL 6493091, at *13 (44% fee awarded to experienced attorneys in ERISA litigation).

In careful consideration of all of the above factors, this Court finds one third of the settlement fund of $12,375,000 to be a reasonable percentage award. As such, this Court awards attorney fees totaling $4,125,000.

## II. Reimbursement of Schlichter, Bogard & Denton's expenses

The Court may award reasonable litigation expenses as authorized by law and the parties' settlement agreement. Fed. R. Civ. P. 23(h); Doc. 321-1 §§ 2.4, 7.1. "There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Heritage Bond,* 2005 WL 1594403, at *23 (citation omitted). These expenses should be limited to expenses that are typically charged to fee paying clients. *Emmons*, 2017 WL 749018, at *8. "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." *Grabek,* 2017 WL 9614818, at *6 (*quoting Rutti v. Lojack Corp., Inc.*, No. 06-350-DOC, 2012 WL 3151077, at *12 (C.D. Cal. July 31, 2012)). Consulting and expert witness fees also are recoverable. *Grabek,* 2017 WL 9614818, at *6 (*citing In re Media Vision Tech. Secs. Litig.*, 913 F. Supp. 1362, 1366–67 (N.D. Cal. 1996).

Schlichter, Bogard & Denton seeks $390,587 in litigation expenses. These expenses include: (1) $59,373.61 for depositions; (2) $195,387.50 for experts and consultants; (3) $3,003.53 for filing, transcripts, subpoena services, and related costs; (4) $8,390.00 for mediation and settlement costs; (5) $24,919.52 for copies, postage, phone, and fax; (6) $11,029.79 for data development and document organization; (7) $4,539.78 for research and investigation; (8) $66,986.07 travel,

lodging, and parking; and (9) $16,957.56 in trial costs. O'Gorman Decl. ¶ 2.

This case was litigated for over three years. Schlichter, Bogard & Denton reviewed over 353,000 pages of documents produced by Defendants and third parties, took and defended 20 depositions across the country, engaged three expert witnesses, and fully prepared for trial that was set to begin on October 15, 2019. Struckhoff Decl. ¶¶ 6, 8–9; Doc. 170-90 (Schmidt Rpt.); Doc. 172-03 (Pomerantz Rpt.); Doc. 172-2 (Witz Rpt.); Docs. 167-03, 167-04, 168-113 (expert deposition excerpts). They also participated in two unsuccessful mediations in Los Angeles, California. Doc. 306.

The expenses requested by Schlichter, Bogard & Denton are substantially less than expenses reimbursed to the firm in similar ERISA fiduciary breach settlements. *See, e.g., Grabek,* 2017 WL 9614818, at *6 ($1.2 million); *Tussey*, 2019 WL 3859763, at *6 ($2.3 million); *Spano,* 2016 WL 3791123, at *4 ($1.8 million); *Abbott,* 2015 WL 4398475, at *4 ($1.6 million); *Beesley,* 2014 WL 375432, at *3 ($1.6 million); *George,* 2012 WL 13089487, at *4 ($1.5 million); *Kanawi v. Bechtel, Corp.*, No. 06-5566, 2011 WL 782244, at *3 (N.D. Cal. Mar. 1, 2011). ($1.5 million).

Given that the expenses sought are the type of costs typically recovered in similar cases, and based on the significant efforts expended by Schlichter, Bogard & Denton over the extended litigation, the Court finds their request of reimbursement of litigation expenses reasonable.

## III.    The Class Representatives' Incentive Awards

Schlichter, Bogard & Denton requests that each Class representative—Clifton Marshall, Thomas Hall, Manuel Gonzalez, Ricky Hendrickson, Phillip Brooks and Harold Hylton—receive an incentive award of $25,000. It is well established that the court may grant incentive awards to class representatives, "both as an inducement to participate in the suit and as compensation for time spent in

1  litigation activities, including depositions." *Grabek,* 2017 WL 9614818, at *7

2  (*citing In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000)). These

3  awards are "fairly typical in class actions." *Online DVD-Rental*, 779 F.3d at 943

4  (citation omitted). Courts consider the following factors in determining whether to

5  approve an incentive award: "(1) the risk to the class representative in commencing

6  suit, both financial and otherwise; (2) the notoriety and personal difficulties

7  encountered by the class representative; (3) the amount of time and effort spent by

8  the class representative; (4) the duration of the litigation[;] and[ ] (5) the personal

9  benefit (or lack thereof) enjoyed by the class representative as a result of the

10  litigation." *Grabek,* 2017 WL 9614818, at *7 (*quoting Van Vranken v. Atlantic

11  *Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995)).

12  **A.    Risk to Class Representatives**

13  The Court finds that the Class representatives faced substantial risk if

14  Defendants prevailed in this lawsuit and sought to recover their attorney fees and

15  costs from the named plaintiffs under 29 U.S.C. §1132(g) and Fed. R. Civ. P. 54(d).

16  These costs can be substantial as shown by the costs incurred by Schlichter, Bogard

17  & Denton and the hourly rates charged by Defendants' experts. In *Tussey,* the

18  defendants in a similar ERISA fiduciary breach class action paid their attorneys

19  over $42 million through trial, and paid one expert and his research firm over $3.2

20  million. 2015 WL 8485265, at *3, *6. This factor weighs in favor of granting

21  incentive awards.

22  **B.    The Notoriety and Personal Difficulties Encountered by the**

23  **Class Representatives**

24  This case has garnered media attention since filing.[2] Even if there was no

25  

26  [2] *See, e.g.,* John Manganaro, *Northrop Grumman ERISA Suit Sounds Familiar Claims,* PLANADVISER, Sept. 16, 2016, https://www.planadviser.com/northrop-grumman-erisa-suit-sounds-familiar-claims/; Rebecca Moore, *Northrop Excessive Fee Case Moves Forward,* PLANSPONSOR, Nov. 6, 2017, https://www.plansponsor.com/northrop-grumman-excessive-fee-case-moves-

27  

28

1    media attention or difficulties encountered by the Class representatives, that would

2    not preclude the Court from awarding incentive awards. *Grabek*, 2017 WL

3    9614818, at *7 (*citing Razilov v. Nationwide Mut. Ins. Co*., No. 01-1466, 2006 WL

4    3312024, at *4 (D. Or. Nov. 13, 2006)). This factor weighs slightly in favor of

5    granting the incentive awards.

6             **C.    The Amount of Time and Effort Expended by the Class**

7                      **Representatives**

8             "An incentive award is appropriate where the 'class representatives remained

9    fully involved and expended considerable time and energy during the course of the

10   litigation.'" *Grabek*, 2017 WL 9614818, at *7 (*quoting Razilov*, 2006 WL 3312024,

11   at *4).

12           Schlichter, Bogard & Denton asserts that each of the Class representatives

13   has actively participated in this litigation since they came forward to initiate this

14   action. They remained in regular contact with Schlichter, Bogard & Denton

15   throughout the case and provided counsel documents to assist them during their

16   pre-filing investigation. Struckhoff Decl. ¶¶ 13–14. The Class representatives

17   assisted in preparing their declarations in support of class certification, Docs. 83-6 –

18   83-11, sat for depositions, Docs. 121-6 – 121-11, and responded to discovery

19   requests. Struckhoff Decl. ¶ 7. Mr. Marshall attended one of the mediation sessions

20   in Los Angeles, California. *Id.* ¶ 15. Also, the Class representatives were present at

21   trial, became fully informed about the terms of the settlement, and agreed to them

22   on behalf of the Class. *See* Oct. 15, 2019 Tr. at 6:25–9:16.

23           Given their involvement throughout this litigation, the Court finds this factor

24   weighs in favor of incentive awards.

25   _____

26   forward/; Nevin Adams, *Schlichter Wins One, Loses Several in Excessive Fee Suit,*
     NAPA, Aug. 16, 2019, https://www.napa-net.org/news-info/daily-news/schlichter-
27   wins-one-loses-several-excessive-fee-suit; Jaklyn Willie. *Northrop Grumman Gets
     401(k) Class Action Trimmed*, BLOOMBERG LAW, Feb. 16, 2018,
28   https://news.bloomberglaw.com/employee-benefits/northrop-grumman-gets-401-k-
     fee-class-action-trimmed.

**D.     The Duration of the Litigation**

A class representative's participation through "years of litigation" supports an incentive award. *Grabek,* 2017 WL 9614818 (*quoting Van Vranken*, 901 F.Supp. at 299). Because this case has been pending for over three years and the Class representatives were involved throughout the case, the Court finds this factor weighs in favor of incentive awards.

**E.     The Personal Benefit Enjoyed by the Class Representatives as a Result of the Litigation**

An incentive award may be appropriate when a class representative will not gain any benefit beyond that they would receive as an ordinary class member. *Grabek,* 2017 WL 9614818, at *8 (*citing Razilov*, 2006 WL 3312024, at *4, *Van Vranken*, 901 F.Supp. at 299).

Absent an incentive award, the Class representatives in this action will receive no relief beyond that available to Class members. The $25,000 requested incentive award for each of the six Class representatives is only 0.20% of the total settlement fund, and combined are only 1.2%.

District courts within the Ninth Circuit have approved similar incentive awards. *Trujillo v. City of Ontario*, No. 04-1015-VAP, 2009 WL 2632723, at *5 (C.D. Cal. Aug. 24, 2009) ($30,000 each to six class representatives); *Carlin v. DairyAmerica, Inc.*, 380 F.Supp.3d 998, 1026 (E.D. Cal. 2019) ($45,000 each to four current class representatives); *Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-4062, 2017 WL 2423161, at *16 (N.D. Cal. June 5, 2017) ($90,000 each to three class representatives); *Pan v. Qualcomm Inc.*, No. 16-1885, 2017 WL 3252212, at *14 (S.D. Cal. July 31, 2017) ($50,000 each to seven class representatives).

Indeed, this Court approved an incentive award of $25,000 to each class representative in *Grabek*. 2017 WL 9614818, at *8. In other ERISA class action settlements handled by Schlichter, Bogard & Denton, district courts have approved

the same amount or more to each class representative. *Tussey,* 2019 WL 3859763,
at *6; *Clark,* 2019 WL 2579201, at *5; *Kruger,* 2016 WL 6769066, at *6; *Spano,*
2016 WL 3791123, at *4; *Abbott,* 2015 WL 4398475, at *4; *Krueger,* 2015 WL
4246879, at *3; *Beesley,* 2014 WL 375432, at *4; *Nolte,* 2013 WL 12242015, at *4;
*Will,* 2010 WL 4818174, at *4.

### F.    Weighing the Factors

Considering all the relevant factors, the Court concludes that an incentive award of
$25,000 each for Clifton Marshall, Thomas Hall, Manuel Gonzalez, Ricky
Hendrickson, Phillip Brooks and Harold Hylton is reasonable under the
circumstances.

## IV.  OBJECTORS' MOTION FOR ATTORNEYS' FEES

As discussed more fully in its separate order, the Court has found that
Objectors' Alan Carlson, Peter DeLuca, and Robert Stolte have conferred a
substantial benefit on the class by modifying the settlement agreement language to
include a narrowed release and are entitled to attorneys' fees in the amount of
$48,900.  The Court also awards a service award to Objector Stolte in the amount
of $1,500.  The total amount of $50,400 shall be deducted from Plaintiffs' requested
$4,125,000 in attorneys' fees, leaving a total of $4,074,600 in attorneys' fees.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiffs' Motion
for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards to Class
Representatives. It awards Schlichter, Bogard & Denton $4,074,600 in attorneys'
fees and $390,587 in expenses, and each Class representative an incentive award of
$25,000.

**IT IS SO ORDERED.**

DATED: <u>September 18</u>, 2020

André Birotte Jr.
United States District Court Judge