UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:16-cv-06794-AB-JCx | Date: | September 18, 2020 |
|---|---|---|---|

| Title: | *Clifton W. Marshall v. Northrop Grumman Corp., et al.* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING OBJECTORS' MOTION FOR ATTORNEYS' FEES AND SERVICE AWARDS (DKT. NO. 358).

## I. INTRODUCTION

Pending before the Court is Objectors Alan Carlson, Peter DeLuca, and Robert Stolte's Motion for Attorneys' Fees and Service Awards. (Dkt. No. 358.) The Court held a hearing on this matter on August 20, 2020 and took the motion under submission. (Dkt. No. 374).

## II. BACKGROUND

On September 9, 2016, Plaintiff Clifton W. Marshall brought suit against Defendants Northrop Gruman Corporation et al. on behalf of himself and others

similarly situated.  The crux of the litigation involves Defendants alleged breach of fiduciary duties, prohibited transactions, and failure to monitor under the Employee Retirement Income Security Act of 1974 ("ERISA").  (Dkt. No. 132, Second Amended Complaint.)  On October 15, 2019, the parties informed the Court that a settlement had been reached.  (Dkt. No. 312.)

On February 3, 2020, the Court granted the parties' joint motion for preliminary approval of a class settlement.  (Dkt. No. 326.)  The Court set a Fairness Hearing for June 5, 2020 and directed Defendants and their insurers to deposit the proposed settlement amount ($12,375,000.00) into a Settlement Fund.  (*Id*.)

On April 30, 2020, and May 5, 2020, the Court received letters from two class members, Michael Friedlander and John Murray, objecting to the proposed settlement's terms.  (Dkt. Nos. 336, 339.)  On May 5, 2020, the Court received objections (the "Objections") to the proposed settlement agreement from Alan Carlson, Peter DeLuca, and Robert Stolte (collectively "Objectors").  (Dkt. No. 333.)

The Objections were brought in part to protect the present and future interests of class members in a similar class action titled *Carlson v. Northrop Grumman Corp.*, Case No. 13-2635 (N.D. Ill.).  (*Id.* at 1.)  Counsel for the Objectors is also class counsel in *Carlson*.  The Objections asserted that the proposed settlement contained an overbroad release because the release extended to claims beyond those with an identical factual predicate as the claims identified in the operative complaint.  (*Id.*)  The Objections cited case law indicating that settlement agreement language can "preclude a party from bringing a related claim in the future . . . *only* where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action" and that courts routinely reject similarly-styled settlement agreements because they contain overly broad releases.  (*Id.* at 4, 7.)

On May 22, 2020, the parties filed a joint response to the two letters and Objections.  (Dkt. No. 340.)  The parties stated that the release of liability did not extend beyond the factual predicate of the underlying action and that any ambiguity with respect to the scope of the release could be cured by the parties stipulating that all Released Claims are "expressly limited to the facts of the operative complaint in this action and do not extend to the claims asserted in *Carlson*."  (*Id.* at 3.)

On June 5, 2020, the Court held a telephonic status conference in lieu of a Fairness Hearing and asked the parties how it could ensure that any objectors could meaningfully participate in the Fairness Hearing.  (Dkt. No. 346.)  At the status conference, the Court asked Plaintiffs' counsel to (1) provide notice of a rescheduled Fairness Hearing on the settlement notice website and (2) direct notice of the Fairness Hearing to Michael Friedlander and John Murray, as they were unrepresented by counsel.  After receiving assurances from the parties that the Court could conduct a telephonic Fairness Hearing and that class members would receive adequate notice, the Court continued the Fairness Hearing to June 30, 2020.

On June 30, 2020, the Court held the Fairness Hearing and issued a tentative decision denying the motion for final approval, concluding that the proposed settlement agreement included an overbroad release of liability and that a joint stipulation was an insufficient cure.  (Dkt. No. 348.)  The Court issued its order after the hearing, denying without prejudice the joint motion for final approval because of the overbroad release.  (Dkt. No. 349.)

On July 15, 2020, the parties filed a renewed joint motion for final approval of an amended settlement agreement.  (Dkt. No. 353.)  The amended settlement agreement modified three provisions of the original agreement.

First, the Amendment replaced section 2.39, including its subparts, with text that specifically limited "Released Claims" to the facts alleged in the operative complaint:

> Section 2.39.1 specifically limits the scope of Released Claims to those based on the facts alleged in the operative complaint of the Class Action, specifically, that the Defendants (1) distributed the Saving Plan's assets to Defendant Northrop Grumman Corporation as payment for services it provided to the Savings Plan, (2) paid unreasonable recordkeeping fees to the Saving Plan's recordkeeper, and (3) used an active-management strategy for the Savings Plan's Emerging Markets Equity Fund and failed to consider whether to fully convert the Emerging Markets Equity Fund to passive management.

(Dkt. No. 354 at 1.)

Second, new Subsection 2.39.9 specifically excluded the *Carlson* lawsuit from the agreement's release. (*Id.* at 2.)  And lastly, new section 8.4 reiterated the

| CV-90 (12/02) | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk CB |
|---|---|---|

limited scope of the release by specifying that the Released Claims and the releases and covenants not to sue that were limited to claims based on the identical factual predicate of the operative complaint in this lawsuit.  (*Id.*)

On July 27, 2020, Objectors filed a motion for attorneys' fees and a service award.  (Dkt. No. 358.)   The Objectors requested a total of $48,900.00 in attorneys' fees and a $1,500.00 service award for Objector Robert Stolte for initially raising concerns about the agreement.  (Dkt. Nos. 358-5 at 2-4; 372-2 at 2.)   Plaintiffs and Defendants opposed Objectors' motion for attorneys' fees (Dkt. Nos. 365, 366.)   On August 15, 2020, Objectors filed their reply. (Dkt. No. 373.)

On August 20, 2020, the Court held a hearing on the Joint Motion for Final Approval of the Class Action Settlement (Dkt. No. 353), Plaintiffs' Motion for Attorneys' Fees (Dkt. No. 356), and Objectors' Motion for Attorneys' Fees (Dkt. No 374).   After the hearing, the Court took all three motions under submission.

### III.   OBJECTORS' MOTION FOR ATTORNEYS' FEES AND SERVICE AWARD.

Objectors Alan Carlson, Peter DeLuca, and Robert Stolte (collectively "Objectors"), through their counsel Block & Leviton LLP and Robert Joseph Barton, move for attorneys' fees and service awards on the basis that their objections to the original settlement agreement "provided a substantial benefit to the Class."   (Dkt. No. 358 at 6.)   Objectors' counsel argues that he substantially benefitted the class by: (1) researching and determining that the release was impermissibly broad under Ninth Circuit law; (2) filing an objection to the final approval of the settlement; (3) discussing the objection with the parties on multiple occasions; (4) explaining why the release should be narrowly tailored to expressly include "those claims that are based on the identical factual predicate of the operative complaint" so that future causes of action would not be waived inadvertently; and (5) successfully convincing this Court that a stipulation between the parties failed to cure the overbroad release and an amendment was warranted. (*Id.* at 2-4.)

Both Plaintiffs and Defendants oppose this motion.   Plaintiffs argue that Objectors did not increase the settlement fund or produce a substantial monetary benefit to the Class and their motion should be denied. (Dkt. No. 365 at 6-13.)   Defendants state they tried to informally resolve Objectors' concerns but Objectors "implicitly rejected" these efforts and should not be allowed to recover for pursuing formal objections with the Court.   (Dkt. No. 366 at 1.)   Defendants

further assert that Objectors' counsel did not substantially benefit the class but instead primarily sought to protect his litigation interests in the *Carlson* matter. (*Id.*)

"Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation." *Rodriguez v. Disner (Rodriguez II),* 688 F.3d 645, 658 (9th Cir. 2012). In order to receive an award of attorneys' fees, objectors must show that they increased the fund or otherwise "substantially enhanced the benefits to the class" under the settlement. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). Typically, to be entitled to attorneys' fees, objectors must "add new legal argument or expertise" and "participate constructively in the litigation." *Rodriguez II*, 688 F.3d at 659.

In reviewing other district courts, this Court finds that there are multiple instances where courts have awarded attorneys' fees to an objector who raises concerns about an overbroad release of claims:

In *In re Sony PS3 "Other OS" Litigation*, the court noted that the modified settlement agreement—which had been amended due to an objector's concerns—"eliminated unfair terms such as the release" and "provided some material benefit to the class." Case No. 10-cv-01811-YGR, 2018 WL 2763337 (N.D. Cal. June 8, 2018). It awarded fees to counsel for hours spent on work that benefitted the class. *Id.* at *3 (noting that "[w]hile all the improvements to the settlement agreement are not attributable entirely to the objections raised, the Court finds that Objector Lindberg's contribution provided some material benefit to the class.")

The court in *Hendricks v. Starkist Co.* awarded objectors' attorneys' fees where objectors: (1) briefed and argued an issue involving the release that both plaintiffs and defendants had overlooked; (2) brought the issue to the court's attention and potentially avoided legal challenges due to an overbroad release; and (3) ensured that the final agreement's release was narrowly tailored to encompass only the claims at issue, preserving potential future causes of action. Case No. 13-cv-00729-HSG, 2016 WL 5462423 at *15 (N.D. Cal. Sept. 29, 2016.) The court found that these actions had "substantially enhanced the benefits to the class." *Id.* Notably, the modification achieved by objectors' counsel amounted to a five-word addition limiting the release to legal claims "arising from the factual allegations." *Id.* at *3.

And in *Kurihara v. Best Buy Co.,* the court found that an objector conferred a substantial benefit on the class by clarifying the scope of the release to ensure that

only specific claims were released and that others were protected from release; the court awarded fees to the objector.   Case No. C-06-1884-MHP (ECM), 2010 WL 11575583 at *3 (N.D. Cal. June 7, 2010).

   These cases highlight that objector(s) need not confer a specific monetary benefit on the class to recover attorneys' fees.   Substantial benefits can include nonmonetary contributions.   Here, like in *Kurihara, Hendricks*, and *In re Sony PS3*, Objectors challenged and ultimately narrowed the scope of the release:   The amended agreement clarified one provision and added two new provisions to explicitly define the limits of the release.   (*See generally* Dkt. No. 354.)

   Objectors' counsel "add[ed] new legal argument or expertise" and "participate[d] constructively in the litigation" by filing the objection and in dialoguing with the parties about the merits of the objection.   *Rodriguez II*, 688 F.3d at 659.   And Objectors highlighted and briefed problematic language that could have rendered the agreement subject to appeal and reversal. (Dkt. Nos. 358, 372, (citing *Hendricks v. Starkist,* No. 13-CV-00729, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016); *Kurihara v. Best Buy Co.,* No. C-06-1884, 2010 WL 11575583 (N.D. Cal. June 7, 2010); *In re Sony PS3 "Other OS" Litigation,* No. 10-CV-01811, 2018 WL 2763337 (N.D. Cal. June 8, 2018)).)

   Ultimately, this Court agreed with Objectors that the scope of the release should be narrowed and denied approval of the settlement agreement accordingly.   (Dkt. No. 348.)   Thus, the Court finds that Objectors conferred a substantial benefit to the class of 165,000 individuals.

## IV.   REASONABLE ATTORNEYS' FEES AND COSTS.

   Objectors' seek attorneys' fee awards of $48,900.00 which includes $16,231.00 for time spent bringing the instant motion for fees.   (Dkt. No. 372 at 13.) Objectors also request a service fee of $1,500.00 for Objector Stolte who initially reached out to counsel about the settlement agreement language.   (Dkt. No. 358-1 at 10.)   The Court finds that the time records provide sufficient information from which it can assess the reasonableness of the request.

   Objectors have provided declarations and timesheets that illustrate the scope of the litigation work performed, including reviewing and proposing new language for the settlement agreement, communicating with the parties' counsel, preparing for and presenting well-reasoned arguments for why the settlement should not be approved, ultimately achieving their desired amendments, and moving for fees

based on their substantial contribution to the overall settlement agreement. (Dkt. Nos. 358-5 at 2-4; 372-2 at 2.) The Court is satisfied that 84.8 hours spent was reasonable given the quality of work and results achieved. The hourly rates are within the range of prevailing rates within the community and multiple other courts have approved these rates. (*See, e.g.,* Dkt. No. 371-1, Exhs. 2, 3.)

Because the Court finds that Objectors provided a substantial benefit and the amount requested is reasonable, the Court **ORDERS** the lodestar of $48,900.00 be deducted directly from class counsel's fee award of $4,125,000.00. This is both appropriate and justified because had the class counsel cured the overbroad release, Objectors' involvement would have been unnecessary. There is no reason that this fee award should reduce the amount that would otherwise go to class members. The Court further finds no reason why it should deny Objectors' counsel recovery for the fees motion. Such a denial would disincentivize objectors from filing objections to legally deficient settlement agreements on the sole basis that they would then be precluded from recovering their fees.

Lastly, the Court **GRANTS** Objector Stolte a modest service or incentive award of $1,500.00. Had he not consulted with counsel about the appropriateness of the *Marshall* settlement agreement, the parties may have never modified the problematic language of the settlement agreement. And, as discussed above, narrowing the released conferred a substantial benefit on 165,000 class members. As Objectors point out in their reply, this amount is particularly appropriate in light of the $25,000 service awards sought for each of the named plaintiffs. (Dkt. No. 358-1 at 11.) Accordingly, Court reduces class counsel's requested fee award from $4,125,000.00 to $4,074,600.00. (Dkt. No. 356.)

For the foregoing reasons, the Court **GRANTS** the Objectors' Motion for Attorneys' Fees and Service Award (Dkt. No. 358), awarding $48,900.00 in fees to Block & Leviton LLP and a $1,500.00 service award to Objector Stolte to be paid from class counsel's fee award.

    **IT IS SO ORDERED**.